THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>　　　　　　Defendants. | No. 2:20-cv-00669-RSL<br><br>U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER RULE 12(b)(6)<br><br>NOTE ON MOTION CALENDAR: OCTOBER 2, 2020<br><br>ORAL ARGUMENT REQUESTED |

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL)
149145972.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................ 1
II. FACTUAL BACKGROUND ............................................................................... 2
   A. The Trusts ................................................................................................. 2
   B. The Present Dispute ................................................................................. 3
III. STANDARD OF REVIEW ................................................................................. 4
IV. LEGAL ARGUMENT ......................................................................................... 5
   A. U.S. Bank Joins the Motion to Dismiss Filed by All Defendants ........... 5
   B. Brown Does Not Assert a Substantive Cause of Action Against U.S. Bank ......... 5
   C. Brown's Claims Must be Dismissed for Failure to Allege an Actual Controversy ................................................................................................ 6
   D. Bankruptcy Rule 7001(9) Does Not Provide this Court a Basis for Issuing a Declaratory Judgment ........................................................................... 8
V. CONCLUSION .................................................................................................... 9

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – i
149145972.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)...................................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)...................................................................................................4

*Bhandari v. Capital One, N.A.*,
　No. 12–04533 PSG, 2013 WL 1736789 (N.D. Cal. Apr. 22, 2013).........................6

*City of W. Sacramento, Cal. v. R & L Bus. Mgmt.*,
　No. 2:18-cv-900 WBS EFB, 2019 WL 2249630 (E.D. Cal. May 23, 2019)............6

*Findley v. Am. Home Mortg. Corp.*,
　No. S–10–2885 FCD–KJN, 2010 WL 5169046 (E.D. Cal. Dec. 14, 2010).............4

*Hummel v. Nw. Tr. Servs., Inc.*,
　180 F. Supp. 3d 798 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142
　(9th Cir. 2018)........................................................................................................5, 6

*In re Dragnea*,
　609 B.R. 239 (Bankr. E.D. Cal. 2019).....................................................................8

*In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*,
　300 F. Supp. 3d 328 (D.P.R. 2018), *aff'd*, 919 F.3d 638 (1st Cir. 2019)................7

*In re GGW Brands, LLC*,
　No. 2:13–ap–01552–SK, 2013 WL 6906375 (Bankr. C.D. Cal. Nov. 15, 2013)....8

*In re Gruntz*,
　202 F.3d 1074 (9th Cir. 2000)..................................................................................8

*In re Mansaray-Ruffin*,
　530 F.3d 230 (3d Cir. 2008).....................................................................................8

*In re Murray Indus., Inc.*,
　122 B.R. 135 (Bankr. M.D. Fla. 1990)....................................................................8

*In re Old Carco LLC*,
　530 B.R. 614 (Bankr. S.D.N.Y. 2015).....................................................................7

*Knievel v. ESPN*,
　393 F.3d 1068 (9th Cir. 2005)..................................................................................5

*Marder v. Lopez*,
　450 F.3d 445 (9th Cir. 2005)....................................................................................5

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – ii
149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
(continued)

**Page**

*Portland Police Ass'n v. City of Portland, By & Through Bureau of Police*,
  658 F.2d 1272 (9th Cir. 1981) ................................................................................6

*Santos v. Countrywide Home Loans*,
  No. CIV 2:09-02642 WBS DAD, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009) ......6

*Schasa v. AmTrust Bank*,
  No. CV 11–01108–RGK, 2011 WL 13220099 (C.D. Cal. Aug. 2, 2011) ............5, 7

*Sears, Roebuck & Co. v. O'Brien*,
  178 F.3d 962 (8th Cir. 1999) ..................................................................................8

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ..........................................................................4, 5, 7

*Union Pac. R.R. Co. v. Sacks*,
  309 F. Supp. 3d 908 (W.D. Wash. 2018) ...............................................................7

*Union Station Assocs. LLC v. Puget Sound Energy, Inc.*,
  238 F. Supp. 2d 1226 (W.D. Wash. 2002) .............................................................6

*United States v. Braren*,
  338 F.3d 971 (9th Cir. 2003) ..................................................................................6

*Veridian Credit Union v. Eddie Bauer*,
  LLC, 295 F. Supp. 3d 1140 (W.D. Wash. 2017) ....................................................6

**STATUTES**

11 U.S.C. § 524(a) .............................................................................................................4

28 U.S.C. § 2201 ...........................................................................................................5, 6

**RULES**

Fed. R. Bankr. P. 7001 ..................................................................................................5, 8

Fed. R. Bankr. P. 7001(9) .................................................................................................8

Fed. R. Civ. P. 12(b)(6) .....................................................................................................1

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – iii

149145972.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss Plaintiff's Amended Complaint (Dkt. # 56). U.S. Bank also joins in the Defendants' Joint Motion to Dismiss pursuant to the stipulation entered on June 29, 2020. *See* Dkt. # 58.

