THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>Defendants. | No. 2:20-cv-00669-RSL<br><br>DEFENDANTS NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br><br>Friday, October 2, 2020<br><br>ORAL ARGUMENT REQUESTED |

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 1

148992019.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................. 1
II. FACTUAL BACKGROUND ............................................................................... 2
III. ARGUMENT ........................................................................................................ 3
   A. Legal Standard .......................................................................................... 3
   B. The Trusts Join in the Omnibus Motion to Dismiss Jointly Filed by All Defendants ................................................................................................ 4
   C. The Compulsory Counterclaim Rule Bars Each Claim Asserted Against the Trusts ................................................................................................... 5
      1. Legal Standard .............................................................................. 5
      2. The Student Loans, Debt Collection, and State Actions are Logically Related ......................................................................... 5
      3. Brown's Claims Matured Before He Filed the Answers .............. 7
   D. Brown's Claims for Declaratory and Injunctive Relief Fail as a Matter of Law ........................................................................................................... 8
      1. Brown Does Not Assert a Substantive Claim for Which the Remedy of Declaratory or Injunctive Relief is Warranted ........... 9
      2. Bankruptcy Rule 7001(9) Does Not Save Brown's Claims.......... 9
   E. Further Leave to Amend Should be Denied ........................................... 10
IV. CONCLUSION ................................................................................................... 11

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................4

*Atlas Supply, Inc. v. Realm, Inc.*,
   170 Wash. App. 234, 287 P.3d 606 (2012) .............................................................................5

*Barrientos v. Wells Fargo Bank, N.A.*,
   633 F.3d 1186 (9th Cir. 2011) ...............................................................................................10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................4

*Bisson v. Bank of Am., N.A.*,
   919 F. Supp. 2d 1130 (W.D. Wash. 2013) ..............................................................................9

*Chew v. Lord*,
   143 Wash. App. 807, 181 P.3d 25 (2008) ......................................................................5, 7, 8

*Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Tr.*,
   No. CV 17-1323 (MN), 2020 WL 2915759 (D. Del. May 31, 2020) .....................................8

*DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*,
   No. C14-5880JLR, 2015 WL 3797162 (W.D. Wash. June 17, 2015) ...................................11

*Gilchrist v. First Nat'l Bank of Omaha*,
   No. C17-5104 MJP, 2018 WL 317267 (W.D. Wash. Jan. 8, 2018), *appeal
   dismissed*, No. 18-35103, 2018 WL 2176083 (9th Cir. Apr. 9, 2018) ...........................6, 7, 11

*Gupta v. Thai Airways Int'l, Ltd.*,
   487 F.3d 759 (9th Cir. 2007) ...................................................................................................5

*Hummel v. Nw. Tr. Servs., Inc.*,
   180 F. Supp. 3d 798 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142
   (9th Cir. 2018) .........................................................................................................................9

*In re Adelphia Commc'ns Corp.*,
   307 B.R. 432 (Bankr. S.D.N.Y. 2004) ..................................................................................10

*Johnson v. Buckley*,
   356 F.3d 1067 (9th Cir. 2004) ...............................................................................................10

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Kwan v. SanMedica Int'l*,
    854 F.3d 1088 (9th Cir. 2017) ............................................................................................. 3

*Lane v. Skamania Cty.*,
    164 Wash. App. 490, 265 P.3d 156 (2011) .......................................................................... 8

*Moore v. New York Cotton Exch.*,
    270 U.S. 593 (1926) ............................................................................................................. 6

*Nunes v. Ashcroft*,
    348 F.3d 815 (9th Cir.2003) .............................................................................................. 10

*Pochiro v. Prudential Ins. Co. of Am.*,
    827 F.2d 1246 (9th Cir. 1987) ............................................................................................. 5

*Puget Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*,
    No. C12-276 RAJ, 2014 WL 1350788 (W.D. Wash. Apr. 3, 2014) .................................... 5

*Rosenthal v. Fowler*,
    12 F.R.D. 388 (S.D.N.Y. 1952) ........................................................................................... 6

