The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendant | Case No.: 2:20-cv-00669-RSL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS (ECF 65)**<br><br>**NOTE FOR HEARING CALENDAR:**<br><br>**OCTOBER 2, 2020** |

There is a cast of entities included in the action based on their respective role and involvement in the activities carried out in the name of the Trust Defendants. Defendant U.S. Bank, NA ("USB") role is that of an Indenture Trustee. USB also moves to dismiss Plaintiff's claims against it arguing the Amended Complaint ("AC") does not state a definite substantive claim or cause of action against it. ECF. 65, ECF Pages 9-10.[1] While it characterizes its motion as a motion to dismiss, a careful reading shows the motion is more aptly a motion for plaintiff to make a more definite statement of his claims against US Bank.

As shown infra, Plaintiff has stated to claims against USB under Counts II and III of the AC. Even if the Court believes the claims are unclear, as argued by USB, the

---

[1] The other issues adopted by USB from the joint motion are addressed in the Plaintiff's Opposition to the Joint Motion.

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS (ECF 65) - 1

appropriate remedy is to grant leave for the Plaintiff to amend to cure the deficiencies not to just dismiss the claims against the party responsible for orchestrating the Defendants' schemes against vulnerable Washington consumers.

## I. SUMMARY OF THE WELL PLED FACTS & CLAIMS AGAINST

USB is a named defendant in Counts II and III of the AC. Count II asserts declaratory and injunctive relief against it and the Defendants. AC at ¶¶ 141-144.

Specifically, in Count II, Plaintiff alleges, as also demonstrated by the various motion papers before the Court, that "[t]here is an actual controversy between the parties concerning the enforceability of the debts that the Defendants have sought to collect from the Plaintiff and the FDCPA Class." AC at ¶ 142. In addition, Plaintiff requests on his behalf and on behalf of the putative "FDCPA Class…a declaration that the Defendants are estopped from claiming the right to collect the debts from the Plaintiff and the FDCPA class…" AC at ¶ 144.

In Count III of the AC, Plaintiff asserts claims related to the discharge violations of the Defendant Trusts through the other Defendants. AC at ¶¶ 145-148. Plaintiff concedes that the claim could have been clearer to show USB's involvement but its role as a Trustee necessarily involves it in claims against the Defendant Trusts. When looking at the claim in conjunction with the well pled fact about USB and its role in the AC (that are incorporated into Count III at ¶ 145 of the AC), the discharge violation claim applies not only to the Defendant Trusts but also to all the other defendants including USB who facilitate that wrongful conduct. *See infra*.

Also, since the filing of the AC, in the related litigation between the various parties claiming competing interests in the Defendant Trusts, the Court of Chancery of Delaware has granted the following declarations of law confirming USB's role and responsibilities for the management and acts and omissions of the Defendant Trusts:

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS (ECF 65) - 2

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

**US Bank Declarations**

A.  Under the Granting Clauses of the Indentures, the Trusts Granted to [USB] all of the Trusts' right, title, and interest (but none of their obligations) in and to all of the assets and contracts set forth under the Granting Clauses for the benefit of the Noteholders and Note Insurer, as applicable. **GRANTED**…

C.  The Granting Clauses Grant to the [USB] all present and future claims, demands, causes, and choses in action in respect of the assets and contracts set forth the Granting Clauses. **GRANTED**

D.  While the Indentures and Notes remain outstanding, the [USB] is permitted to prosecute, defend, or settle lawsuits or other actions concerning claims in respect of any of the assets and contracts Granted under the Granting Clauses without the occurrence of (i) an Event of Default or other default or (ii) any other contractual predicate or condition precedent. **GRANTED**

E.  While the Indentures and Notes remain outstanding, if the [USB] prosecutes, defends, or settles a lawsuit or other action concerning claims in respect of the assets and contracts Granted under the Granting Clauses, it may do so directly in its capacity as [USB] and/or directly on behalf of and in the name of the Trusts. **GRANTED**

F.  While the Indentures and Notes remain outstanding, if there is no express duty or obligation imposed on the Trusts concerning the assets and contracts Granted under the Granting Clauses, the Trusts are divested of any control over such assets and contracts and lack authority to bring any lawsuit or other action concerning the same. **GRANTED**

G.  While the Indentures and Notes remain outstanding, if a duty or obligation is imposed on the Trusts concerning the assets and contracts Granted under the Granting Clauses, the Trusts are permitted to exercise control over such assets and contracts only to the extent required to discharge the applicable duty or obligation and have authority to bring a lawsuit or other action concerning such items only as required under the same duty or obligation. **GRANTED**….

