The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, individually and on behalf of all other persons similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-00669-RSL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PATENUDE & FELIX'S MOTION TO DISMISS (ECF 68).**<br><br>**NOTE FOR MOTION CALENDAR:**<br><br>**October 2, 2020** |

In response to the separate Motion to Dismiss filed by defendant, Patenaude & Felix ("P & F"), Osure Brown ("Mr. Brown") incorporates his opposition to the joint motion to dismiss to the extent that P & F's separate motion incorporates the joint motion and raises issues already addressed in his opposition to the joint motion.[1] Brown also submits the following responses to the issues set forth in P & F's motion to dismiss.

---

[1] Plaintiff's opposition to the joint motion addresses the issues raised by P & F under III, A, B., D., F., G. and H.

# I. THE PLAINTIFF'S ACTION WAS TIMELY FILED

P & F, after conceding that the claims for FDCPA arise upon the filing of an action, then pivots to argue that the Court should use a date that predates the filing of the lawsuit. Respectfully P & F had it right that the FDCPA claim arising from its lawsuit is measured from the time it is filed.

P & F also argues if the date of the lawsuit is considered, the claims are time barred because the lawsuit was filed on April 5, 2019 and Plaintiff did not file her action until April 6, 2020.[2] P & F fails to consider that April 5, 2020 was a Sunday and the next day filing day following Sunday was Monday April 6, 2020. Plaintiff's filing was timely and P & F's argument is resolved by Fed. R. Civ. P. 6(a)(2)(C).[3] *See also Union Nat. Bank of Wichita, Kan. v. Lamb*, 337 U.S. 38, 40 (1949)("where the last day for performance of an act falls on a Sunday or a legal holiday, performance on the next day which is not a Sunday or legal holiday is timely"); *Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir. 1995)(holding that Fed. R. Civ. P. 6(a) "does not 'expand' or 'enlarge'…jurisdiction…and does nothing more than provide the court and the parties with a means of determining the beginning and end of a statute of limitations prescribed elsewhere in law"); *Salvador-Calleros v. Ashcroft*, 389 F.3d 959, 965 (9th Cir. 2004); *Clark v. Bonded Adjustment Co.*, 176 F. Supp. 2d 1062, 1068 (E.D. Wash. 2001)("the Court finds that Rule 6(a) applies to the time-limit in the FDCPA, and that the one-year period for the Clarks to file this action began to run on the day after the last alleged violation of the Act. Because the last day of that 366–day year fell on a Saturday, the Clarks were permitted to file on the following Monday, which they did. Fed.R.Civ.P. 6(a). This action was thus timely filed").

For all of these reasons, Plaintiff's complaint in this action was timely filed.

---

[2] The Complaint was actually submitted on April 5, 2020 at 5:45:01 PM. Exhibit A.

[3] CR 6(a) governing the Washington Superior Court is a similar rule.

PLAINTIFF'S OPPOSITION TO DEFENDANT PATENUADE & FELIX'S MOTION TO DISMISS - 2

## II. PLAINTIFF HAS SUFFICIENTLY PUT THE DEFENDANT ON NOTICE OF THE CLAIMS TO MEET RULE 9(b) IF IT APPLIES.

P & F contends that the claims under the FDCPA must meet the requirements of Fed.R.Civ.P. 9(b) but does not cite any authority for that position because there is none for the claims asserted in this action. On court has explained:

> Rule 9(b) expressly applies only to claims alleging "fraud or mistake," and as the Tenth Circuit and several district courts have reasoned, consumer protection claims are not claims of fraud, even if there is a deceptive dimension to them…Unlike a fraud claim, the FDCPA "does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *See LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir.2010) (citing *Ellis v. Solomon & Solomon, P.C.,* 591 F.3d 130, 135 (2nd Cir.2010)).

