The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, individually and on behalf of all other persons similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., et al.,<br><br>Defendants. | CASE NO. 2:20-cv-00669-RSL<br><br>**PLAINTIFF'S OPPOSITION TO THE TRUST DEFENDANTS MOTION TO DISMISS (ECF 71).**<br><br>**NOTE FOR MOTION CALENDAR:**<br><br>**October 2, 2020** |

In response to the separate Motion to Dismiss filed by the Defendant Trusts, Osure Brown ("Mr. Brown") incorporates his opposition to the joint motion to dismiss to the extent that the Trusts' separate motion incorporates the joint motion and raises issues already addressed in his opposition to the joint motion.[1] Brown also submits the following responses to the issue set forth in the Trusts' motion to dismiss.

## I. ARGUMENT

### A. The Plaintiff's Claims Were Not Compulsory Counterclaims

A claim under the Fair Debt Collection Practices Act can be asserted whether a debt is owed by the consumer or not. *Baker v. G. C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("a debtor has standing to complain of violations of the Act, regardless of whether a valid debt exists."). FDCPA claims center around the way a creditor

---

[1] Plaintiff's Opposition to the Joint Motion to Dismiss address III, A, B, D, and E of the Trusts' motion.

PLAINTIFF'S OPPOSITION TO DEFENDANTS TRUSTS' MOTION
TO DISMISS - 1

HENRY & DEGRAAFF, P.S.
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609

proceeded to collect a debt (or an alleged debt) not that an action was filed to collect the debt. The Trusts note that the Washington rules of civil procedure follow the federal rules of procedure. *See* e.g., *Puget Sound Elec. Workers Health and Welfare Trust v. Lighthouse Elec. Group*, 2014 WL 1350788, at *4 (W.D.Wash. April 3, 2014).

However, most of the courts that have not found that FDCPA claims are required to be brought as compulsory counterclaims in a prior debt collection suit. *See, e.g., Morgan v. Carrington Mortg. Servs.*, 2017 WL 481429 (10th Cir. Feb. 6, 2017) (homeowner's FDCPA claims not precluded by Oklahoma preclusion rules as they were based on loss mitigation events occurring after her answer in the state foreclosure proceeding involving her home); *Rendon v. HBLC, Inc.*, 2017 WL 7275423 (N.D. Ill. Oct. 25, 2017) (where the issue of sewer service of the state debt collection suit on the consumer was not clearly resolved in state court's dismissal of the collection suit for lack of prosecution, preclusion did not apply); *Infante v. Samara Portfolio Mgmt., L.L.C.*, 2017 WL 1102757, at *3 (E.D. Tex. Jan. 20, 2017), report and recommendation adopted by 2017 WL 1113322 (E.D. Tex. Mar. 23, 2017) (FDCPA § 1692i claim was not a compulsory counterclaim to the state debt collection suit).

In *Druther v. Hamilton*, 75 Fed. R. Serv. 3d 316 (W.D. Wash. 2009), Judge Burgess explained the distinction of an FDCPA action like this case from the underlying debt collection action:

> Because an FDCPA plaintiff is not challenging the validity of the debt, but rather the collection practices of the creditor, a claim under the FDCPA is an "independent claim" from a state court action to collect a debt and federal courts have jurisdiction over the case. Todd, 434 F.3d at 437, *Senftle*, 390 F.Supp.2d at 469…..
>
> The courts are clear that the FDCPA applies to the collection of the debt. It does not apply to the validity of the debt. Plaintiff is not seeking to overturn the money judgment on the debt that was entered against him in state court. Rather, he is seeking statutory and actual damages for Defendant's debt collection practices. He is not asserting as his injury legal errors by the state court and is not seeking relief from the state court judgment.

*Druther*, 2009 WL 4667376, at *4.

