THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>Defendants. | No. 2:20-cv-00669-RSL<br><br>DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER RULE 12(B)(6)<br><br>NOTE ON MOTION CALENDAR: OCTOBER 16, 2020<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................... 1
II. ARGUMENT ........................................................................................................... 1
    A. Brown's FDCPA Claims Must Be Dismissed Because He Has Failed to Address the Heightened Pleading Standard for Claims Sounding in Fraud. ......... 1
    B. Brown Has Also Substantively Failed to Address Defendants' Argument that He Cannot Collaterally Attack the Bankruptcy Judgment in this Court. ......... 2
    C. Brown Fails to Distinguish Walls—There Is No Private Right of Action for an Alleged Discharge Violation. ................................................................. 3
    D. Brown's Claims that the Loans were Dischargeable are Barred by Judicial Estoppel, and Brown's Arguments Otherwise are Inapposite. .............................. 5
    E. Brown Cannot Allege His Loans Were Dischargeable Under Section 523(a)(8). ............................................................................................................. 7
        1. Brown's Loans are Non-Dischargeable Under Section 523(a)(8)(A)(i). ............................................................................................. 7
        2. Brown Must Do More Than "Raise the Issue" of Dischargeability. ......... 8
    F. Brown's Claims for Declaratory and Injunctive Relief Must Be Dismissed Because He Failed to Substantively Address the Lack of an Actual Controversy. ........................................................................................................ 10
    G. Brown's Argument Regarding Res Judicata Is Irrelevant, Incorrect, and Incomprehensible. ............................................................................................. 10
III. CONCLUSION ..................................................................................................... 11

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– i

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................7

*Buford v. Higher Educ. Assistance Found.*,
  85 B.R. 579 (D. Kan. 1988) ....................................................................................................9

*Dougherty v. City of Covina*,
  654 F.3d 892 (9th Cir. 2011) ..................................................................................................7

*Fitzgerald v. Pa. Higher Educ. Assistance Agency* (*In re Fitzgerald*),
  40 B.R. 528 (Bankr. E.D. Pa. 1984) .......................................................................................9

*Goad v. MCT Group*,
  No. 09CV1321 BTM (POR), 2010 WL 1407257 (S.D.Cal. Apr. 6, 2010),
  *aff'd*, 576 F. App'x 707 (9th Cir. 2014) .............................................................................4, 5

*In re Chaussee*,
  399 B.R. 225 (B.A.P. 9th Cir. 2008) .......................................................................................2

*In re Corbin*,
  506 B.R. 287 (Bankr. W.D. Wash. 2014) ...............................................................................9

*In re Greer-Allen*,
  602 B.R. 831 (Bankr. D. Mass. July 29, 2019) ......................................................................8

*In re O'Brien*,
  419 F.3d 104 (2d Cir. 2005) ...................................................................................................8

*In re Rodriguez*,
  319 B.R. 894 (Bankr. M.D. Fla. 2005) ...................................................................................8

*Jenkins v. County of Riverside*,
  398 F.3d 1093 (9th Cir. 2005) ................................................................................................2

*Johnson v. Si-Cor Inc.*,
  28 P.3d 832, 107 Wash. App. 902 (Wash. Ct. App. 2001) .....................................................6

*Law v. Educ. Resources Inst., Inc.* (*In re Law*),
  159 B.R. 287 (Bankr. D.S.D. 1993) .......................................................................................9

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– ii

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
(continued)

Page

*Marino Prop. Co. v. Port Comm'rs of Port of Seattle*,
    644 P.2d 1181, 97 Wash. 2d 307 (Wash. 1982) ...................................................................11

*Motley v. Equity Title Co.* (*In re Motley*),
    268 B.R. 237 (C.D. Cal. Bankr. 2001) ...................................................................................2

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ............................................................................................................5, 6

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ..................................................................................................7

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
    802 F. Supp. 2d 1125 (C.D. Cal. 2011) .........................................................................1, 3, 10

*Taggart v. Lorenzen*,
    139 S. Ct. 1795 (2019) ............................................................................................................5

*Thurman v. United Student Aid Funds*,
    No. C12-80MJP, 2012 WL 993412 (W.D. Wash. Mar. 21, 2012) ........................................6, 8

