Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| OSURE BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC., PATENAUDE & FELIX, APC; U.S. BANK, NA. NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2,<br><br>Defendants. | No. 2:20-cv-00669-RSL-TLF<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to LCR 16(a)(2) and 26(f)(1), Fed. R. Civ. P. 16 and 26(f), and the Court's Orders on Initial Discovery, (Dkt 29), Plaintiff and Defendants, though counsel, (collectively the "Parties") submit the following Joint Status Report and Discovery Plan.

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**1.     A statement of the nature and complexity of the case.**

Plaintiff claims the Defendants are liable for the wrongful collection efforts in violation of state or federal consumer protection laws. The Defendants pursuit of these claims also violate discharge orders. In addition to allowed damages, the Plaintiff also seeks declaratory and injunctive relief.

Defendants deny liability and deny damages as to all of Plaintiff's causes of action.

Plaintiff contends that there is complexity since this case is filed as a class action, although Plaintiff asserts that prior litigation has already determined some liability issues.

Defendants disagree that prior litigation has already determined some liability issues, and disagree that this is currently a complex case. However, if the class were to be certified it would add a level of complexity to this case.

**2.     A proposed deadline for the joining of additional parties.**

The deadline for joining additional Parties should be 30 days following the filing of this Joint Status Report.

**3.     A discovery plan that states, by paragraph letters, the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3):**

**a.     Initial disclosures.**

The Parties exchanged initial disclosures as required by the Court's Order on initial discovery. (Dkt 59).

**b.     Subjects, timing, and potential phasing of discovery.**

Defendants intend to move to stay discovery pending resolution of their motions to dismiss. Plaintiff disagrees with any move to stay discovery pending resolution of the motion to dismiss. Defendants believe that class discovery should not be permitted until after class certification, if that occurs, other than narrow discovery targeted to determine whether class treatment is appropriate. Otherwise, the Parties agree that discovery should be conducted

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

within the parameters provided by the Federal Rules of Civil Procedure. *See also* Section 5(e) below, entitled: "Anticipated discovery sought."

### c. Electronically stored information.

Without waiving objections as to any particular document or categories of documents, the Parties agree that, in the initial round of document production, documents may be produced in searchable bates-numbered PDF, TIFF, or JPEG format. After initial production, Plaintiff may seek some documents in native format with metadata. Defendants will need to see Plaintiff's subsequent requests to determine the appropriate response, but reserve all objections.

The Parties have agreed upon various issues relating to the production of ESI, which are set forth at Section 4(j), *infra*.

The Parties agree that, if there is a dispute, or if the need to produce other categories of documents arises, they will work cooperatively to minimize the time and expense related to production of e-discovery. If the Parties are still unable to agree after good-faith efforts to resolve discovery disputes, they may resort to seeking resolution from the Court.

### d. Privilege issues.

The Parties agree that privilege logs will be produced with each party's discovery responses, either at the time of production or within 30 days after completing rolling productions. The Parties anticipate working in good faith on a stipulated protective order based on a modified version of the Court's model protective order. Such stipulated order may also provide agreements regarding privilege, including a procedure to "clawback" documents and the assertion of privilege claims after production pursuant to Federal Rule of Evidence 502.

Defendants believe that there are attorney-client privileged communications between the law firm of Patenaude and Felix, APC, its client, the Trusts, and the Trusts' Subservicer, TSI. There may also be other privileged communications between Defendants and third

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

parties, including regulators, and between and among the various Defendants. Plaintiff reserves the right to challenge such communications as collection agency communications as opposed to attorney-client communications.

The Plaintiff anticipates disputes regarding the confidentiality of documents based on confidential trade secrets or work product privilege. It is Plaintiff's position that documents that have been publicly disclosed including in other litigation and not the subject of any protective order may not be the subject of any privilege assertion here. Without more information from Plaintiff regarding specific documents of concern, Defendants cannot assess Plaintiff's position. Defendants believe any privilege analysis or determination should be conducted on a document-by-document basis, and Plaintiff can meet and confer with the proper Defendant concerning any privilege concerns as set forth above.

The Parties will work in good faith to resolve any dispute regarding privilege. If the Parties are still unable to agree after good-faith efforts to resolve discovery disputes, they may resort to seeking assistance from the Court.

### e. Proposed limitations on discovery.

The Parties agree that discovery should be limited as provided in the Federal Rules of Civil Procedure and Local Rules. The Parties agree that any objections to a discovery request should be specific as to that discovery request, and there should be no "General Objections" in a section preceding discovery responses.

