THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>    Plaintiff,<br><br> v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>    Defendants. | No. 2:20-cv-00669-RSL<br><br>DEFENDANTS NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2'S MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTIONS TO DISMISS<br><br>NOTE ON MOTION CALENDAR:<br><br>January 22, 2021<br><br>ORAL ARGUMENT REQUESTED |

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –1
150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## I.   INTRODUCTION

Pursuant to Civil Local Rules 7(d)(2) and (3), Defendants National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007 1, and National Collegiate Student Loan Trust 2007-2 (collectively, "the Trusts") hereby move this Court to stay discovery pending the rulings on the Trusts' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) and the Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint Under Rule 12(b)(6) ("Motions to Dismiss") filed on August 6, 2020 and noted for hearing on October 16, 2020 (*see* Dkt. Nos. 62, 71 and 77) and concurrently move for a protective order excusing the Trusts from responding to Plaintiff's discovery requests pending a decision on the Motion to Stay.

Good cause exists for the Court to grant the requested relief. Commencing discovery will unnecessarily burden the parties and the Court with discovery and discovery disputes that are not relevant to the pure legal issues presented in the Motions to Dismiss. The Motions to Dismiss seek dismissal of Plaintiff's Amended Complaint for several reasons. Among other things, the Motions to Dismiss demonstrate as a matter of law that Plaintiff's student loans were not discharged in a prior bankruptcy, and as such, Plaintiff's claims based upon the alleged improper collection of discharged student loans are without merit. The Motions to Dismiss also demonstrate that the Compulsory Counterclaim Rule bars each claim asserted against the Trusts.

A decision on the pending dispositive motions will moot discovery entirely or substantially narrow it, and in any event, the Court does not need any further discovery to decide the purely legal issues presented in the Motions to Dismiss. Under these circumstances, postponing discovery is appropriate and will conserve both the parties' and the Court's time and resources by avoiding premature discovery disputes.

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –2

150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## II.     PROCEDURAL HISTORY

2      Plaintiff commenced this action in King County Superior Court on April 6, 2020, asserting

3   claims against Defendants stemming from collection attempts on student loans owned by the

4   Trusts. On May 4, 2020, the Defendants timely removed the action on federal question jurisdiction.

5   (Dkt. No. 1.)

6      After Defendants moved to dismiss the Complaint, on June 25, 2020, Plaintiff filed an

7   Amended Complaint. (Dkt. No. 56.) The Amended Complaint contends that because Plaintiff's

8   student loans were purportedly discharged in his prior bankruptcy, any subsequent collection

9   attempts violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*,

10   and bankruptcy discharge injunction pursuant to 11 U.S.C. § 524.[1]

11      On August 6, 2020, the Trusts timely filed the Motions to Dismiss noted for hearing on

12   October 16, 2020. (*See* Dkt. Nos. 62, 71 and 77.) Thereafter, the parties filed a Joint Status Report

13   and Discovery Plan on November 19, 2020. (Dkt. No. 90.) In the Joint Status Report and Discovery

14   Plan, the parties advised the Court that the Defendants intend to move to stay discovery pending

15   resolution of their motions to dismiss. (*Id.* at 2.) Plaintiff opposes any move to stay discovery

16   pending resolution of defendants' motions to dismiss. (*Id.*)

17      On December 9, 2020, Plaintiff served the Trusts with thirty (30) requests for production.

18   (*See* Declaration of Kristine E. Kruger in Support of Trusts' Motion to Stay Discovery Pending

19   Resolution of their Motions to Dismiss and Motion for Protective Order ("Kruger Decl.") filed

20   herewith at Exhibit 1: Plaintiff's First Request for Production of Documents to the NCSLT Trusts

21   served on December 9, 2020.) Because the pending Motions to Dismiss have not yet been ruled

22   on, on Monday, January 4th, counsel for the Trusts met and conferred with opposing counsel to

23

24      [1] Plaintiff also asserts a claim for declaratory judgment and injunction concerning future collection attempts
25   on his loans (Docket No. 56, Count II, ¶¶ 142-44).  But this claim is not well pled.  The Amended Complaint does not
   contain any factual allegation that any Defendant has attempted, or even threatened, to collect Plaintiff's loans since
   the Trusts' state court collection lawsuits predating this action were dismissed and the time to appeal expired. (Docket
26   No. 56 at pp. 24-25 ¶¶ 90-93.)  Instead, Plaintiff's assertions are merely retrospective, *i.e.* Defendants "have pursued
   collections of debts." (Docket. No. 56 at ¶ 31) (emphasis added).

