THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSURE BROWN, on his own behalf and on behalf of other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC., *et al.*,<br><br>Defendants. | No. 2:20-cv-00669-DGE<br><br>DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, AND NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2'S RENEWED MOTION TO DISMISS UNDER RULE 12(B)(6)<br><br>NOTE OF MOTION CALENDAR: Friday, October 20, 2023<br><br>ORAL ARGUMENT REQUESTED |

DEFENDANTS' RENEWED
MOTION TO DISMISS – 1
(No. 2:20-cv-00669-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants U.S. Bank

2   National Association ("U.S. Bank"), National Collegiate Student Loan Trust 2004-1, National

3   Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National

4   Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National

5   Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National

6   Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2

7   (collectively, the "Trusts") hereby file this renewed motion to dismiss Count II of Plaintiff's

8   Amended Complaint (Dkt. #56).[1]  Because the sole remaining claim asserted against U.S. Bank

9   and the Trusts is a claim for declaratory and injunctive relief, which "are not stand-alone claims,"[2]

10  the Court should dismiss that claim with prejudice.

11  ## I.   INTRODUCTION AND BACKGROUND

12  As the Court is aware, this case arises from student loans that Plaintiff Osure Brown

13  obtained and on which he later defaulted before entering bankruptcy.  Defendant Trusts own the

14  loans; their Special Subservicer Transworld Systems, Inc. ("TSI") serviced the loans after Brown

15  defaulted on them; and the law firm Patenaude & Felix ("Patenaude") was retained on behalf of

16  the Trusts to attempt to collect on the loans, which included filing collection lawsuits against

17  Brown in state court litigation that has since been dismissed.  Brown now brings claims against

18  the Trusts, TSI, Patenaude, and U.S. Bank—the Successor Special Servicer for the Trusts—

19  stemming from these collection attempts.  The Court granted Defendants' motions to dismiss each

20  of Brown's claims, *Brown v. Transworld Sys., Inc.*, 2:20-CV-00669-DGE, 2022 WL 617438, at

21

22  ---

[1] U.S. Bank and the Trusts previously made the arguments herein in Defendants' prior joint motion to dismiss, ECF 62, as well as U.S. Bank's and the Trusts' separate motions to dismiss, ECF 65, 71, which this Court granted.  As explained below, the Ninth Circuit's subsequent decision in this litigation requires dismissal once again of Plaintiff's claim against U.S. Bank and the Trusts in Count II.  They thus file this renewed motion to dismiss in the interests of judicial economy.  *Cf. In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 319 (9th Cir. 2017) (recognizing that even as to "'successive motions to dismiss that raise arguments that could have been made in a prior motion … courts faced with a successive motion often exercise their discretion to consider the new arguments in the interests of judicial economy'").

[2] *See Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1038 (9th Cir. 2023) (reaffirming that bare claims for declaratory and injunctive relief fail because "these remedies are not stand-alone claims").

1   *3 (W.D. Wash. Feb. 17, 2022) ("*Brown I*"), and Brown appealed.  The Ninth Circuit affirmed in

2   part, reversed in part, and remanded for proceedings "consistent with this opinion."  *Brown v.*

3   *Transworld Sys., Inc.*, 73 F.4th 1030, 1046 (9th Cir. 2023) ("*Brown II*").

4          As relevant here, the only remaining claim against U.S. Bank and the Trusts is Count II—

5   but the Ninth Circuit's decision makes clear that, even if it is technically alive, Count II must be

6   dismissed with respect U.S. Bank and the Trust.  As the Court previously recounted, Count II seeks

7   "a declaration 'that the [debts] Defendants seek to collect are discharged and may not be

8   collected'" and related injunctive relief.  *Brown I*, 2022 WL 617438, at *5.  On appeal, the Ninth

9   Circuit revived Count II, but only to the extent that it depends on Count I—*which is asserted only*

10  *against TSI and Patenaude*.  *Brown II*, 73 F.4th at 1038-39.  Specifically, the Ninth Circuit revived

11  Brown's "alternative" FDCPA theory in Count I: namely, "that because [TSI] and Patenaude knew

12  that they could not prove ownership of Brown's debts, they violated the FDCPA by bringing a

13  knowingly meritless debt collection lawsuit."  *Id* at 1039.  And in light of that holding against TSI

14  and Patenaude on Count I, the Ninth Circuit briefly held that, "[b]ecause Count I survives, we also

15  reverse and remand Brown's Count II claim for declaratory and injunctive relief for consideration

16  consistent with this opinion."  *Id.* at 1046.

17         The context makes clear that Count II does not also survive against U.S. Bank and the

18  Trusts.  In particular, while affirming this Court's dismissal of Brown's stand-alone claim for

19  declaratory and injunctive relief in Count IV, the Ninth Circuit emphasized that it "fails" because

20  "these remedies are not stand-alone claims."  *Id.* at 1038.  Just so as to Count II.  The Ninth Circuit

21  added that Brown's Count IV claim for declaratory relief likewise fails because "Brown has pled

22  no facts suggesting that any of the Defendants are likely to sue him again."  *Id.*  Just so as to Count

23  II.  And the Ninth Circuit emphasized that "any declaration that certain debts have been discharged

24  would need to be made by the bankruptcy court."  *Id.*  Again, just so as to Count II.