## I.   INTRODUCTION

Plaintiff Osure Brown took out ten student loans and then defaulted by not paying the amounts owed. The owners of those loans, several National Collegiate Student Loan Trusts (the "Trusts"), through its Special Subservicer Transworld Systems, Inc. ("TSI") and the law firm Patenaude & Felix ("Patenaude"), attempted to collect on the loans and eventually sued Brown in state court. The state court collection litigation was dismissed because the state court struck an affidavit on hearsay grounds. Brown now brings claims against the Trusts, TSI, Patenaude, and U.S. Bank—the Successor Special Servicer for the Trusts—stemming from these collection attempts. He alleges that one or more of the Defendants attempted to collect on the loans after the loans had allegedly been discharged in his 2012 Chapter 13 bankruptcy case.

In his original complaint, Brown asserted claims for violation of the Fair Debt Collection Practices Act against TSI and Patenaude only, claims for violation of the Washington Consumer Protection Act ("CPA") against all Defendants, and claims for declaratory and injunctive relief against all Defendants. Rather than oppose Defendants' respective motions to dismiss, Brown filed an Amended Complaint in an attempt to resolve the apparent deficiencies of the original. Yet, Brown's Amended Complaint makes the deficiencies in his claims against U.S. Bank even more apparent. The Amended Complaint drops the CPA claims, and adds a claim against all Defendants for a declaratory judgment (Count II) that Brown's loans were discharged in bankruptcy and should be declared uncollectable based on the result of the state court collections litigation. Thus, the only claim remaining against U.S. Bank is for declaratory relief under Count II. Putting aside the fact that Brown's loans were not discharged in his bankruptcy proceeding and his claims are entirely baseless, his failure to assert a substantive claim against U.S. Bank dooms his declaratory

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 1
149145972.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

judgment claim. For the reasons set forth below and in Defendants' Joint Brief in Support of their Motions to Dismiss, Brown's claims against U.S. Bank must be dismissed.

## II. FACTUAL BACKGROUND

### A. The Trusts

Each of the Trusts is a Delaware Statutory Trust formed for the sole purpose of acquiring student loans and issuing debt securities through Indentures. As Delaware Statutory Trusts, the Trusts have no officers or directors and act exclusively through limited agents, such as an Owner Trustee, or contractors with specific duties, as set forth in a series of agreements.

Servicers collect amounts due on the loans on behalf of the Trusts. For special servicing (*i.e.*, delinquent and default loan servicing), the Trusts' Owner Trustee, acting on behalf of the Trusts, entered into a Special Servicing Agreement with First Marblehead Education Resources, Inc. ("FMER") to act as Special Servicer. *See* Ex. A, Special Servicing Agreement ("SSA") § 2.A. The Special Servicing Agreement appointed U.S. Bank as the Back-Up Special Servicer to automatically assume the role of Successor Special Servicer in the event FMER was unable to perform or resigned. *Id*. § 8.A. But unlike FMER, U.S. Bank as Successor Special Servicer is *expressly* prohibited from directly undertaking special servicing activities and has no duty to monitor or supervise such activities. *See Id*. § 8.A ("[N]othing in this Agreement shall be construed to require or permit the Back-Up Special Servicer (in its capacity as Special Servicer or otherwise) to undertake direct collection or enforcement activities …." (emphasis added); *Id*. § 8.D (U.S. Bank is not required to "supervise or monitor the performance" of Servicers or Subservicers and "shall have no liability for the acts or omissions of any such Servicer or Subservicer"). Because of this prohibition, FMER simultaneously retained TSI's predecessor-in-interest, NCO Financial Systems Inc. ("NCO"), as Special Subservicer to manage the delinquent and default loan servicing on behalf of the Trusts in the event U.S. Bank became Successor Special Servicer. *See* Ex. B, TSI Agreement. The TSI Agreement expressly provides that TSI will act as an "independent contractor[]" *for the Trusts*. Ex. B, TSI Agreement § 11.4; *see also* Ex. A, SSA § 2.B(i) (directing