*Schoeman v. New York Life Ins. Co.*,
    106 Wash. 2d 855, 726 P.2d 1 (1986) .............................................................................. 5, 6

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ............................................................................................. 4

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260 (2010) ........................................................................................................... 10

*Veridian Credit Union v. Eddie Bauer, LLC*,
    295 F. Supp. 3d 1140 (W.D. Wash. 2017) ........................................................................... 9

**STATUTES**

11 U.S.C. § 524(a) ............................................................................................................ 1, 3, 9

28 U.S.C. § 2201 .................................................................................................................. 8, 9

**RULES**

Fed. R. Bankr. P. 7001 ............................................................................................ 2, 8, 9, 10

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 3

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 (collectively, the "Trusts") respectfully move to dismiss the Amended Complaint filed by Plaintiff Osure Brown ("Plaintiff" or "Brown") with prejudice and without leave to amend.

## I.   INTRODUCTION

Brown's claims against the Trusts fail because they are barred by the compulsory counterclaim rule. In April 2019, the Trust defendants filed collections lawsuits against Brown in Washington state court. The basis for Brown's claims against the Trusts in this action existed at the time Brown filed his Answer to each of the Trusts' complaints in the state court actions. In fact, Brown's affirmative defenses in the state actions relied on the same legal and factual theories that form the basis of his claims here. Moreover, there is a logical relationship between (1) each student loan, (2) the Trusts' debt collection letters to Brown, (3) the Trusts' state actions against Brown based on the student loan debt, and (4) Brown suing the Trusts here for declaratory and injunctive relief, and violation of the discharge injunction under 11 U.S.C. § 524(a)(2). Simply put, each claim against the Trusts here is a compulsory counterclaim that should have been asserted in the state actions. Brown's failure to assert his claims there bars this action against the Trusts now.

Even if Brown's claims were not barred by the compulsory counterclaim rule, they fail as a matter of law. Brown's purported claims for declaratory and injunctive relief fail because, as

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 1
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

noted in the joint motion to dismiss, there is no real and imminent injury alleged in the Amended Complaint. To the contrary, the Amended Complaint is based solely on past events. Brown alleges no new collection letters or legal actions by the Trusts. As such, his claims for declaratory and injunctive relief fail as a matter of law. In addition, Brown's reliance on Fed. R. Bankr. P. 7001 is unavailing because, as explained below, Rule 7001 does not confer substantive rights. Relatedly, Brown cannot state an independent claim for declaratory or injunctive relief as these are remedies and not substantive rights. Brown's claim that the Trusts violated the bankruptcy discharge injunction also fails, for the reasons set forth in the joint motion to dismiss filed by all defendants and in which the Trusts join.

Accordingly, the Trusts move for dismissal with prejudice and without further leave to amend as to the entire Amended Complaint.

## II.     FACTUAL BACKGROUND

Between 2003 and 2007, Brown took out ten guaranteed student loans (the "Student Loans"). (Dkt. # 1-2 at pp. 18-20 ¶¶ 5, 70-77; Dkt. # 56 at pp. 22-23 ¶¶ 75, 80-83.) Brown filed for bankruptcy on November 29, 2012. (Dkt. # 1-2 at p. 13 ¶ 45; Dkt. # 56 at p. 15 ¶ 48.) On February 15, 2013, Brown filed his amended chapter 13 plan representing to the bankruptcy court that "[a]fter month 36, all available plan payments … shall be distributed to *the non-dischargeable student loan creditors* only, ECMC, American Educational Services, *National Collegiate Trust*…". (Dkt. # 1-2 at p. 14 ¶ 47, emphasis added; *see also* Dkt. # 56 at p. 16 ¶ 50, emphasis added.)