P.  Income and proceeds from the Trusts must be distributed in accordance with the Indentures so long as the Notes and Indentures are outstanding. **GRANTED**

Q.  Distribution provisions in Article V of the Trust Agreements become operative only if the Notes are paid in full and the Indentures are discharged and satisfied (including satisfaction of all other related payment obligations). **GRANTED**

R.  If operative, the distribution provisions in Article V of the Trust Agreements provide for, among other things, (i) payment of expenses of the Trusts, and (ii) payment of the Owners in accordance with other provisions in the Trust Agreements. **GRANTED**

S.  While the Indentures and Notes remain outstanding, Article VIII of the Indentures provide that the Administrator and Owner Trustee are entitled to

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S.
BANK'S MOTION TO DISMISS (ECF 65) - 3

**Henry & DeGraaff, P.S.**
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

reimbursement of their respective fees and expenses subject to certain enumerated limitations. **GRANTED**

T. The Owner Trustee is the party with the authority to determine what constitutes fees and expenses of the Owner Trustee, including without limitation fees and expenses of retained agents, experts or professionals. **GRANTED**

U. The Administrator is the party with the authority to determine what constitutes fees and expenses of the Administrator, including without limitation fees and expenses of retained agents, experts or professionals. **GRANTED….**

W. Under Article VIII of the Indentures, the Administrator is required to provide written instructions to the [USB] in the form of an Issuer Order to distribute funds as specified therein, and the [USB] is obligated to distribute funds to reimburse fees and expenses of the Owner Trustee and Administrator only to the extent that the Administrator provides a valid Issuer Order instructing the [USB] to make such distributions. **GRANTED**

X. The [USB] may conclusively rely upon Issuer Orders from the Administrator instructing the [USB] to distribute funds to reimburse fees and expenses of the Owner Trustee and Administrator, and shall not be liable for distributing funds in accordance with any such Issuer Orders. **GRANTED**

Y. The [USB] is not obligated to follow an Issuer Order or any other written instruction from the Administrator concerning the distribution of funds to the extent such Issuer Order or written instruction (i) does not comport with Article VIII of the Indentures; (ii) fails to clearly identify the manner in which funds should be distributed, or (iii) qualifies or questions the propriety of the Issuer Order, written instruction, or the specified distribution of funds thereunder. **GRANTED**

*In re Nat'l Collegiate Student Loan Trusts Litig.*, No. CV 12111-VCS, 2020 WL 5049402, at *68–72 (Del. Ch. Aug. 27, 2020).

In sum, the declarations of law by the Delaware Court confirm that: (i) USB holds all the 'right, title, and interest' in the assets of the Defendant Trusts (including the purported student loans at issue in this case); (ii) USB is the party authorized to commence litigation concerning the assets held by the Defendant Trusts (including the purported student loans at issue in this case and the Defendant Trusts themselves have no control of the subject student loans); and (iii) USB distributes the funds collected related to the assets of the Trust Defendants to others. *Id.*

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS (ECF 65) - 4

Henry & DeGraaff, P.S.
787 Maynard Ave S
Seattle, Washington 98104
telephone (206) 330-0595
fax (206) 400-7609

While the Defendant Trusts were formed by a "complex web of Trust Related Agreements" (*Id.* at *10), the above declarations of Delaware law concerning USB's role of managing and supervising the Defendant Trusts here more clear and supports Plaintiff's claims against it. Since the Defendant Trusts have no employees and act only through their web of agents and various agreements, USB's role, as declared by the Delaware court, demonstrates its participation in the acts and omissions at issue in this case and why it is a necessary party for Plaintiff's claims to be asserted against USB and the Trusts.