*Consumer Fin. Prot. Bureau v. Frederick J. Hanna & Assocs., P.C.*, 114 F. Supp. 3d 1342, 1372 (N.D. Ga. 2015). See also *Consumer Fin. Prot. Bureau v. Navient Corp.*, No. 3:17-CV-101, 2017 WL 3380530, at *25 (M.D. Pa. Aug. 4, 2017)("Rule 9(b)'s heightened pleading standard does not apply to…claims brought under the FDCPA…"). However, courts have found that Fed.R.Civ.P. 9(b) may apply to a defendant's bona fide error defense based on 'mistakes'. *Balon v. Enhanced Recovery Co., Inc.*, 316 F.R.D. 96, 103 (M.D. Pa. 2016); *Cutler ex rel. Jay v. Sallie Mae, Inc.*, No. EDCV-13-2142-MWF, 2014 WL 7745878, at *3 (C.D. Cal. Sept. 9, 2014)(holding claims under § 1692e and § 1692f do not need to be pled with a heightened standard of particularity pursuant to Fed.R.Civ.P. 9(b) but other FDCPA claims may).

Despite the lack of authority addressed in its motion, P & F then proceeds to argue that the AC purportedly fails because Plaintiff has not met the standard of Rule 9(b) because he does not allege the details of the communications between P & F and its co-defendants. *See* P & F brief, p. 9-10 ("Brown does not allege such things as who advised Patenaude that the NCTs could not allegedly conveyed, and a host of similar facts required to show a fraudulent concealment").

Assuming arguendo that Fed.R.Civ.P. 9(b) applies to Plaintiff's actual claims in his AC, P & F's insistence that Plaintiff must provide details of information "peculiarly

within the opposing party's knowledge" ignores that knowledge is not required by Fed.R.Civ.P. 9:

> Even under the more rigid pleading standard of Federal Rule of Civil Procedure 9, however, the pleader is not required to allege facts that are "peculiarly within the opposing party's knowledge," and allegations "based on information and belief may suffice," "so long as the allegations are accompanied by a statement of facts upon which the belief is founded."

*Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 493–94 (9th Cir. 2019).

P & F has been provided sufficient information to know the claims asserted against it (i.e. dates, times, identifies of persons, and other details from public records). And Plaintiff has set forth more than enough facts to support their belief that P & F knew that the lawsuits it was filing on behalf of the Trusts were improper since multiple public enforcement actions by agencies charged with such work have so concluded. AC at ¶¶ 25, 94-99, 105. The Plaintiff's AC sets forth that P & F acted as the collectors for the Trusts and filed actions on behalf of the Trusts. Plaintiff has alleged a lawsuit was filed by the Trusts that set forth that the Trusts were filing lawsuits when they did not have standing to file lawsuits against borrowers. *See* AC, ¶¶ 14-19. Plaintiff also alleges that the documents attached to affidavits submitted by P & F identified other critical documents that were not included in the documents filed. AC ¶¶ 64-66. The lack of the critical documents would put any person on notice, and certainly an attorney, that the party lacked the ability to prove their case if challenged and the filings were deficient. AC ¶ 89. It is reasonable to infer in a light most favorable to the non-moving party, that an attorney collector who proceeded to file actions when critical documents necessary to show standing were not available addressed that issue with his or her client did so unfairly, unconscionably, deceptively, and with knowledge of the laws governing its collection activities. Plaintiff's pleading is sufficient & P&F's motion should be DENIED.

Moreover, the AC asserts claims for declaratory judgment under 11 U.S.C. § 523(a)(8) and for violations of the discharge order entered in Brown's bankruptcy

case. These are not *per se* claims for fraud and they do not invoke the heightened pleading standard. *In re Golden*, 596 B.R. 239, 271 (Bankr. E.D.N.Y. 2019).

### III. <u>CONCLUSION</u>

Based on the forgoing, Plaintiff respectfully pray the Court to deny the Defendant P & F's Motion to Dismiss.

DATED this September 24, 2020.

<u>/s/ Christina L Henry</u>
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com

<u>/s/ Scott C. Borison</u>
Scott C. Borison (Pro Hac Vice)
Borison Firm, LLC.
Counsel for Plaintiffs
1900 S. Norfolk St. Suite 350
San Mateo CA 94401
301-620-1016 Fax 301-620-1018
scott@borisonfirm.com

<u>/s/ Phillip R. Robinson</u>
Phillip R. Robinson (Pro Hac Vice)
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
(301) 448-1304
phillip@marylandconsumer.com