Here, the Trusts also do not discuss any federal decisions that directly address whether FDCPA claims are compulsory counterclaims. The majority of the Circuit Courts who have addressed the issue have rejected the Trusts' argument. *See Cutts v. Richland Holdings, Inc.*, 953 F.3d 554, 558 (9th Cir.2019)(noting the Sixth in *Bauman v. Bank of America, N.A.*, 808 F.3d 1097 (6th Cir. 2015)and Eighth Circuit in Peterson v. United Accounts, Inc., 638 F.2d 1134 (8th Cir. 1981) rejected FDCPA claims as compulsory counterclaims. The Fourth Circuit in *Whigham v. Beneficial Finance Co. of Fayetteville, Inc.*, 599 F.2d 1322, 1323 (4th Cir. 1979) rejected claims under another consumer protection law, the Truth in Lending Act, that they were compulsory counterclaims. The Fifth Circuit is the lone dissenter on the issue. See *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357 (5th Cir. 1979)The Circuit Court rationales for rejecting the Trusts' position include that while the consumer protection claims may have some factual overlap the underlying collection actions are not logically related to the different legal issues raised by the claims..

Courts that have examined the converse situation in the context of the FDCPA, i.e., whether claims on debts are compulsory in an FDCPA action, found that the debt claims were not logically connected to the unfair practices claims "despite the fact that they both relate to the same debt". *Sparrow v. Mazda American Credit*, 385 F.Supp.2d 1063, 1068 (E.D.Cal.,2005); *See also Martin v. Law Offices of John F. Edwards*, 262 F.R.D. 534, 537 (S.D.Cal.,2009) and cases collected therein. The determination that there is no logical connection in these cases apply equally to the issue here and is the standard under Washington law. *Chew v. Lord*, 181 P.3d 25, 29, 143 Wash.App. 807, 813 (Wash.App. Div. 1, 2008).

The Trusts argue that based on the decision in *Gilchrist v. First National Bank of Omaha*, 2018 WL 317267, at *3 (W.D.Wash. January 8, 2018) involving a *pro se* plaintiff that this Court should conclude that his FDCPA claims were compulsory counterclaims. Respectfully, the decision does not address FDCPA claims and if it did,

it conflicts with the Circuit Court decisions that have reached the opposite conclusions when considering FDCPA claims. And the *Gilchrist* court focused on the factual similarities but did not consider the difference in the elements of the legal claims presented here which may support the opposite conclusion.

In *Gilchrist* it is true that the court ruled that Plaintiff's TCPA claims were compulsory counterclaims finding there were factual similarities. The *pro se* plaintiff apparently did not argue or point out that the TCPA claims were not logically related because of the differences in the elements of the legal claims. In *Marino v. Ocwen Loan Servicing LLC*, 2017 WL 3671294, at *3 (D.Nev. August 25, 2017) the Court rejected the application of res judicata from a prior proceeding to dismiss claims later assert in a different action under the TCPA.

Although *Marino* was decided as a res judicata issue as opposed to a compulsory counterclaim issue, the similarities and requirements of each are analogous in this context. If a prior proceeding does not cover claims under the res judicata umbrella, they cannot be found to be compulsory counterclaims.

## II. CONCLUSION

Based on the forgoing, Plaintiff respectfully pray the Court to deny the Defendants Trusts' Motion to Dismiss.

DATED this September 24, 2020.

*/s/ Christina L Henry*
Christina L Henry, WSBA 31273
HENRY & DEGRAAFF, PS
Counsel for Plaintiffs
787 Maynard Ave S
Seattle, WA 98104
206-330-0595 Fax 206-400-7609
chenry@hdm-legal.com

1  */s/ Scott C. Borison*
   Scott C. Borison (Pro Hac Vice)
2  Borison Firm, LLC.
   Counsel for Plaintiffs
3  1900 S. Norfolk St. Suite 350
   San Mateo CA 94401
4  301-620-1016 Fax 301-620-1018
   scott@borisonfirm.com
5

6
   */s/ Phillip R. Robinson*
7  Phillip R. Robinson (Pro Hac Vice)
   Consumer Law Center LLC
8  8737 Colesville Road, Suite 308
   Silver Spring, MD 20910
9  (301) 448-1304
   phillip@marylandconsumer.com
10

PLAINTIFF'S OPPOSITION TO DEFENDANTS TRUSTS' MOTION
TO DISMISS - 5

**HENRY & DEGRAAFF, P.S.**
787 MAYNARD AVE S
SEATTLE, WA 98104
V (206) 330-0595 / F (206) 400-7609