*Union Station Assocs. LLC v. Puget Sound Energy, Inc.*,
    238 F. Supp. 2d 1226 (W.D. Wash. 2002) ..............................................................................4

*United States v. Wood*,
    925 F.2d 1580 (7th Cir. 1991) ................................................................................................9

*Van v. Associated Environmental Group LLC*,
    No. 50426-0-II, 2018 WL 6719940 (Wash. Ct. App. Dec. 18, 2018) .....................................7

*Veridian Credit Union v. Eddie Bauer, LLC*,
    295 F. Supp. 3d 1140 (W.D. Wash. 2017) ..............................................................................4

*Walls v. Wells Fargo Bank, N.A.*,
    276 F.3d 502 (9th Cir. 2002) .........................................................................................3, 4, 5

*Whitty v. First Nationwide Mortg. Corp.*,
    No. 05-cv-1021, 2007 WL 628033 (S.D. Cal. Feb. 26, 2007) ................................................2

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL) – iii

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

11 U.S.C. § 523(a)(8) ..................................................................................................... 4, 7, 8, 9

11 U.S.C. § 524 ................................................................................................................... 3, 4

15 U.S.C. § 1692f .................................................................................................................... 4

28 U.S.C. § 2201 ................................................................................................................... 10

**RULES**

Fed. R. Civ. P. 9(b) .............................................................................................................. 1, 2

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL) – iv

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants jointly submit this reply brief in support of their Joint Motion to Dismiss Plaintiff's Amended Complaint (Dkt. # 62), based on issues common to all Defendants.

## I. INTRODUCTION

Brown's response is replete with both legal errors and mischaracterizations. Brown misconstrues Defendants' arguments as to certain issues, argues against straw men on some issues, and completely ignores Defendants' arguments as to others. At bottom, Brown's claims—which center on Brown's assertion that his student loans were discharged in bankruptcy—are little more than a thinly veiled attempt to re-litigate his bankruptcy judgment. Because he must reopen his bankruptcy case to re-litigate the dischargeability of his loans, and because Brown cannot plead either that his loans were dischargeable or that an actual controversy exists with respect to the continued collection of his debts, the Court should dismiss all of Brown's claims.

## II. ARGUMENT

### A. Brown's FDCPA Claims Must Be Dismissed Because He Has Failed to Address the Heightened Pleading Standard for Claims Sounding in Fraud.

Brown fails to state a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") under any legal standard, and certainly fails under the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Because Brown claims "he was harmed by Defendants' wrongful concealment of facts, deception, and affirmative misrepresentation," Dkt. # 78 at p. 12, his FDCPA claims must satisfy Rule 9(b). *See* Dkt. # 62 at p. 7 ("[C]ourts in the Ninth Circuit have generally required that allegations of fraudulent representations or omission that violate the FDCPA satisfy Rule 9(b)'s heightened pleading standard."). Brown, however, wholly fails to address this issue in his Opposition, and any response he may have had to applying a heightened pleading standard to his FDCPA claims should be deemed waived. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("As Defendants point out, '[i]n most circumstances, failure to respond in an opposition brief to an argument put forward in an

DEFENDANTS' REPLY IN SUPPORT OF
JOINT MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 1

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

opening brief constitutes waiver or abandonment in regard to the uncontested issue.'"); *accord Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment."). Because Brown's FDCPA claims cannot satisfy the heightened pleading standard of Rule 9(b), they must be dismissed.

**B.     Brown Has Also Substantively Failed to Address Defendants' Argument that He Cannot Collaterally Attack the Bankruptcy Judgment in this Court.**

Because the bankruptcy court never expressly discharged the loans at issue, Brown's claims for violation of the discharge injunction (Count III) and FDCPA (Count I) constitute an impermissible collateral attack on the bankruptcy judgment and therefore fail as a matter of law. As Defendants noted in their Joint Motion to Dismiss, "[t]o the extent Brown is arguing the Loans *should have been* discharged by the bankruptcy court [but for the purported fraud, *supra*], that argument amounts to an improper collateral attack on the bankruptcy court's final judgment." Dkt. # 62 at p. 9; *see also Motley v. Equity Title Co.* (*In re Motley*), 268 B.R. 237, 241 (C.D. Cal. Bankr. 2001) ("Bankruptcy court orders are not subject to collateral attack in other courts.").