Plaintiff contends that boilerplate objections to discovery requests are not proper and may not be used. Plaintiff requested that Defendants agree to this prohibition. Defendants believes the term "boilerplate" lacks context, and whether a specific objection is appropriate to a specific discovery response should be determined on a case-by-case basis.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Defendants intend to file a motion to stay of discovery pending resolution of their motions to dismiss. Plaintiff plans to oppose any motion for a blanket stay of discovery, and believes that initial document and other background discovery can proceed and is not unduly burdensome. Defendants require additional information concerning Plaintiff's proposed "initial document and other background discovery" before they can determine whether such discovery is unduly burdensome or proportional to the needs of the case overall, or in light of the pending motions to dismiss.

Defendants state that class discovery should not be permitted until after class certification, if that occurs, other than narrow discovery targeted to determine whether class treatment is appropriate. Plaintiffs disagree on this point as there is always some overlap of merits and class discovery.

Otherwise, the Parties do not currently seek additional limitations on discovery, but may seek limitations should the need arise.

### f. The need for any discovery related orders.

Defendants intend to file a motion to stay discovery pending resolution of their motions to dismiss. Plaintiff plans to oppose any motion for a blanket stay of discovery. Subject to the limitations described in section 3(d) above, the Parties intend to use the Model Stipulated Protective Order, as modified by mutual agreement. Additional orders may be necessary based on the scope of discovery and discussions of the Parties as to such discovery. The Parties will attempt to amicably resolve differences whenever possible. If a genuine dispute arises, and the parties are unable to resolve it, the Court may be requested to resolve such disputes.

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**4. The parties' views, proposals, and agreements, by corresponding paragraph letters, on all items set forth in Local Civil Rule 26(f)(1):**

**a. Prompt case resolution.**

The Parties intend to file dispositive motions on all or part of the claims, allegations, and/or affirmative defenses in an effort to shorten or simplify the case. Defendants currently have pending motions to dismiss. (Dkt. 62, 65, 68, 69, 71). The parties currently have no additional, specific suggestions for shortening or simplifying the case.

**b. Alternative dispute resolution.**

If the matter is not dismissed on dispositive motions, the parties prefer mediation at the close of discovery pursuant to LCR 39.1.

**c. Related cases.**

*Tommy Brown v. Transworld Systems, Inc., et al.*, Case No. 2:20-cv-00680-RSL.

**d. Discovery management.**

Discovery should be managed as provided for in the Federal Rules of Civil Procedure and Local Rules. The Parties are negotiating a separate e-service agreement that will be submitted to the Court once it is completed.

Plaintiff believes that any discovery disputes should be presented to the Court using LCR 37(a)'s expedited joint motion. Defendants do not agree in advance that each discovery dispute should be resolved under LCR 37(a)'s expedited joint motion procedure and believe that the methodology to resolve discovery disputes should be determined on a case-by-case basis.

**e. Anticipated discovery sought.**

The Parties anticipate discovery depositions of the parties and non-parties and discovery pursuant to Civil Rule 33, 34, 36, and 45. The Parties believe substantial discovery will be required of non-parties. This is a statement of the parties' present intentions but does not represent an agreement as to any particular areas of inquiry.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle ·WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**Plaintiff currently intends to conduct discovery on the following topics:**

1. Records related to the Educational Resource Institute's ("TERI") bankruptcy, and any effect of TERI's bankruptcy on the NCSLTs, including without limitation the voiding of any TERI guarantee, and any money refunded by TERI to First Marblehead, the NCSLTs, or any Originating Bank during TERI's bankruptcy proceedings in the District of Massachusetts
2. Records related to servicing for Private Loans NCSLT has with the AES/PHEAA, Transworld Systems Inc., or any other servicing or collections entity
3. Discovery regarding NCSLTs' contracts or agreements related to Private Loans.
4. Discovery regarding the origination process for the NCSLT Loans
5. Discovery regarding Transworld's Attorney Network and the retention of attorneys for collection litigation and the relevant retainer agreements therein.
6. Discovery regarding the filing of proofs of claim in bankruptcy and the contractual agreements with entities who file the proof of claims.
7. Discovery of collection and litigation of borrowers after a bankruptcy discharge.
8. Discovery regarding the transfer of loans from the originating bank into the NCSLT trusts.
9. Discovery regarding the loan "schedules" 1, 2 and 3 for each NCSLT trust named in this lawsuit and the metadata, the manner in how they are kept, and how and if they were transferred to NCSLT.
10. Discovery regarding the credit agreements, note disclosure documents, terms and conditions, record of payments, statements send to the borrowers, and other servicing matters. Additionally, issues of discovery will involve the retention

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

procedures and the manner in how those documents are kept and accessed by the Defendants.