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –3

150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  seek an extension of time to serve responses to Plaintiff's Requests for Production pending the

2  decision of the Trusts' Motion to Stay Discovery. (*See* Kruger Decl. at ¶ 5.) Plaintiff's counsel

3  declined and only offered a two-week extension of time for the discovery responses and a 30-day

4  extension of time for the full production of documents. (*Id.*) Because the discovery requests at

5  issue will impose a significant burden on the Trusts, the Trusts seek relief in the form of a stay in

6  discovery pending resolution of the Trusts' Motions to Dismiss and a protective order excusing

7  the Trusts from responding to discovery pending the outcome of this Motion.

8  ## III.   DISCUSSION

9  ### A.  Good Cause Exists to Stay Discovery Pending Resolution of the Motions to Dismiss.

10  The Federal Rules of Civil Procedure grant courts wide discretion to control discovery. *See*

11  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Hallett v. Morgan*, 296 F.3d

12  732, 751 (9th Cir. 2002) ("[B]road discretion is vested in the trial court to permit or deny discovery.

13  . . .") (internal quotations omitted). Upon a showing of good cause, a court may relieve a party

14  from the burdens of discovery while a dispositive motion is pending. *See Del Vecchio v.*

15  *Amazon.com*, 2011 WL 1585623 (W.D. Wash. April 27, 2011) (Lasnik, R.); Fed. R. Civ. P.

16  26(c)(1) ("The court may, for good cause, issue an order denying or limiting discovery to protect

17  a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .");

18  *Brown v. Vail*, 2018 WL 3636545, at *1 (E.D. Wash. July 31, 2018); *Valen v. Donatacci*, 2011

19  WL 3155240, at *1 (W.D. Wash. July 25, 2011) ("A court may relieve a party of the burdens of

20  discovery while a dispositive motion is pending.").

21  While filing a motion to dismiss does not automatically stay discovery, a stay is proper in

22  that circumstance when the dispositive motion is (1) "potentially dispositive of the entire case,"

23  and (2) can be decided without additional discovery. *See Lazar v. Bourbon*, 2018 WL 4103667, at

24  *2 (W.D. Wash. Aug. 29, 2013).

25  Both elements are met here. First, the Motions to Dismiss seek dismissal of Plaintiff's

26  entire Complaint on several grounds, including that the subject student loans were not discharged

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –4

150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  in Plaintiff's prior bankruptcy and that Plaintiff is collaterally estopped from asserting the contrary;

2  that Plaintiff has not plausibly alleged the loans are non-dischargeable; and that, regardless, the

3  student loans are non-dischargeable as a matter of law.

4        All of Plaintiff's claims under the FDCPA and § 524(a)(2) of the Bankruptcy Code hinge

5  upon Plaintiff's untenable assertion that his student loan debts are dischargeable in bankruptcy. In

6  short, the non-dischargeability issue at the center of the Motions is dispositive of Plaintiff's entire

7  case. Discovery should be postponed on that basis. *See, e.g., Roche v. Barclays Bank Delaware*,

8  2019 WL 8128161 (D. Nev. Apr. 23, 2019) (staying discovery in case alleging improper credit

9  reporting of consumer debt and concluding legal determination whether the plaintiff's personal

10  obligation to pay debt was discharged in spouse's bankruptcy was dispositive of motion to

11  dismiss). Moreover, the Compulsory Counterclaim Rule bars each claim asserted against the

12  Trusts. Thus, the Motions to Dismiss are potentially dispositive of the entire case against the

13  Trusts.

14        Second, the Motions to Dismiss can be decided without any additional discovery. The

15  Motions to Dismiss arise under Rule 12(b)(6), the purpose of which "is to enable defendants to

16  challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman*

17  *Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). The Supreme Court's

18  tightening of pleading standards in *Iqbal/Twombly*, in fact, was motivated by a recognition of the

19  high costs of discovery that defendants often incur in meritless cases. *See Bell Atl. Corp. v.*

20  *Twombly*, 550 U.S. 544, 558–59, 563 n.8 (2007) (discussing high costs of discovery and noting

21  that "cases [relied upon by dissent] do not challenge the understanding that, before proceeding to

22  discovery, a complaint must allege facts suggestive of illegal conduct").