25         For these reasons and others expressed below, the only path forward as to U.S. Bank and

26  the Trusts—"consistent with [the Ninth Circuit's] opinion," *id.* at 1046—is to dismiss Count II as

DEFENDANTS' RENEWED
MOTION TO DISMISS – 3
(No. 2:20-cv-00669-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   to them.  To be clear, U.S. Bank and the Trusts believe that the Ninth Circuit's decision effectively

2   renders judgment in their favor.  They file this motion nonetheless to obtain a formal judgment to

3   that effect.

## II.   LEGAL STANDARD

5       To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise

6   a right to relief above the speculative level" and have "enough facts to state a claim to relief that

7   is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "[N]aked

8   assertions devoid of further factual enhancement" will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662,

9   678 (2009) (internal quotations and brackets omitted).  "Nor is the court required to accept as true

10  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

11  inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III.   ARGUMENT

13      The Ninth Circuit's decision in Brown II is eminently clear that, although Count II survives

14  based on the Count I FDCPA claim against TSI and Patenaude, it does not—and cannot—survive

15  against U.S. Bank and the Trusts, who are not named Defendants in Count I.

16      ***First***, Count II—the only remaining claim asserted against U.S. Bank and the Trusts—is a

17  bald claim for declaratory and injunctive relief that cannot stand alone.  As the Ninth Circuit

18  described it, "Count II requests declaratory and injunctive relief on the basis of Count I for the

19  FDCPA Class against all Defendants." *Brown II*, 73 F.4th at 1037.  Count I, however, is asserted

20  only against TSI and Patenaude. *Id.* at 1036 ("In Count I, Brown alleges that [TSI] and Patenaude

21  violated the FDCPA …..").  As to U.S. Bank and the Trusts, therefore, the claim for declaratory

22  and injunctive relief in Count II has no underlying substantive cause of action to support the claim.

23  And that is fatal.  In affirming the dismissal of Brown's other claims, the Ninth Circuit reaffirmed

24  that a freestanding claim for declaratory and injunctive relief "fails because these remedies are not

25  stand-alone claims." *See id.* at 1038 (holding that, because Brown's substantive claim in Count

26  III is foreclosed and because the claim for declaratory and injunctive relief in Count IV depends

DEFENDANTS' RENEWED
MOTION TO DISMISS – 4
(No. 2:20-cv-00669-DGE)

on Count III, Count IV "also fails"); *see also City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878–79 (9th Cir. 2022). All the same here: As this Court previously recognized, Brown's Count II claim against U.S. Bank and the Trusts for declaratory and injunctive relief fails because those remedies are not stand-alone claims. *See Brown I*, 2022 WL 617438, at *5. The Court need proceed no further to dismiss Count II as to U.S. Bank and the Trusts.

**Second**, although this Court previously had no occasion to address this issue, the Ninth Circuit's decision underscores that there is no actual controversy that could support Brown's freestanding claims for declaratory and injunctive relief. In particular, in affirming the dismissal of Brown's Count IV claim for declaratory and injunctive relief, the Ninth Circuit emphasized that "Brown has pled no facts suggesting that any of the Defendants are likely to sue him again." *Brown II*, 73 F.4th at 1038. That is fatal because Declaratory Judgment Act jurisdiction requires an actual controversy. *See id.* (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also United States v. Braren*, 338 F.3d 971, 975 (9th Cir. 2003) ("a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality"). Yet no such controversy exists. As the Ninth Circuit recognized, Brown has not pled any facts suggesting that U.S. Bank and the Trusts are likely to attempt collection efforts, such as filing a lawsuit against him. Because there is no actual controversy between Brown, U.S. Bank, and the Trusts, therefore, Count II fails on that additional basis.

**Third**, as this Court previously recognized, Count II improperly seeks "a declaration 'that the [debts] Defendants seek to collect are discharged and may not be collected'" and related injunctive relief. *Brown I*, 2022 WL 617438, at *5. The Ninth Circuit reaffirmed three separate ways in which this request for relief fails. First, to the extent Brown is claiming a violation of the bankruptcy discharge order, that claim "is squarely precluded by the first holding in *Walls* [*v. Wells Fargo Bank*, 276 F.3d 502, 507-09 (9th Cir. 2002)]," which is that there is no private right of action for such a violation. *Brown II*, 73 F.4th at 1038. Second, to the extent Brown is claiming that the attempted collection of allegedly discharged debts violated the FDCPA, that claim "fails under the

1    second holding in *Walls*," which is that an FDCPA claim may not be premised on a violation of a