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 2
149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

the Special Servicer to "retain[] and enter[] into agreements with licensed collection agencies and other legally authorized persons (the 'Subservicers') ... pursuant to which the Subservicers, *for and on behalf of the applicable Trust*, will contact borrowers ...." (emphasis added); *see also, e.g. id.*, § 2.B(viii) (providing that the Special Servicer will "refer the loan for collection by a Subservicer *on behalf of such Trust*" (emphasis added)). The TSI Agreement was attached as an exhibit and incorporated by reference into the Special Servicing Agreement and consented to by the Trusts through the Owner Trustee. *See* Ex. A, SSA § 8.G (requiring that U.S. Bank, as Backup Special Servicer, "shall at all times maintain in full force (i) the NCO [TSI] Agreement, and the engagement of NCO [TSI] thereunder as Subservicer ....").

When FMER resigned in 2012, U.S. Bank automatically became the Successor Special Servicer and NCO's role as Special Subservicer became operative. Because U.S. Bank is expressly prohibited from undertaking special servicing activities and because it has no duty to monitor or supervise subservicers, U.S. Bank engaged Turnstile Capital Management, LLC ("TCM") as an independent contractor to perform certain responsibilities with respect to special servicing on behalf of the Trusts. In 2014, NCO was succeeded by TSI to manage delinquent and default loan servicing for the Trusts. *See* Dkt. # 56 at ¶ 36 (acknowledging that TSI became the "successor in interest to NCO").

**B.     The Present Dispute**

The Amended Complaint is inconsistent as to which injunctive and declaratory relief counts are actually asserted against U.S. Bank. The heading of "Count II" seeks "Declaratory and Injunctive Relief" against "all defendants" yet only requests a declaratory judgment that "Defendants are estopped from claiming the right to collect the debts from the Plaintiff and the FDCPA class by the judgment entered in favor of the Plaintiff in the prior actions filed against him described in ¶ [stet] that the Defendants seek to collect are discharged and may not be collected." (Dkt. # 56 at ¶ 144). Brown ostensibly seeks: (1) a declaration that the dismissal of the collection

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 3
149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

lawsuits against him collaterally estops further collection attempts, and (2) a declaration that the loans were discharged in bankruptcy. There is nothing in Count II that seeks injunctive relief. *Id.*

As to Counts III and IV, the headings state that Brown asserts these claims "against all defendants," but he then clarifies such claims are "against the Defendant Trusts only." (Dkt. #56 at ¶ 145). Count III alleges that the Trusts "attempted to collect on discharged debts … in violation of 11 U.S.C. § 524(a)." Count IV seeks a declaration that "the debts that the Defendants seek to collect are discharged and may not be collected" and that "Defendants must return any amounts they have collected for debts that were discharged." He also seeks "injunctive relief to enjoin all collection efforts against Plaintiff."

The only claims left against U.S. Bank are therefore for declaratory relief. But such relief requires an underlying substantive cause of action. Because Brown does not allege a substantive cause of action against U.S. Bank, the complaint must be dismissed as to U.S. Bank. Brown's attempt to use a Bankruptcy court rule as a basis for awarding a declaratory judgment here is also unavailing—this is not an adversary proceeding in Bankruptcy court, and the Bankruptcy rule does not create a substantive cause of action. And, in any event, Brown fails to allege an "actual controversy" necessary for his declaratory relief claims to proceed.

### III.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[N]aked assertions devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and brackets omitted). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). And, where there are multiple defendants, "it is not enough for the complaint to make general allegations … without providing more specificity as to the claims against each defendant." *Findley v. Am.*

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 4
149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Home Mortg. Corp.*, No. S–10–2885 FCD–KJN, 2010 WL 5169046, at *3 (E.D. Cal. Dec. 14, 2010).

Additionally, on a motion to dismiss, the court may consider a document not attached to the complaint where the "claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). And the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell*, 266 F.3d at 988; *see also Schasa v. AmTrust Bank*, No. CV 11–01108–RGK (PLAx), 2011 WL 13220099, at *2 (C.D. Cal. Aug. 2, 2011) ("[A] written instrument that contradicts Plaintiff's allegations generally trumps the allegations"); *Marder v. Lopez*, 450 F.3d 445, 453 (9th Cir. 2005) (affirming dismissal where the plaintiff's "proposed interpretation of [a] Release [agreement] is inconsistent with its terms").