Beginning in October 2018, debt collection efforts began with a series of written notices to Brown regarding the amounts owed. (Dkt. # 1-2 at p. 15 ¶ 53; Dkt. # 56 at p. 17 ¶ 56.) In a further attempt to resolve the defaulted Student Loans, in January 2019, Brown received a series of

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 2
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

settlement offers for each loan whereby the Trusts would "discount a considerable portion of the obligation[s]." (Dkt. # 1-2 at p. 15 ¶ 55; Dkt. # 56 at p. 18 ¶ 58.) Brown failed to cure his default and the Trusts filed a complaint in King County Superior Court (collectively, the "State Actions") relating to each of the Student Loans on April 5, 2019. (Dkt. # 1-2 at p. 15 ¶ 56; Dkt. # 56 at p. 18 ¶ 59.) Brown appeared in each State Action. (Dkt. # 1-2 at p. 16 ¶ 58; Dkt. # 56 at p. 19 ¶ 61.)

By August 15, 2019, Brown filed an Answer in each of the State Actions. (*See* Dkt. # 53, Ex. A-J.) He alleged as an affirmative defense, *inter alia*, that the Student Loans were discharged in his bankruptcy on December 29, 2017. (*See* Dkt. # 53, Ex. A-J at 2 ¶ 1.) Brown further alleged, *inter alia*, that the Trusts were barred from relief by the doctrine of unclean hands, the Trusts lacked standing to enforce the Student Loans, and the Student Loans were void and unenforceable based on unconscionability. (*See* Dkt. # 53, Ex. A-J at 2 ¶ 2, 3 ¶¶ 4, 9.)

In his Amended Complaint,[1] Brown now asserts claims against the Trusts for (1) declaratory and injunctive relief; and (2) violation of the discharge injunction under 11 U.S.C. § 524(a)(2). (Dkt. # 56 at pp. 34-36 ¶¶ 141-155.)

### III.   ARGUMENT

**A.   Legal Standard**

Dismissal under Rule 12(b)(6) is required when the plaintiff either lacks a "cognizable legal theory" or fails to present sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). In assessing whether the complaint "present[s] sufficient facts to support a cognizable legal theory," the Court uses the pleading

---

[1] In his initial complaint, Brown asserted claims against the Trusts for: (1) violation of the Washington Consumer Protection Act; (2) declaratory and injunctive relief; and (3) violation of the discharge injunction under 11 U.S.C. § 524(a)(2). (Dkt. # 1-2 at pp. 30-33 ¶¶ 134-155.) In the Amended Complaint, he dropped his claim under the Washington Consumer Protection Act.

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 3
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

standards established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although factual allegations in a complaint are assumed to be true, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Therefore, to defeat a motion to dismiss, the complaint's factual allegations must plausibly suggest, and not merely be consistent with, the claimed wrongful conduct. *Twombly*, 550 U.S. at 557. The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and the factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Id*. at 555.

Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," or where the complaint's factual allegations support an "obvious alternative explanation" for why the plaintiff was harmed, the plaintiff fails to show an entitlement to relief and his claim should be dismissed. *See Twombly* at 557; *Iqbal*, 556 U.S. at 679; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[T]he factual allegations [of the complaint] that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.").

**B.    The Trusts Join in the Omnibus Motion to Dismiss Jointly Filed by All Defendants**

The Trusts join in the Motion to Dismiss filed jointly by all defendants in this action. In addition to the grounds for dismissal set forth therein, which apply equally to the Trusts, the Court should dismiss this action as to the Trusts because the compulsory counterclaim rule bars each of

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 4
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the claims asserted against the Trusts, and Brown fails to state a claim for declaratory or injunctive relief, as more fully explained below.

**C.    The Compulsory Counterclaim Rule Bars Each Claim Asserted Against the Trusts**

   **1.    Legal Standard**

Whether Brown's claims against the Trusts in this action "are compulsory counterclaims which should have been pleaded in the earlier [State Actions] is a question of state law." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *see also Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765 (9th Cir. 2007). In Washington, a compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "a party must assert its compulsory counterclaims or those claims are forever barred." *Atlas Supply, Inc. v. Realm, Inc.*, 170 Wash. App. 234, 237–38, 287 P.3d 606, 608 (2012); *see also Puget Sound Elec. Workers Health & Welfare Tr. v. Lighthouse Elec. Grp.*, No. C12-276 RAJ, 2014 WL 1350788, at *4 (W.D. Wash. Apr. 3, 2014) (Washington's compulsory counterclaim rule is identical to the federal rule).