In his AC, Plaintiff also identified USB's role in the unlawful debt collection, by its engagement and supervision of the wrongful acts of Defendant Transworld Systems, Inc. to which it is vicariously liable (liable under the doctrine of respondeat superior). AC at ¶¶ 7, 14, 17., 20. In addition, USB consented to and otherwise aided and abetted the debt collection violations of Transworld's Consent Order with the Consumer Financial Protection Bureau. AC at ¶¶ 7, 14, 19, 27, 108. USB had knowledge that ownership of the underlying student loans subject to this action could not be proved but failed to disclose the facts and details of its knowledge to state courts in Washington and elsewhere while its agents utilized knowingly false testimony on its behalf. AC at ¶¶ 21-22, 25, 88, 107, 109, 111. USB also pursued collections of debts not legally enforceable, indirectly through its agents or the Trusts who are co-defendants in this action. AC at ¶ 31. In Plaintiff's bankruptcy and later the unlawful debt collections against the Plaintiff in the state court, USB directly participated in asserting a claim on behalf of the Defendant Trusts and its role as the party responsible for Transworld and the vendors it utilizes in the collection activities. AC at ¶¶ 49(b), 65.

In sum, USB is not an absent, uninvolved party to Plaintiff's claims in Counts II and III of this AC. As shown *supra*, it is the party responsible for the core, unlawful debt collection activities taken in concert with the co-defendants in this action. Not only is

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS (ECF 65) - 5

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

this role shown in the well pled AC but it is confirmed by the recent declarations of law by the Delaware court.

## II. ARGUMENT

USB's motion is more akin to seeking a more definite statement than a motion to dismiss since it claims the AC is vague and unclear. Fed. R. Civ. P. 12(e)("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response"). In such instances the Ninth Circuit has held that

> …'mere vagueness or lack of detail is not ground for a motion to dismiss, but should be attacked by a motion for a more definite statement.' 2 Moore's Federal Practice par. 12.08, pp. 2245-46. And since despite these and other deficiencies it cannot be said with certainty from the face of the present complaint that appellant will be unable to allege a triable claim, it was error to dismiss the action for failure to state a claim upon which relief could be granted.

*Harman v. Valley Nat. Bank of Ariz.*, 339 F.2d 564, 567 (9th Cir. 1964).

Plaintiff does not believe his claims against USB are so vague when the AC is read in total. However, he acknowledges that Counts II and III were not artfully pled and could be amended to make the claims against USB clearer if the Court has any concerns in light of USB's arguments. This is true for all claims in the complaint as to USB.

Further amendment is also appropriate in light of the declarations of law only recently made by the Delaware Court establish USB as a necessary party to these proceedings concerning the debt collection practices and litigation of the Defendant Trusts to which USB is the ultimate party in control. *In re Nat'l Collegiate Student Loan Trusts Litig.*, 2020 WL 5049402, at *68–72. See also Rule 17, Fed. R. Civ. P. relating to real party in interest. Since USB is already on notice of Plaintiff's claims and its role managing and controlling the assets and debt collection activities of the Defendant Trusts, granting leave at this stage of the proceeding to add these new facts and correct any vague and unclear allegations would be appropriate.

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS (ECF 65) - 6

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609

Granting leave at this juncture to amend, if necessary is appropriate pursuant to Fed. R. Civ. P. 15(a)(2)("The court should freely give leave when justice so requires") and Fed. R. Civ. P. 15(d)(permitting supplemental pleading detailing transactions and events that occurred after the pending pleading).

### III. CONCLUSION

For the above reasons, the Motion To Dismiss should be denied and Plaintiff granted leave to amend.

DATED this September 24, 2020.

*/s/ Christina L Henry*
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com

*/s/ Scott C. Borison*
Scott C. Borison (Pro Hac Vice)
Borison Firm, LLC.
Counsel for Plaintiffs
1900 S. Norfolk St. Suite 350
San Mateo CA 94401
301-620-1016 Fax 301-620-1018
scott@borisonfirm.com

*/s/ Phillip R. Robinson*
Phillip R. Robinson (Pro Hac Vice)
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com

PLAINTIFF'S OPPOSITION TO DEFENDANT U.S. BANK'S MOTION TO DISMISS (ECF 65) - 7

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WASHINGTON 98104
telephone (206) 330-0595
fax (206) 400-7609