Brown, however, fails to address collateral estoppel as to Counts I and III. Instead, he mischaracterizes Defendants' argument as one of jurisdiction instead of estoppel. Notably, Brown does not even discuss or attempt to distinguish *Whitty v. First Nationwide Mortgage Corp.* and *In re Chaussee*, which together establish that Brown cannot avoid the bankruptcy court by couching his claims in a theory "that Defendants somehow deceived Brown and the bankruptcy court regarding the loans' non-dischargeability." Dkt. # 62 at p. 10; *see also In re Chaussee*, 399 B.R. 225, 241 (B.A.P. 9th Cir. 2008) (holding that FDCPA claims predicated on alleged misconduct in connection with a bankruptcy case were precluded by the Bankruptcy Code); *Whitty v. First Nationwide Mortg. Corp.*, No. 05-cv-1021, 2007 WL 628033, at *10 (S.D. Cal. Feb. 26, 2007) (dismissing a claim based on allegations that the defendants "committed a fraud on . . . the bankruptcy court" because "Plaintiffs' have not brought a 60(b) motion to the bankruptcy court that

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 2

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

adjudicated this matter" and the district court was "the wrong court for such a motion to be made"). Because Brown has substantively failed to address this issue, he has conceded the point, *see Stichting Pensioenfonds*, 802 F. Supp. 2d at 1132, and his claims should be dismissed for improperly constituting a collateral attack on the bankruptcy judgment.

C. **Brown Fails to Distinguish *Walls*—There Is No Private Right of Action for an Alleged Discharge Violation.**

In contrast to the above, Brown *does* acknowledge the Ninth Circuit's decision in *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002), though he both misrepresents it and fails to distinguish it. The Ninth Circuit in *Walls* held that "there is no private right of action under § 524," and that the only remedy for an alleged violation of a discharge injunction is a "contempt proceeding in the bankruptcy court." *Id.* at 507–09. Here, Brown levies claims under § 524 (Count III) and for violations of the FDCPA (Count I) that are predicated on alleged violation of Brown's discharge injunction, and seeks declaratory and injunctive relief for the same conduct (Counts II and IV). Because *Walls* is directly on point and precludes Brown from stating any of his claims, all of Brown's claims must be dismissed.

Brown goes to great lengths in an attempt to distinguish *Walls* but fails to do so. First, Brown argues that for *Walls* to apply, the plaintiff's claims must involve "bankruptcy-laden determinations." But that is precisely the case here: In addition to his claims for violation of the bankruptcy injunction, Brown states his FDCPA claims on the premise that his debts had been discharged, and further seeks declaratory relief for these violations. Specifically, Brown asserts that Defendants violated the FDCPA because the loans were "barred from collection against the Plaintiff and FDCPA Class Members as a result of bankruptcy discharges." Dkt. # 56 at ¶ 137. Moreover, Brown's subsequent allegation, although stated "[a]lternatively to the claims asserted in the previous paragraph," is also predicated on loans allegedly being discharged: Brown alleges that Defendants' "actions and omissions described herein in relation to pursuing *discharged debts*" violated the FDCPA. *Id.* ¶ 138 (emphasis added). In sum, adjudicating Brown's FDCPA claims

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 3

149842810.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

would require an assessment of several provisions of the Bankruptcy Code—including 11 U.S.C. § 523(a)(8)(A)(i) and (ii) as well as § 523(a)(8)(B). As in *Walls*, Brown's entire case surrounds allegations of "trying to collect [a] debt in violation of the discharge injunction," 276 F.3d at 510—Brown's attempt to cabin *Walls* as applying only to a "secured claim" is a distinction without a difference. The Ninth Circuit's conclusion in *Walls* rings equally true here: "There is no escaping that [Brown's] FDCPA claim is based on an alleged violation of § 524." *Id.*