11. The preparation, compilation and drafting of affidavits for filing in collection lawsuits.

12. Discovery regarding federal and state investigations and consent orders regarding Transworld Systems Inc and the NCSLT Trusts as referenced in the complaint. Additionally, discovery will be conducted as to the Washington State Attorney General's Civil Investigation Demand to AES/PHEAA regarding the NCLST loans as well as the September 11, 2020 Consent order re New York Attorney General's Assurance of Discontinuance re subservicer Transworld System Inc.'s servicing of NCSLT loans.

13. Discovery into US Bank's role in management and oversight of NCSLT trusts.

14. Discovery related to the AES/PHEAA audit as documented in a report entitled the Servicing Performance Review of Pennsylvania Higher Education Assistance Agency and dated September 15, 2015.

15. Discovery into the origination of NCSLT loan program and the contracts for transfer of servicing, default servicing and the guarantees and insurance for the NCSLT loans after the TERI bankruptcy.

16. Discovery relating to the prior state court litigation between Plaintiff and the Trusts.

17. Discovery arising out of what is obtained related to ¶¶ 1-16.

**Defendants currently intend to conduct discovery on the following topics:**

1. Discovery related to Plaintiff's incurring the underlying debt.
2. Discovery concerning Plaintiff's chapter 13 bankruptcy proceeding.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3. Discovery concerning Plaintiff's understanding of the effect of his Chapter 13 bankruptcy plan and the bankruptcy discharge on his student loans.
4. Discovery concerning Plaintiff's understanding of the terms of his student loans.
5. Discovery to obtain documents related to Plaintiff's financial status and financial ability to pay debts, including bank statements and credit card records.
6. Discovery related to the underlying state court litigation.
7. Discovery regarding Plaintiff's prior lawsuits, if any.
8. Discovery related to Plaintiff's reception of any communications from Defendants and actions taken by Plaintiff upon receipt.
9. Discovery related to each of Plaintiff's written and/or oral communications with Defendants.
10. Discovery regarding Plaintiff's claimed damages, if any.
11. Discovery related to Plaintiff's claims and Defendant's defenses.
12. Defendants may conduct similar third-party discovery.

### f. Whether phasing motions are desirable.

The Parties do not currently believe that phasing motions are desirable.

### g. Preservation of discoverable information.

The Parties do not foresee issues with the preservation of or production of electronically stored information, subject to any applicable objection or privilege. The parties have taken reasonable steps to preserve electronically stored information.

### h. Privilege issues.

*See* Paragraphs 3(d), 3(e), and 4(e), *supra*.

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**i.     Model Protocol for Discovery of ESI.**

The Parties disagree regarding the ESI protocol to be used. Plaintiff prefers use of the Model ESI protocol. Defendants prefer that the Parties craft their own ESI protocol.

**j.     Alternatives to Model Protocol.**

Without waiving objections regarding challenges to production of specific documents, or categories of documents, the Parties agree that:

(i)     Documents other than emails and email attachments may generally be produced as searchable bates-numbered PDF documents, or other similar reasonably accessible electronic format as agreed to by the Parties;

(ii)    Emails may be produced either in PDF or .pst format, with attachments, if any, produced in their native formats. If a document is produced in PDF format and a party believes it requires an electronic version, it may request such, and the parties agree to meet and confer in good faith;

(iii)   A producing party may produce electronically stored documents, including emails, attachments, and other documents, as TIFF or JPG images. To the extent technically feasible without undue burden, TIFFs or JPGs must show all text and images that would be visible to the reader using the native software that created the document;

(iv)   A producing party may provide documents with a Concordance-compatible image and data load files (i.e., .OPT and .DAT files) using standard Concordance delimiters.

(v)    If a party intends to use search terms to respond to particular Requests for Production, the producing party may produce such search terms to the requesting party prior to conducting the search. No Party is required to use search terms to collect documents or to search for documents in response to a Request for Production;

JOINT STATUS REPORT AND DISCOVERY PLAN - 10
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

(vi) To the extent the Parties may agree to disclose records custodians to each other, no producing party is required to search for ESI from more than three records custodians, each of whom may be identified to the requesting party before performing the search; and

(vii) Nothing herein prohibits the Parties, or a subset of Parties, from negotiating further agreements concerning production of ESI.