23        The Motions to Dismiss raise issues that can be resolved on the face of the Complaint as a

24  matter of law, namely whether Plaintiff's student loans were discharged in bankruptcy. The

25  Bankruptcy Code is clear: loans, like those at issue here, "made under [a loan] program" funded

26  by a non-profit institution are non-dischargeable. 11 U.S.C. § 523(a)(8)(A)(i). Further discovery

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –5

150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

is not necessary for the Court to determine whether Plaintiff's loans qualify under such a program because § 523(a)(8) requires the Court to consider only whether The Education Resources Institute ("TERI") is a non-profit within the "common meaning" of the term and not to "look behind" TERI's tax-exempt status under state law. *See In re Rodriguez*, 319 B.R. 894, 897 (Bankr. M.D. Fla. 2005) (holding that "TERI fits the plain meaning of the term 'nonprofit institution' precisely."). Plaintiff's allegations regarding the transactions between TERI, First Marblehead Corporation, and First Marblehead Education Resources, Inc. are thus inconsequential to the Court's analysis. Yet, Plaintiff's Amended Complaint does not attempt to challenge that the loans were made under a program funded by a non-profit. Instead, Plaintiff asserts that the loans qualified for dischargeability under two other parts of the Bankruptcy Code. But those bare assertions are insufficient under Rule 8 (let alone the heightened pleading standards applicable to this case)[2] and are nonetheless immaterial to the extent the Court can determine as a matter of law the loans were non-dischargeable under 11 U.S.C. § 523(a)(8)(A)(i).

Neither is discovery required to resolve the issue of whether the Compulsory Counterclaim Rule bars the claims Plaintiff asserts against the Trusts. This is so because the legal analysis is based on whether the claims brought now are logically related to the counterclaims that could have been asserted in the past—a literal analysis of the pleadings. *See Chew v. Lord*, 181 P.3d 25, 29 (Wn. App. 2008) (describing the compulsory-counterclaim analysis as one in which "Washington courts . . . and federal courts consider whether the claim and counterclaim are logically related"). Because no discovery is needed to resolve the dispositive issues raised in the Trusts' Motions to Dismiss, postponing discovery pending resolution of the Motions is therefore proper. *See Jarvis v.*

---

[2] To allege FDCPA claims sounding in fraud, like the ones asserted here (*see* Docket Nos. 56 at ¶¶ 49(f), 50, 53, 103, 120(b), 138), plaintiffs must satisfy the heightened pleadings standard under Fed. R. Civ. P. 9(b). *See, e.g., Goree v. Wells Fargo Bank N.A.*, 2013 U.S. Dist. LEXIS 199792, at *26 (C.D. Cal. Oct. 8, 2013) ("[C]ourts in the Ninth Circuit have generally required that allegations of fraudulent representations or omission that violate the FDCPA satisfy Rule 9(b)'s heightened pleading standard."). Plaintiff's failure to satisfy that pleading standard in this respect counsels in favor of postponing the Rule 26(f) requirements and commencement of discovery. *See United States v. Center for Diagnostic Imaging, Inc.*, 2010 WL 11682231, *2 (W.D. Wash. December 16, 2010) (Lasnik, R.), citing *Bly-Magee v. Cal.*, 236 F.3d 1014, 1018 (9th Cir. 2001) ("In order to protect the courts and parties from unwarranted costs, courts are reluctant to permit discovery absent compliance with Rule 9.").

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –6
150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  *Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (affirming stay of discovery pending resolution of motion

2  to dismiss because "[d]iscovery is only appropriate where there are factual issues raised by a Rule

3  12(b) motion"); *Young v. United States*, 2013 WL 750646, at *1 (W.D. Wash. Feb. 27, 2013) ("A

4  stay of discovery is proper if the discovery sought is irrelevant to the dispositive motion before the

5  Court."); *Todd v. City of Aberdeen*, 2009 WL 10676365, at *2 (W.D. Wash. Nov. 19, 2009)

6  (Coughenour, J.) (granting stay when plaintiffs did not need discovery to resolve the pending

7  dispositive motion).

8         Because an order granting the Motions to Dismiss will dismiss the case and moot

9  discovery, any discovery conducted while the Motions to Dismiss remain under consideration will

10  likely waste party resources. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th

11  Cir. 1997) ("If the district court dismisses a nonmeritorious claim before discovery has begun,

12  unnecessary costs to the litigants and to the court system can be *avoided*. Conversely, delaying

13  ruling on a motion to dismiss such a claim until after the parties complete discovery encourages

14  abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.").