2    discharge order.  *Id.* at 1039.  Third, to the extent Brown is seeking a declaration that certain debts

3    were discharged, that claim "fails" because "any declaration that certain debts have been

4    discharged would need to be made by the bankruptcy court."  *Id.* at 1038.  In other words, Count

5    II's discharge-dependent allegations are foreclosed—as to all Defendants, not just U.S. Bank and

6    the Trusts.  That is why the Ninth Circuit permitted Brown's claims in Count I and Count II to

7    proceed only insofar as they turn on "an alternative FDCPA theory" that "is not 'premised on a

8    violation of the bankruptcy discharge order.'"  *Id.* at 1039.  But, again, no such theory is asserted

9    against U.S. Bank and the Trusts.  For that additional reason, therefore, U.S. Bank and the Trusts

10   are entitled to dismissal of Count II.

11        ***Finally***, and in the alternative, the Trusts hereby incorporate by reference their argument

12   that Count II against them is independently foreclosed by Washington's compulsory-counterclaim

13   rules.  *See Brown I*, 73 F.4th at 1038 n.4 (acknowledging the Trusts' argument that Brown's claims

14   are foreclosed because "Brown was required to assert his claims that they did not have the right to

15   enforce his loans and that those loans were discharged as a compulsory counterclaim in the state

16   court litigation"); *see also* ECF 71 at 5–8 (Trusts' motion to dismiss).  Neither this Court nor the

17   Ninth Circuit previously "reach[ed] this issue," *id.* at 1038 n.4; *see also Brown I*, 2022 WL 617438,

18   at *6 n.10—and the Court again need not reach this issue.  For the sake of completeness, however,

19   because Brown failed to assert his claim as a compulsory counterclaim in state court, he cannot

20   assert it now.

21                              *     *     *

22        At bottom, although the Ninth Circuit reversed this Court's dismissal of Count II, the Ninth

23   Circuit made abundantly clear that it did so only "[b]ecause Count I survives" (against TSI and

24   Patenaude alone) and only on the condition that this Court's "consideration" of Count II be

25   "consistent with this opinion" (which forecloses Count II as to U.S. Bank and the Trusts).  *Brown*

26   *II*, 73 F.4th at 1046.  For all the reasons described above, the only path forward with respect to

DEFENDANTS' RENEWED
MOTION TO DISMISS – 6
(No. 2:20-cv-00669-DGE)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    U.S. Bank and the Trusts that is consistent with the Ninth Circuit's opinion is to dismiss Count II

2    against them.

### IV.    <u>CONCLUSION</u>

4           U.S. Bank and the Trusts respectfully request that the Court dismiss Count II as to them

5    and dismiss them entirely from this case.

6    Dated: September 26, 2023            By:  s/ *Kristine E. Kruger*
                                          _____
7                                         Kristine E. Kruger, Bar No. 44612
                                          **Perkins Coie LLP**
                                          1201 Third Avenue, Suite 4900
8                                         Seattle, Washington 98101-3099
                                          Telephone: 206.359.8000
9                                         Facsimile: 206.359.9000
                                          KKruger@perkinscoie.com
10
                                          *Attorneys for Defendants*
11
                                          *U.S. Bank National Association, National*
12                                        *Collegiate Student Loan Trust 2004-1,*
                                          *National Collegiate Student Loan Trust 2004-*
13                                        *2, National Collegiate Student Loan Trust*
                                          *2005-1, National Collegiate Student Loan*
14                                        *Trust 2005-2, National Collegiate Student*
                                          *Loan Trust 2005-3, National Collegiate*
15                                        *Student Loan Trust 2006-1, National*
                                          *Collegiate Student Loan Trust 2006-2,*
16                                        *National Collegiate Student Loan Trust 2007-*
                                          *1, National Collegiate Student Loan Trust*
17                                        *2007-2*

18                                        **JONES DAY**

19                                        By:  s/ *Albert J. Rota*
                                          Albert J. Rota, *Pro Hac Vice*
20                                        2727 North Harwood St.
                                          Dallas, TX 75201
21                                        ajrota@jonesday.com

22                                        By: s/ *Anthony M. Masero*
                                          Anthony M. Masero, *Pro Hac Vice*
23                                        100 High Street, 21st Floor
                                          Boston, MA 02110
24                                        amasero@jonesday.com

25                                        *Attorneys for Defendant*
                                          *U.S. Bank National Association*
26

DEFENDANTS' RENEWED
MOTION TO DISMISS – 7
(No. 2:20-cv-00669-DGE)

1

**CERTIFICATE OF SERVICE**

2

I certify under penalty of perjury that on September 26, 2023, I caused to be electronically

3

filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will

4

send a notification of the filing to the email addresses indicated on the Court's Electronic Mail

5

Notice List.

6

Dated: September 26, 2023

7

s/ *Kristine R. Kruger*

8

Kristine E. Kruger

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:20-cv-00669-DGE)