## IV.   LEGAL ARGUMENT

### A.   U.S. Bank Joins the Motion to Dismiss Filed by All Defendants

U.S. Bank incorporates by reference all arguments made in the Joint Memorandum in Support of Defendants' Motions to Dismiss. In addition to the grounds for dismissal set forth therein, the Court should dismiss this action as to U.S. Bank because Brown does not allege a substantive claim against it, there is no actual controversy between Brown and U.S. Bank, Brown fails to state a claim for declaratory relief, and Bankruptcy Rule 7001 does not create an independent cause of action.

### B.   Brown Does Not Assert a Substantive Cause of Action Against U.S. Bank

Brown seeks a declaratory judgment against U.S. Bank pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. But "[i]t is well established that the Declaratory Judgment Act does not create an independent cause of action." *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 810 (W.D. Wash. 2016) (internal quotation marks omitted), *aff'd*, 740 F. App'x 142 (9th Cir.

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 5

149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2018). The Act instead simply creates a "remedy," and a request for such a remedy cannot survive "absent a viable underlying claim." *City of W. Sacramento, Cal. v. R & L Bus. Mgmt.*, No. 2:18-cv-900 WBS EFB, 2019 WL 2249630, at *4 (E.D. Cal. May 23, 2019); *see also Union Station Assocs. LLC v. Puget Sound Energy, Inc.*, 238 F. Supp. 2d 1226, 1230 (W.D. Wash. 2002) (explaining that a claim for declaratory relief under the Declaratory Judgment Act cannot "stand in the absence of a substantive cause of action"); *Bhandari v. Capital One, N.A.*, No. 12–04533 PSG, 2013 WL 1736789, at *9 (N.D. Cal. Apr. 22, 2013) ("Declaratory relief is a remedy that must be tied to another claim."); *Hummel*, 180 F. Supp. 3d at 810 ("[I]n the absence of a substantive cause of action, the Court cannot grant declaratory relief.").

To the extent Brown seeks injunctive relief against U.S. Bank—despite the amended complaint lacking such allegations—the same principles would apply. *See Veridian Credit Union v. Eddie Bauer*, LLC, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017) ("[A] permanent injunction is a form of relief that the court may grant when a plaintiff succeeds on a substantive cause of action that lends itself to this remedy"—it is not a "separate legal cause[] of action"); *Santos v. Countrywide Home Loans*, No. CIV 2:09-02642 WBS DAD, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief.").

Brown does not assert a substantive cause of action against U.S. Bank, so he cannot request declaratory and injunctive relief against it. Accordingly, all claims against U.S. Bank must be dismissed.

C.     **Brown's Claims Must be Dismissed for Failure to Allege an Actual Controversy**

To obtain declaratory relief, the plaintiff must allege "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003). Plaintiff must allege that they are "threatened by injury that is both real and immediate, and not conjectural or hypothetical." *Portland Police Ass'n v. City*

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
 (No. 2:20-cv-00669-RSL) – 6
149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*of Portland, By & Through Bureau of Police*, 658 F.2d 1272, 1273 (9th Cir. 1981) (internal quotation marks and parentheses omitted).

Brown requests a declaration that Defendants cannot collect on his loans. For all the reasons stated in the Defendants' Joint Brief, there is no actual controversy between Brown and the Defendants. As to U.S. Bank individually, his complaint is devoid of any allegation that U.S. Bank has *ever* attempted or threatened to directly collect on his loans, whether through letters or any other means. And he makes no allegations that U.S. Bank intends to collect on the loans in the future.

Nor can he—there is no pending or threatened collection activity or litigation and, thus, no controversy between Brown and U.S. Bank. Indeed, the SSA forbids such conduct; it states "nothing in this Agreement shall be construed to require *or permit* [U.S. Bank] to undertake direct collection or enforcement activities." § 8.A (emphasis added). Any conclusory statements about U.S. Bank related to collections activity directly contradict the express language of the SSA and TSI Agreements and must therefore be ignored. *Sprewell*, 266 F.3d at 988 (the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit"); *Schasa*, 2011 WL 13220099, at *2 ("[A] written instrument that contradicts Plaintiff's allegations generally trumps the allegations"). Further, because U.S. Bank does not and cannot engage in direct collections activity for the Trusts pursuant to the SSA, it will not undertake such collections against Brown in the future. Thus, Brown has failed to allege the immediacy and reality of potential injury caused by any hypothetical collection attempts by U.S. Bank. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico,* 300 F. Supp. 3d 328, 338–39 (D.P.R. 2018), *aff'd*, 919 F.3d 638 (1st Cir. 2019) (holding allegations failed to state a controversy because they could not result in "relief to resolve any current concrete dispute"); *Union Pac. R.R. Co. v. Sacks*, 309 F. Supp. 3d 908, 918 (W.D. Wash. 2018) (dismissing a complaint seeking a declaratory judgment at the pleading stage because "Plaintiff has failed to show that there is an existing substantial controversy" and defendant stated it would take no further action); *In re Old Carco LLC,* 530 B.R. 614, 620–21