"In determining what constitutes a 'transaction or occurrence,' Washington courts … consider whether the claim and counterclaim are logically related." *Chew v. Lord*, 143 Wash. App. 807, 813, 181 P.3d 25, 29 (2008); *Schoeman v. New York Life Ins. Co.*, 106 Wash. 2d 855, 865, 726 P.2d 1, 6 (1986) ("the one compelling test of compulsoriness" is "whether the claim and counterclaim are logically related.").

   **2.    The Student Loans, Debt Collection, and State Actions are Logically Related**

In *Schoeman*, the Supreme Court of Washington explained:

> [C]ourts should give the phrase "transaction or occurrence that is the subject matter" of the suit a broad realistic interpretation in the interest of avoiding a multiplicity of suits. Subject to the exceptions, [not instantly relevant] any claim that is logically related to another

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 5
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> claim that is being sued on is properly the basis for a compulsory counterclaim; only claims that are unrelated or are related, but within the exceptions, need not be pleaded.

*Schoeman*, 106 Wash. 2d at 865, 726 P.2d at 6 (quoting *Rosenthal v. Fowler*, 12 F.R.D. 388, 391 (S.D.N.Y. 1952)). The *Schoeman* court further explained:

> "Transaction" is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.

*Id.* at 866 (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 609 (1926)).

The Western District of Washington recently found that a claim challenging debt collection under the Telephone Consumer Protection Act ("TCPA") was a compulsory counterclaim that had to be asserted in the original debt collection action:

> There is no question in the Court's mind that there is a logical relationship between (1) the credit agreement between the Bank and Plaintiff, (2) the Bank calling Plaintiff to collect on the debt, (3) the Bank's suit against Plaintiff based on the debt and (4) Plaintiff suing the Bank for violations of the TCPA on the basis of the calls.

*Gilchrist v. First Nat'l Bank of Omaha*, No. C17-5104 MJP, 2018 WL 317267, at *2 (W.D. Wash. Jan. 8, 2018), *appeal dismissed*, No. 18-35103, 2018 WL 2176083 (9th Cir. Apr. 9, 2018).

Here, the same analysis holds true. There is a logical relationship between the Student Loans, the bankruptcy, the debt collection letters sent beginning in October 2018, the series of settlement offers for each loan whereby the Trusts would "discount a considerable portion of the obligation[s]" received by Brown in January 2019, and the filing of the State Actions on April 5, 2019. Indeed, each of the forgoing relates to the same ten Student Loans issued by Bank of America to Brown. (Dkt. # 56 at p. 18 ¶¶ 59-60.) Each of the Student Loans were identified by Brown in his bankruptcy filings. (*Id.* at p.18 ¶ 60.) The collection letters, settlement offers, and State Actions related to the same ten Student Loans. (*Id.* at pp. 17-18 ¶¶ 56-58.) In the State

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 6
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Actions, Brown asserted affirmative defenses alleging, *inter alia*, that each Student Loan was discharged in his bankruptcy, the amounts due were not certain, and the loans were unenforceable and void. (Dkt. # 53-1.) Brown also moved and obtained summary judgment on these grounds. (Dkt. # 56 at pp. 24-25 ¶¶ 90-93.) Thus, Brown's affirmative defenses in the State Actions were based on the same alleged wrongdoing that he asserts here regarding the Trusts' attempts to collect the student loan debt. Like the debtor in *Gilchrist*, however, Brown's claims here are compulsory counterclaims because the Student Loans are logically related to the collection letters, settlement offers, and purported wrongdoing by the Trusts in seeking recovery for the Student Loans.