Second, Brown argues that *Walls* does not address injunctive or declaratory relief. Defendants do not dispute this point, but Brown conflates and confuses Defendants' arguments. Rather, *Walls* stands for the proposition that there is not a private right of action under § 524 and that the proper remedy for an alleged violation of a discharge injunction and related FDCPA claims is a contempt proceeding in bankruptcy court. Because Brown's claims for a violation of the discharge injunction and the FDCPA fail, Brown's declaratory and injunctive relief claims in Counts II and IV also fail since they are merely as remedies for his claims in Count I and III. *See Veridian Credit Union v. Eddie Bauer, LLC*, 295 F. Supp. 3d 1140, 1156 (W.D. Wash. 2017) ("[A] permanent injunction is a form of relief that the court may grant when a plaintiff succeeds on a substantive cause of action that lends itself to this remedy"—it is not a "separate legal cause[] of action"); *Union Station Assocs. LLC v. Puget Sound Energy, Inc.*, 238 F. Supp. 2d 1226, 1230 (W.D. Wash. 2002) (explaining that a claim for declaratory relief under the Declaratory Judgment Act cannot "stand in the absence of a substantive cause of action")

Third, Brown argues that his FDCPA claims fall outside the scope of *Walls*, citing *Carter v. Richland Holdings, Inc.*, and *Goad v. MCT Group*, No. 09CV1321 BTM (POR), 2010 WL 1407257, at *3 (S.D.Cal. Apr. 6, 2010), *aff'd*, 576 F. App'x 707 (9th Cir. 2014). Both are easily distinguishable. The court in *Carter* distinguished *Walls* by observing that the *Walls* plaintiff "sought relief simultaneously under 11 U.S.C. § 524 and 15 U.S.C. § 1692f, a provision of the FDCPA that is not at issue in this case." 2019 WL 4773806, at *4. But here, Brown seeks the exact same relief as in *Walls*. Similarly, Brown cites *Goad* for the proposition that "not all fair debt

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 4

149842810.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

collection practices claims are precluded just because the debt at issue was discharged in bankruptcy," 2010 WL 1407257, at *3, but Brown both ignores and omits the immediately following language holding that FDCPA claims that turn on the "discharged nature of the debt"—including the claims in that case—are precluded under *Walls*. *Id.*

Finally, Brown makes several disjointed arguments about the availability of contempt, but these arguments are inapposite to the issue of whether *Walls* precludes Brown's FDCPA claim here.[1] Brown's argument that *Walls* has been abrogated by *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019) is also incorrect: *Taggart* simply confirms the appropriate standard for whether a bankruptcy court may hold a creditor in civil contempt for violating a discharge order, and Brown has not and cannot cite a case that has recognized *Walls* as abrogated.

In sum, all of Brown's claims are predicated on the dischargeability of the loans at issue, and *Walls* holds that Brown can neither state a private cause of action for violation of a discharge injunction in district court nor couch these claims as FDCPA violations. Accordingly, Brown's claims should be dismissed.

**D.      Brown's Claims that the Loans were Dischargeable are Barred by Judicial Estoppel, and Brown's Arguments Otherwise are Inapposite.**

Because Brown, through current counsel, represented in the bankruptcy court that the Trusts owned the loans and that they were non-dischargeable, Brown cannot now claim that the loans were discharged, and his claims are barred by judicial estoppel.

In his Opposition, Brown argues that judicial estoppel does not attach because he "did not gain advantage by determining any debts nondischargeable," Dkt. 78 at p. 9, but he is wrong both factually and as a matter of law. Brown relies primarily on *New Hampshire v. Maine*, 532 U.S. 742 (2001), where the Supreme Court recognized that "several factors typically inform the decision whether to apply" judicial estoppel, including "whether the party seeking to assert an inconsistent

---

[1] For instance, Brown argues that *Walls* does not mandate a referral of contempt actions to the bankruptcy court—which Defendants do not argue—and his assertions that Defendants could have removed this action or referred the case to the bankruptcy court under Local Rule 87 are irrelevant and incorrect.