**5.    The date by which discovery can be completed.**

The Parties propose November 20, 2021 as a deadline for completion of discovery.

**6.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The Defendants believe that the trial should be bifurcated into a liability phase and, if any Defendant is found liable, an injunction phase.

**7.    Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The parties agree that they will comply with, and not dispense with, pretrial statements and the pretrial order.

**8.    Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.**

The Parties do not intend to use the Individualized Trial Program set forth in Local Civil Rule 39.2. If the matter is not dismissed on dispositive motions, and ADR becomes necessary, the parties believe that mediation at the close of discovery before an independent mediator mutually agreed to by the Parties will be the most acceptable options set forth in Local Civil Rule 39.1.

JOINT STATUS REPORT AND DISCOVERY PLAN - 11
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**9. Any other suggestions for shortening or simplifying the case.**

The Parties intend to file dispositive motions on all or part of the claims, allegations, and/or affirmative defenses in an effort to shorten or simplify the case. The parties currently have no additional, specific suggestions for shortening or simplifying the case.

**10. The date the case will be ready for trial.**

The Parties agree that the case should be ready for trial as an individual case by 180 days after close of discovery. However, Defendants contend that a trial continuance would be needed if a class were certified in this case. Should that occur, Defendants would move for a trial continuance.

**11. Whether the trial will be jury or non−jury.**

Plaintiff has demanded a jury.

**12. The number of trial days required.**

The Parties believe that at least seven (7) court days will be needed to try this case as an individual case. However, it is Defendants position that this number would be insufficient if a class were to be certified, and they would seek additional time should that occur.

JOINT STATUS REPORT AND DISCOVERY PLAN - 12
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**13.　The names, addresses, and telephone numbers of all trial counsel.**

| | |
|---|---|
| HENRY & DEGRAAFF, P.S. | CONSUMER LAW CENTER, LLC |
| By: /s/ Christina L. Henry <br> Christina L. Henry, WSBA No. 31273 <br> 787 Maynard Ave S <br> Seattle, WA 98104 <br> Telephone: 206.330.0595 <br> Facsimile: 206.400.7609 <br> chenry@HDM-legal.com <br><br> *Counsel for Plaintiff* | By: /s/ Phillip Robinson <br> Phillip Robinson, *Pro Hac Vice* <br> 8737 Colesville Road, Suite 308 <br> Silver Spring, MD 20910 <br> phillip@marylandconsumer.com <br><br> *Counsel for Plaintiff* |
| BORISON FIRM, LLC | SESSIONS, ISRAEL & SHARTLE |
| By: /s/ Scott Borison <br> Scott Borison, *Pro Hac Vice* <br> 1900 S. Norfolk St., Suite 350 <br> San Mateo, CA 94403 <br> scott@borisonfirm.com <br><br> *Counsel for Plaintiff* | By: /s/ Bryan C. Shartle, Esq. <br> Bryan C. Shartle, *Pro Hac Vice* <br> Justin Homes, *Pro Hac Vice* <br> Bradley St. Angelo, *Pro Hac Vice* <br> 3850 North Causeway Boulevard, Suite 200 <br> Metairie, LA 70002 <br> bshartle@sessions.legal <br> jhomes@sessions.legal <br> bstangelo@sessions.legal <br><br> *Attorneys for Transworld Systems Inc.* |
| CORR CRONIN LLP | JONES DAY |
| By: /s/ Emily J. Harris <br> Emily J. Harris, WSBA No. 35763 <br> Benjamin C. Byers, WSBA No. 52299 <br> 1001 Fourth Avenue, Suite 3900 <br> Seattle, WA 98154 <br> eharris@corrcronin.com <br> bbyers@corrcronin.com <br><br> *Attorneys for Transworld Systems Inc.* | By: Albert J. Rota <br> Albert J. Rota, *Pro Hac Vice* <br> 2727 North Harwood St. <br> Dallas, TX 75201 <br> ajrota@jonesday.com <br><br> *Attorneys for U.S. Bank National Association* |

JOINT STATUS REPORT AND DISCOVERY PLAN - 13
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

| PERKINS COIE LLP | LEE SMART, P.S., INC. |
|---|---|
| By: /s/ Kristine E. Kruger | By: /s/ Marc Rosenberg |
| Kristine E. Kruger, WSBA No. 44612 | Marc Rosenberg, WSBA No. 31034 |
| Thomas N. Abbott, WSBA No. 53024 | 1800 One Convention Place |
| 1201 Third Avenue, Suite 4900 | 701 Pike St. |
| Seattle, WA 98101 | Seattle, WA 98101 |
| Telephone: 206.359.8000 | Mr@leesmart.com |
| Facsimile: 206.359.9000 | |
| KKruger@perkinscoie.com | *Attorneys for Patenaude & Felix, APC* |
| TAbbott@perkinscoie.com | |

*Attorneys for Defendants U.S. Bank National Association, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2*

**14. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

Plaintiff has conflicts for trial on the following dates:

None identified.