15  At worst, the Court's forthcoming decision on the Motions to Dismiss would narrow the claims

16  and refine the scope of appropriate discovery. Temporarily staying discovery until a ruling on the

17  Motions to Dismiss will thus serve the interests of judicial economy.

18     **B.  Plaintiff Will Not Be Prejudiced by a Stay of Discovery.**

19         Plaintiff will not be prejudiced by staying discovery until the Motions are decided. Because

20  the Motions to Dismiss are noted for October 16, 2020, any stay in discovery will be short-lived.

21  *See Lloyd v. Rufener*, 2018 WL 4353268, at *1 (W.D. Wash. Sept. 12, 2018) (granting stay when

22  "[t]he stay defendants seek is temporary—only until the Court rules on the pending motion to

23  dismiss."). Under these circumstances, "a brief stay of discovery will facilitate the orderly and

24  efficient progress of this case." *Lloyd*, 2018 WL 4353268, at *1.

25

26

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –7
150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

**C.  The Court Should Excuse the Trusts from Responding to Discovery Pending the Outcome of this Motion.**

3

Pending the outcome of this Motion, the Trusts respectfully request that the Court direct

4

that the Trusts are excused from responding to Plaintiff's discovery. Upon motion by a party or

5

person from whom discovery is sought, a court "may, for good cause, issue an order to protect a

6

party or person from . . . undue burden or expense. . . ." Fed. R. Civ. P. 26(c). Additionally, under

7

Federal Rule of Civil Procedure 37(d)(2), a failure to respond to discovery "is not excused on the

8

ground that the discovery sought was objectionable, unless the party failing to act has a pending

9

motion for a protective order under Rule 26(c)." Washington federal courts have routinely excused

10

failures to appear or produce with a pending motion for a protective order—without any further

11

application for relief from discovery obligations (such as a motion to stay).  *See, e.g., Hosseinzadeh*

12

*v. Bellevue Park Homeowners Ass'n*, No. C18-1385-JCC, 2020 WL 4901674, at *6 (W.D. Wash.

13

Aug. 20, 2020) (denying sanctions for failure to prepare a witness to discuss certain topics because

14

the defendant "was not required to produce a Rule 30(b)(6) witness to discuss the topics that were

15

disputed in the [defendant's pending] motion" for a protective order); *Cen Com Inc. v. Numerex*

16

*Corp.*, No. C17-0560 RSM, 2018 WL 1737943, at *3 (W.D. Wash. Apr. 11, 2018) (refusing

17

sanctions sought for the time period that defendant withheld certain documents while a motion for

18

protective order was pending, even after the protective order was subsequently denied and the

19

documents were produced); *telSPACE, LLC v. Coast to Coast Cellular, Inc.*, No. 2:13-CV-01477

20

RSM, 2015 WL 11236283, at *5 (W.D. Wash. Mar. 13, 2015) ("The Court also fails to discern

21

any sanctionable discovery abuse by C2C, whose pending motion for protective order excused its

22

appearance at the scheduled depositions."). Here, as good cause is shown to stay discovery, the

23

Trusts additionally seek a protective order excusing response to Plaintiff's discovery requests until

24

the Court rules upon the Trusts' Motion to Stay.

25

26

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –8
150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## IV.    CONCLUSION

2      For the foregoing reasons, the Trusts respectfully request the Court stay discovery until 30

3   days after the Court decides the pending Motions to Dismiss (Dkt. Nos. 62 and 71), and excuses

4   the Trusts from responding to discovery pending the outcome of the Motions to Dismiss, or as

5   otherwise directed by the Court.

6

7   DATED: January 7, 2020                    By: s/ Kristine E. Kruger
                                               By: s/ Thomas N. Abbott
8                                              Kristine E. Kruger #44612
                                               Thomas N. Abbott #53024
9                                              **Perkins Coie LLP**
                                               1201 Third Avenue, Suite 4900
10                                             Seattle, WA 98101-3099
                                               Telephone: 206.359.8000
11                                             Facsimile: 206.359.9000
                                               Email:   KKruger@perkinscoie.com
12                                                       TAbbott@perkinscoie.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) –9

150923235.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## CERTIFICATE OF SERVICE

2

I hereby certify under the penalty of perjury under the laws of the United States that on

3

the date below, I electronically served the foregoing with the Clerk of the Court using the

4

CM/ECF system, which will send notification of such filing to all counsel of records.

5

DATED at Seattle, Washington this 7th day of January, 2021.

6

7

/s/ Kate Johnson
Kate Johnson, Legal Practice Assistant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE TRUSTS' MOTION FOR
PROTECTIVE ORDER AND TO STAY
DISCOVERY (No. 2:20-cv-00669-RSL) – 10
148202910.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000