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
 (No. 2:20-cv-00669-RSL) – 7
149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(Bankr. S.D.N.Y. 2015) (dismissing a complaint where the alleged dispute was "neither immediate nor real" because the relevant party had "not asserted or threatened to assert a claim … and [was] is not likely ever to do so."); *In re Murray Indus., Inc.,* 122 B.R. 135, 137 (Bankr. M.D. Fla. 1990) (dismissing an action seeking declaratory judgment where allegations were "hypothetical and speculative"). Brown's claims for declaratory relief must therefore be dismissed for failure to allege an actual, existing controversy between the parties.

### D.     Bankruptcy Rule 7001(9) Does Not Provide this Court a Basis for Issuing a Declaratory Judgment

Brown also seeks a declaratory judgment "pursuant to Fed. R. Bankr. P. 7001(9)," which states "an adversary proceeding is governed by the rules of this Part" and defines an adversary proceeding as "a proceeding to obtain a declaratory judgment relating to any of the foregoing." The "foregoing" provisions include eight categories of proceedings, none of which Plaintiff alleges are applicable here. *See* Fed. R. Bankr. P. 7001. Regardless, Bankruptcy Rule 7001 does not create a distinct cause of action; nor is it a grounds for substantive relief. Instead, it merely defines what constitutes an adversary proceeding in a case filed under the bankruptcy code. *See In re Mansaray-Ruffin,* 530 F.3d 230, 234 (3d Cir. 2008) (defining adversary proceedings under Bankruptcy Rule 7001 as "self-contained trials" brought "*within the original bankruptcy case*") (emphasis added); *In re Gruntz,* 202 F.3d 1074, 1086 (9th Cir. 2000) (describing an adversary proceeding as a bankruptcy matter); *In re GGW Brands, LLC*, No. 2:13–ap–01552–SK, 2013 WL 6906375, at *16 (Bankr. C.D. Cal. Nov. 15, 2013) (stating "In the context of a bankruptcy proceeding, adversary proceedings are considered part of a bankruptcy case"). This case cannot constitute an "adversary proceeding" because it is not filed under the bankruptcy code. Furthermore, adversary proceedings in bankruptcy court also rely upon the declaratory judgment act—not Bankruptcy Rule 7001—as the basis for a remedy to a substantive claim. *See In re Dragnea*, 609 B.R. 239, 258 (Bankr. E.D. Cal. 2019) (citing *Sears, Roebuck & Co. v. O'Brien*, 178 F.3d 962, 964 (8th Cir. 1999)). And, as set forth above, Brown's claim for a declaratory judgment against U.S. Bank must be dismissed.

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 8
149145972.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# V.  CONCLUSION

For the reasons stated above and in Defendants' Joint Brief, there is no actual controversy or substantive cause of action as to U.S. Bank and thus no basis for a declaratory judgment. All claims against U.S. Bank must therefore be dismissed.

PERKINS COIE LLP

By: s/ *Kristine E. Kruger*
By: s/ *Thomas N. Abbott*
Kristine E. Kruger, WSBA No. 44612
Thomas N. Abbott #53024
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Email: KKruger@perkinscoie.com
         TAbbott@perkinscoie.com

JONES DAY

By: s/ *Albert J. Rota*
Albert J. Rota, *Pro Hac Vice*
2727 North Harwood St.
Dallas, TX 75201
Telephone: 214.969.3698
ajrota@jonesday.com

*Attorneys for U.S. Bank National Association*

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 9

149145972.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2020, a copy of the foregoing Motion to Dismiss Plaintiff's Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: August 6, 2020

By s/ Kate Johnson
Kate Johnson, Legal Practice Assistant

U.S. BANK'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS COMPLAINT
(No. 2:20-cv-00669-RSL) – 10

149145972.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000