### 3.    Brown's Claims Matured Before He Filed the Answers

"One exception to the compulsory counterclaim requirement is when the counterclaim has not matured at the time the proponent of the claim serves pleadings." *Chew*, 143 Wash. App. at 814, 181 P.3d at 29. Here, the exception does not apply. Brown served Answers to all of the State Actions by August 15, 2019. The allegations in the Complaint and Amended Complaint here show that each of Brown's claims against the Trusts—to the extent viable—would have matured by that time. Indeed, Brown asserted an affirmative defense that the Student Loans were discharged in his bankruptcy in each Answer. (*See* Dkt # 53, Ex. A-J at 2 ¶ 1.) He also asserted affirmative defenses that the Trusts were barred from relief by the doctrine of unclean hands, that the Trusts lacked standing to enforce the Student Loans, and that the Student Loans were void and unenforceable based on unconscionability. (*See* Dkt. # 53, Ex. A-J at 2 ¶ 2, 3 ¶¶ 4, 9.)

Brown's claims do not depend on the outcome of the state court litigation. To the contrary, his claims depend on whether the Trusts attempted to collect on discharged student-loan debts or

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 7
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

on debts they did not own.[2] And, under Brown's theory of liability, those collection attempts commenced (and would have violated the CPA and the discharge order) prior to the initiation of the State Actions. At most, then, it was only the "question of damages or the existence of defenses to the counterclaim that may have [had] to await the adjudication of the main claim." *Lane v. Skamania Cty.*, 164 Wash. App. 490, 500, 265 P.3d 156, 161 (2011). But that does not eliminate the compulsory counterclaim requirement. *See Chew*, 143 Wash. App. at 815, 181 P.3d at 29 ("[A] counterclaim will not be denied treatment as a compulsory counterclaim solely because recovery on it depends on the outcome of the main action. This approach seems sound when the counterclaim is based on *pre-action events* and *only the right to relief* depends upon the outcome of the main action." (emphasis added)).

Accordingly, there was no valid basis for Brown to omit a counterclaim rooted in the notion that the Trusts purportedly violated federal law by seeking repayment of the Student Loans when Brown already asserted an affirmative defense based on the same theories he asserts here: that his Student Loans were discharged and that the Trusts lack standing.

**D.   Brown's Claims for Declaratory and Injunctive Relief Fail as a Matter of Law**

In Count II of his Amended Complaint, Brown asserts declaratory and injunctive relief against all defendants "concerning the enforceability of the debts…" citing 28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001(9). (Dkt. # 56 at pp. 34-35 ¶¶ 142-143.) In Count IV, he asserts declaratory

---

[2] Brown's claim is dubious. Among other things, he relies heavily on ad hominem attacks based on other litigation. Brown's reliance on pending lawsuits is misplaced because those lawsuits have not resulted in binding judgments. Indeed, in at least one pending action referenced by Brown, the district court denied the CFPB's motion to approve a Proposed Consent Judgment. (*See Consumer Fin. Prot. Bureau v. Nat'l Collegiate Master Student Tr.*, No. CV 17-1323 (MN), 2020 WL 2915759, at *1 (D. Del. May 31, 2020) (denying CFPB motion to approved Proposed Consent Order) attached as Exhibit K to the RJN contemporaneously filed here with this Motion).

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 8

148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and injunctive relief against the Trusts only also "concerning the enforceability of the debts…" (Dkt. # 56 at p. 36 ¶ 150.) The Court should dismiss both claims for several reasons.

### 1. Brown Does Not Assert a Substantive Claim for Which the Remedy of Declaratory or Injunctive Relief is Warranted

Where, as here, the "allegations in the complaint are not specific enough to establish that there is any immediate controversy that is about to erupt" the question becomes whether there is a predicate substantive cause of action for which the remedy of declaratory relief is proper. *See Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013). This is because the "Declaratory Judgment Act creates only a remedy, not a cause of action." *Id.*; *see also Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 810 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018) ("in the absence of a substantive cause of action, the Court cannot grant declaratory relief"). Brown must show that "some substantive law" gives him the rights for which he seeks declaratory relief as to the Trusts. The same principles apply to a claim for injunctive relief under 28 U.S.C. §§ 2201-02. *Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017)

Brown asserts no viable substantive claim against the Trusts. As explained in the joint motion to dismiss, Brown's claim of a violation of the discharge injunction under 11 U.S.C. § 524(a) fails on numerous grounds. He alleges no other substantive claim against the Trusts. Accordingly, the declaratory and injunctive relief claims against the Trust must be dismissed.