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 5

149842810.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped," *id.* at 751, and "whether the party has succeeded in persuading a court to accept that party's earlier position," *id.* at 750. Here, Brown argues that he is not unfairly gaining an advantage because he "did not succeed in his bankruptcy by seeking to obtain a discharge of debt by any determination that certain debts were nondischargeable." Dkt. # 78 at p. 10. But Brown misconstrues the Court's discussion in *Maine*; contrary to Brown's assertions, "succeed[ing] in maintaining [an initial] position" is *not* a "critical requirement before the doctrine can be applied." *See id.*; *see also* 532 U.S. at 751. More importantly, Defendants *have* affirmatively asserted that Brown *did* succeed in his original bankruptcy action. Indeed, Defendants argued that, in the bankruptcy court, Brown avoided an adversary proceeding to directly adjudicate dischargeability by not contesting the point. *See* Dkt. # 62 at p. 12. Brown's reliance on *Maine* does not address this argument raised in Defendants' Joint Motion to Dismiss.

Moreover, despite whether Brown "succeeded" in his bankruptcy action, Brown's representations in the bankruptcy court are subject to estoppel because they led to the confirmation of his Chapter 13 plan. *See Johnson v. Si-Cor Inc.*, 28 P.3d 832, 836, 107 Wash. App. 902 (Wash. Ct. App. 2001). Indeed, the court in *Johnson* declared that "[u]nder the right circumstances, Chapter 13 of the bankruptcy code may present a strong case for the application of judicial estoppel. . . . *By confirming the debtor's Chapter 13 plan, the court implicitly accepts the debtor's Chapter 7 liquidation analysis*." *Id.* (emphasis added). Thus, although Brown argues that he did not misrepresent the dischargeability of the loans because "a discharge order determines what is discharged not whether debts are nondischargeable,"[2] Dkt. # 78 at p. 13, there need not be "a prior specific inconsistent court order" for judicial estoppel to attach, *Johnson*, 28 P.3d at 835.

---

[2] As support, Brown cites *Thurman v. United Student Aid Funds*, No. C12-80MJP, 2012 WL 993412 (W.D. Wash. Mar. 21, 2012), but that case is limited to the particular discharge order before that court, which by its language released the debtor from "all dischargeable debts," *id.* at *2. Further, that case examined an entirely different issue: whether the debtor was barred by res judicata from later bringing an adversary proceeding in the bankruptcy court to adjudicate the dischargeability of her student loan debt. *See id.* at *1. That court held the debtor was not barred, *id.* at *2, and Brown should have similarly looked to the bankruptcy court here if he meant to test the dischargeability of his loans.

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 6

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Nevertheless, Brown argues that the dischargeability of the loans at issue was immaterial, citing *Van v. Associated Environmental Group LLC*, No. 50426-0-II, 2018 WL 6719940 (Wash. Ct. App. Dec. 18, 2018), in which the court affirmed summary judgment denying judicial estoppel because "there [was] no evidence" that failing to disclose an asset "would have affected the decision whether to accept [debtor's] chapter 13 plan." *Id.* at *6. But "Brown's Chapter 13 plan would have been infeasible if the bankruptcy court determined that his loans were non-dischargeable and had to be paid in full as part of the plan." *See* Dkt. # 62 at p. 12. Accordingly, judicial estoppel should attach and bar Brown from claiming in this court that his loans were dischargeable.

E.  **Brown Cannot Allege His Loans Were Dischargeable Under Section 523(a)(8).**

Brown has also failed to adequately allege that his loans were discharged or dischargeable under 11 U.S.C. § 523(a)(8), and his arguments in his Opposition do not cure this defect. The bankruptcy court adopted Brown's bankruptcy plan—the plan expressly stated that the debt was not dischargeable, and the discharge order noted that most student loan debts are, in fact, non-dischargeable. This court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Brown has the burden ultimately of proving his claims, meaning he must adequately allege and later prove that his loans were indeed discharged in the bankruptcy proceeding. Brown's Amended Complaint, however, offers only legal conclusions that his loans were discharged by the bankruptcy court without any supporting factual basis and contrary to the bankruptcy court's judgment. *See Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) ("Mere legal conclusions 'are not entitled to the assumption of truth.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009))). Indeed, the Bankruptcy Court documents clearly demonstrate that Brown's loans were *not* discharged. *See* Dkt. # 62 at p. 5.