Defendants have conflicts for trial on the following dates:

- 10/18/21 – Four-day trial

**15. If all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required Fed. R. Civ. P. 26(f) conference and Fed. R. Civ.P. 26(a) initial disclosures.**

All Defendants have been served or waived service.

JOINT STATUS REPORT AND DISCOVERY PLAN - 14
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

**16. Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

No.

**17. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**

05/04/20    TSI (Dkt. 2)

05/06/20    Patenaude and Felix, APC (Dkt 10).

05/13/20    U.S. Bank (Dkt 27).

05/21/20    NCSLTs (Dkt 34).

JOINT STATUS REPORT AND DISCOVERY PLAN - 15
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

JOINTLY SUBMITTED this 19th day of November, 2020.

| | |
|---|---|
| HENRY & DEGRAAFF, P.S. | CONSUMER LAW CENTER, LLC |
| By: /s/ Christina L. Henry<br>Christina L. Henry, WSBA No. 31273<br>787 Maynard Ave S<br>Seattle, WA 98104<br>Telephone: 206.330.0595<br>Facsimile: 206.400.7609<br>chenry@HDM-legal.com<br><br>*Counsel for Plaintiff* | By: /s/ Phillip Robinson<br>Phillip Robinson, *Pro Hac Vice*<br>8737 Colesville Road, Suite 308<br>Silver Spring, MD 20910<br>phillip@marylandconsumer.com<br><br>*Counsel for Plaintiff* |
| BORISON FIRM, LLC | SESSIONS, ISRAEL & SHARTLE |
| By: /s/ Scott Borison<br>Scott Borison, *Pro Hac Vice*<br>1900 S. Norfolk St., Suite 350<br>San Mateo, CA 94403<br>scott@borisonfirm.com<br><br>*Counsel for Plaintiff* | By: /s/ Bryan C. Shartle, Esq.<br>Bryan C. Shartle, *Pro Hac Vice*<br>Justin Homes, *Pro Hac Vice*<br>Bradley St. Angelo, *Pro Hac Vice*<br>3850 North Causeway Boulevard, Suite 200<br>Metairie, LA 70002<br>bshartle@sessions.legal<br>jhomes@sessions.legal<br>bstangelo@sessions.legal<br><br>*Attorneys for Transworld Systems Inc.* |
| CORR CRONIN LLP | JONES DAY |
| By: /s/ Emily J. Harris<br>Emily J. Harris, WSBA No. 35763<br>Benjamin C. Byers, WSBA No. 52299<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br>eharris@corrcronin.com<br>bbyers@corrcronin.com<br><br>*Attorneys for Transworld Systems Inc.* | By: Albert J. Rota<br>Albert J. Rota, *Pro Hac Vice*<br>2727 North Harwood St.<br>Dallas, TX 75201<br>ajrota@jonesday.com<br><br>*Attorneys for U.S. Bank National Association* |

JOINT STATUS REPORT AND DISCOVERY PLAN - 16
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

| | |
|---|---|
| PERKINS COIE LLP<br><br>By: /s/ Kristine E. Kruger<br>Kristine E. Kruger, WSBA No. 44612<br>Thomas N. Abbott, WSBA No. 53024<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>KKruger@perkinscoie.com<br>TAbbott@perkinscoie.com<br><br>*Attorneys for Defendants U.S. Bank National Association, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2* | LEE SMART, P.S., INC.<br><br>By: /s/ Marc Rosenberg<br>Marc Rosenberg, WSBA No. 31034<br>1800 One Convention Place<br>701 Pike St.<br>Seattle, WA 98101<br>Mr@leesmart.com<br><br>*Attorneys for Patenaude & Felix, APC* |

JOINT STATUS REPORT AND DISCOVERY PLAN - 17
2:20-cv-00669-RSL-TLF
6758245.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944