### 2. Bankruptcy Rule 7001(9) Does Not Save Brown's Claims

In Count II of the Amended Complaint, Brown cites Fed. R. Bankr. P. 7001(9) as an additional statutory basis for declaratory judgment. (Dkt. # 56 at p. 35 ¶ 143.) Rule 7001(9) provides that "a proceeding to obtain a declaratory judgment …" is an adversary proceeding for

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 9
148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

purposes of the Federal Rules of Bankruptcy Procedure. However, Brown's reliance is misplaced because Rule 7001 merely establishes a procedural rule for defining what are "adversary proceedings". *See* "*Barrientos v. Wells Fargo Bank, N.A*., 633 F.3d 1186, 1189 (9th Cir. 2011). "A matter qualifies as an 'adversary proceeding' if it is included in the list given in Bankruptcy Rule 7001.'" *Id.* Rule 7001 does not establish substantive rights, and therefore, cannot provide support for Brown's declaratory relief claims. *See In re Adelphia Commc'ns Corp.*, 307 B.R. 432, 440 (Bankr. S.D.N.Y. 2004) (Rule 7001 "is a *procedural* rule" and is not substantive (emphasis in original)); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (provisions within Rule 7001 are "procedural rules … adopted by the Court for the orderly transaction of its business…"). Rule 7001 does not create a substantive right on which Brown can assert a claim for declaratory relief. Accordingly, his reliance on Rule 7001 is inapposite and provides no support for his declaratory judgment claim.

### E.  Further Leave to Amend Should be Denied

The Court should deny leave to amend because Brown cannot avoid the conclusion that his claims against the Trusts are compulsory counterclaims that are barred or that his declaratory judgment claims fail as a matter of law. The Ninth Circuit uses a five factor test to determine whether leave to amend should be granted:

> Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.

*Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). The factors are not afforded even weight and "[f]utility alone can justify denial of a motion to amend." *Id.* (quoting *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir.2003)).

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 10

148992019.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Here, the Trusts move for dismissal with prejudice based on the fact that each of Brown's claims are compulsory counterclaims that had to be asserted in the State Actions, and so he is barred from asserting them here. Given the clear basis on which to apply the compulsory counterclaim rule and the Declaratory Judgment Act, amendment would be futile. *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*, No. C14-5880JLR, 2015 WL 3797162, at *6 (W.D. Wash. June 17, 2015) (denying leave to amend where claims barred by compulsory counterclaim rule); *Gilchrist*, *supra*, 2018 WL 317267, at *3 (same).

### IV.    CONCLUSION

Brown's claims against the Trusts in this action had to be asserted in the State Actions. Because Brown failed to assert his claims in the State Actions, he is barred from doing so now under the compulsory counterclaim rule. Additionally, Brown fails to state facts that show a basis for invoking the Declaratory Judgment Act.

There is no basis on which Brown can amend his complaint to avoid dismissal on the grounds set forth herein. Accordingly, the Court should dismiss this action in its entirety as to the Trusts and without further leave to amend.

DATED: August 6, 2020

By: s/ Kristine E. Kruger
By: s/ Thomas N. Abbott
Kristine E. Kruger #44612
Thomas N. Abbott #53024
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email:  KKruger@perkinscoie.com
             TAbbott@perkinscoie.com

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 11
148992019.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury under the laws of the United States that on the date below, I electronically served the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of records.

DATED at Seattle, Washington this 6th day of August, 2020.

/s/ Kate Johnson
Kate Johnson, Legal Practice Assistant

THE TRUSTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT
(No. 2:20-cv-00669-RSL) – 12

148992019.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000