1.  **Brown's Loans are Non-Dischargeable Under Section 523(a)(8)(A)(i).**

Brown's allegations that his loans were *dischargeable* fail as a matter of law. In response to Defendants' arguments on dischargeability (Dkt. #62 at pp. 14-16), Brown argues only that these

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 7

149842810.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

are "factual issues that cannot be resolved by a motion to dismiss." *See* Dkt. # 78 at p. 20–21. But Brown fails to address Defendants' argument—his allegations, even if proven, are *insufficient as a matter of law*.

Brown does not even attempt to distinguish *In re Rodriguez*, 319 B.R. 894, 897 (Bankr. M.D. Fla. 2005), which held that "us[ing] a 'totality of the circumstances'" test to determine whether TERI was a "nonprofit institution" would require the court to "depart from the plain meaning of the words in the statute" without "case law support." *Id.* at 898. Simply, Congress did not "contemplate[] such a review." *Id.* Accordingly, Brown's allegations concerning TERI's purported "illegitimate" status (*see* Dkt. # 78 at p. 20) fail as a matter of law. The Court can, and should, take judicial notice of TERI's status as a "nonprofit institution" (*see* Dkt. # 62 at pp. 14–15) and dismiss Brown's claims.

Similarly, Brown's purported factual allegations concerning whether his loans "met the criteria to be included in the loan program" (Dkt. # 78 at p. 21), even if proven, fail as a matter of law. Brown cannot avoid the precedent from numerous courts that have rejected this exact same argument. *See* Dkt. # 62 at p. 17; *In re O'Brien*, 419 F.3d 104, 106 (2d Cir. 2005) ("Section 523(a)(8) does not require that TERI fund O'Brien's loan in order for that section to be applicable. Rather, § 523(a)(8) requires only that O'Brien's loan was 'made under any program funded in whole or in part by' TERI.").[3]

2. **Brown Must Do More Than "Raise the Issue" of Dischargeability.**

Brown also argues that he somehow has carried his burden of pleading dischargeability merely by raising the issue. *See* Dkt. # 78 at p. 19–20. But this is a misrepresentation of the law. Rather, in *United Student Aid Funds, Inc. v. Espinosa*, the Supreme Court declared that "[s]ection

---

[3] *See also In re Greer-Allen*, 602 B.R. 831, 836 (Bankr. D. Mass. July 29, 2019) ("[I]t is the program, not the individual loan, that must have been funded by a governmental unit or nonprofit institution.").

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 8

149842810.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

523(a)(8) renders student loan debt presumptively nondischargeable 'unless' a determination of undue hardship is made." 559 U.S. 260, 277 n.13 (2010).[4]

Defendants cited to *In re Wetzel*, which stated that § 523(a)(8) renders "student loan debts presumptively nondischargeable." 213 B.R. 220, 224 (Bankr. N.D.N.Y. 1996). *In re Wetzel* is hardly the only case that makes this observation; indeed, the court in that case cited a host of other cases for this exact point.[5] Brown takes exception to Defendants' decision not to quote the whole sentence, which reads: "The effect of Code § 523(a)(8) is to make student loan debts presumptively nondischargeable *until* a complaint is filed to determine whether dischargeability is proper under either of the two exceptions listed in this section." *Id.* (emphasis added). The latter portion of that sentence was omitted simply because it is irrelevant— *In re Wetzel* unquestionably refers to a complaint brought *in an adversary proceeding* in bankruptcy court. *See id.* at 222 (recognizing the case before the court as "an adversary proceeding commenced by a complaint"). And neither of the two exceptions referred to in that sentence apply to Brown's case. Therefore, it must be the case that Brown's student loans would remain presumptively nondischargeable.

Finally, Brown makes a passing claim that the non-dischargeable nature of student loans should not apply to those with cosigners. *See* Dkt. # 78 at pp. 1–2. He cites no case law for this proposition; nor could he, as bankruptcy courts do not agree. *See, e.g.*, *In re Corbin*, 506 B.R. 287, 298–99 (Bankr. W.D. Wash. 2014) (holding that a co-signor's provision of an accommodation created "an obligation on the part of the debtor to repay funds received as an educational benefit" that was non-dischargeable absent a showing of undue hardship). At bottom, this case is an attempt to re-litigate Brown's bankruptcy proceeding, only this time before a district court. Whether

---

[4] The Court further contrasted the evidentiary burden under § 523(a)(8) with that of § 523(a)(6), under which certain debts "are presumptively dischargeable 'unless' the creditor requests a hearing to determine the debt's dischargeability." *Id.*

[5] *See Law v. Educ. Resources Inst., Inc.* (*In re Law*), 159 B.R. 287, 291 (Bankr. D.S.D. 1993); *see also United States v. Wood*, 925 F.2d 1580, 1583 (7th Cir. 1991) (Code § 523(a)(8) is self-executing, and thus the burden is on the debtor to initiate a proceeding to determine the dischargeability of the debt); *Buford v. Higher Educ. Assistance Found.*, 85 B.R. 579, 582 (D. Kan. 1988) (same); *Fitzgerald v. Pa. Higher Educ. Assistance Agency* (*In re Fitzgerald*), 40 B.R. 528, 529 (Bankr. E.D. Pa. 1984) (a creditor is under no obligation to file a complaint to determine whether its debt is nondischargeable).

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 9

149842810.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Brown's student loans were dischargeable has already been decided, *see* Dkt. # 62, and to the extent Brown disagrees, he must reopen his bankruptcy case. In this court, Brown must ultimately prove his debts *were* in fact discharged to succeed on his claims, and he cannot do so. Accordingly, Brown's claims should be dismissed.

### F. Brown's Claims for Declaratory and Injunctive Relief Must Be Dismissed Because He Failed to Substantively Address the Lack of an Actual Controversy.

Defendants argued that Brown's declaratory judgment claims (Count II) must be dismissed because they fail to allege an actual controversy between Brown and any Defendant. *See* Dkt. # 62 at pp. 20–22. Particularly, Brown requests a declaration that Defendants cannot collect on his loans, but he has not alleged that any Defendant has attempted or even threatened to collect since the state court litigation. Thus, Brown has not stated any factual allegations to support a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" for declaratory or injunctive relief. *See* 28 U.S.C. § 2201.

Rather than substantively address this deficiency in his Opposition, Brown merely claims—in a footnote—that it "seems self-evident based on the Defendants['] own contentions that a live controversy exists between the parties." Dkt. # 78 at p. 3 n.1. Brown does not point to a single one of Defendants' contentions to support his argument.[6] Nor can he. Because Brown has substantively failed to respond to the issues Defendants raise, he has conceded the point. *See Stichting Pensioenfonds*, 802 F. Supp. 2d at 1132.

### G. Brown's Argument Regarding Res Judicata Is Irrelevant, Incorrect, and Incomprehensible.

Finally, Brown ostensibly creates a straw man and claims, *with no support*, that the state court judgment has essentially nullified his bankruptcy proceedings. *See* Dkt. # 78 at p. 6–9.

---

[6] Instead of arguing the point, Brown suggests that if "the Court does not believe it can retain jurisdiction of these claims then it should remand them to the state court which has broader declaratory and injunctive powers than this Court," Dkt. # 78 at p. 3 n.1, but this is both procedurally improper and irrelevant. Defendants' argue not that the Court does not have jurisdiction to adjudicate claims for declaratory and injunctive relief, but simply observe that Brown has failed to state a claim for such relief because he has not alleged the existence of an actual controversy. *See* Dkt. # 62 at pp. 20–22.

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 10

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Although difficult to discern, it appears that Brown argues one or more legal principles should bar Defendants from claiming ownership of his loans or asserting "defenses based on the bankruptcy proceedings." *Id*. at 9. Brown, however, fails to explain how any of these nearly incomprehensible arguments resolve the failures identified in Defendants' Joint Motion to Dismiss—primarily an impermissible collateral attack on the bankruptcy judgment.

Brown incredibly asserts that the state court judgment should bar Defendants from claiming ownership to the loans, apparently in perpetuity. Yet Brown fails to attach the state court's order, which simply states: "It is further ordered that the Affidavit of Bradley Luke in Support of Response to Defendant's Motion for Summary Judgment . . . is hearsay and inadmissible under RCW 5.45.020 . . . ." *See* Summ. J. Order, Ex. A. Thus, the state court found only that the *particular* affidavit provided in that court to establish "chain of custody" was hearsay under a state evidentiary rule. The state court never held that the Trusts did not own the loans. *Id.*[7]

Brown also appears to argue that res judicata should apply to "defenses based on the bankruptcy proceedings." Dkt. # 78 at p. 9. Applying res judicata to bar *Defendants* in this way is nonsensical—it was not Defendants' burden to raise the issue of dischargeability in the state collections action. Brown's position, moreover, would lead to absurd results by allowing state courts to unilaterally overturn bankruptcy court judgments. The Court should ignore Brown's attempts to obfuscate the issues and grant Defendants' Joint Motion to Dismiss.

### III. CONCLUSION

For the reasons stated above and in Defendants' Joint Motion to Dismiss, the Court should dismiss Brown's claims against all Defendants.

---

[7] Regardless, Brown argues that Defendants are narrowing the scope of the state court decision, citing *Marino Prop. Co. v. Port Comm'rs of Port of Seattle*, 644 P.2d 1181, 97 Wash. 2d 307 (Wash. 1982). But *Marino* is inapposite. There, the final judgment was an affirmance of a trial court holding where the trial court had ruled on *alternative bases*: the matters were either not ripe or without merit. *See id.* at 1184. Thus, there was a real dispute regarding on *which* basis the appellate court affirmed, and res judicata applied only because the court determined that the previous judgment was on the merits. *Id.* at 1184–85. That is simply not the case here, and Brown never explains how *Marino* pertains to his case.

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 11

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: October 15, 2020

| | |
|---|---|
| PERKINS COIE LLP | SESSIONS, FISHMAN, NATHAN & ISRAEL |
| By: s/ Kristine E. Kruger<br>Kristine E. Kruger, WSBA No. 44612<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>KKruger@perkinscoie.com | By: s/ Bryan C. Shartle, Esq.<br>Bryan C. Shartle, *Pro Hac Vice*<br>Justin Homes, *Pro Hac Vice*<br>Bradley St. Angelo, *Pro Hac Vice*<br>3850 North Causeway Boulevard, Suite 200<br>Metairie, LA 70002<br>bshartle@sessions.legal<br>jhomes@sessions.legal<br>bstangelo@sessions.legal |
| *Attorneys for Defendants U.S. Bank National Association, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2* | *Attorneys for Transworld Systems Inc* |
| CORR CRONIN LLP | JONES DAY |
| By: s/ Emily J. Harris<br>Emily J. Harris, WSBA No. 35763<br>Benjamin C. Byers, WSBA No. 52299<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br>eharris@corrcronin.com<br>bbyers@corrcronin.com | By: s/ Albert J. Rota<br>By: s/ Dan Syed<br>Albert J. Rota, *Pro Hac Vice*<br>Dan Syed, *Pro Hac Vice*<br>2727 North Harwood St.<br>Dallas, TX 75201<br>ajrota@jonesday.com<br>dsyed@jonesday.com |
| *Attorneys for Transworld Systems Inc.* | *Attorneys for U.S. Bank National Association* |

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 12

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| 1 | LEE SMART, P.S., INC. |
| 2 | By: s/ Marc Rosenberg |
| 3 | Marc Rosenberg, WSBA No. 31034<br>1800 One Convention Place |
| 4 | 701 Pike St.<br>Seattle, WA 98101 |
| 5 | Mr@leesmart.com |
| 6 | *Attorneys for Patenaude & Felix, APC* |

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL)– 13

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## **CERTIFICATE OF SERVICE**

I hereby certify under the penalty of perjury under the laws of the United States that on the date below, I electronically served the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of records.

DATED at Seattle, Washington this 15th day of October, 2020.

s/ Kate Johnson
Kate Johnson, Legal Practice Assistant

DEFENDANTS' REPLY IN SUPPORT OF JOINT
MOTION TO DISMISS THE AMENDED
COMPLAINT (No. 2:20-cv-00669-RSL) – 14

149842810.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000