THE HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OSURE BROWN and TOMMY BROWN, on their own behalf and on behalf of other similarly situated persons, | No. 2:20-cv-00669-DGE |
| Plaintiffs, | Consolidated with Case No. 2:20-cv-00680-DGE |
| v. | NATIONAL COLLEGIATE STUDENT LOAN TRUST DEFENDANTS' REPLY IN SUPPORT OF SEPARATE MOTION TO DISMISS COUNT I OF THE CONSOLIDATED COMPLAINT |
| TRANSWORLD SYSTEMS, INC., *et al.*, | |
| Defendants | |
| | NOTE ON MOTION CALENDAR: August 8, 2024 |
| | *ORAL ARGUMENT REQUESTED* |

Defendants, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, and National Collegiate Student Loan Trust 2007-2 (collectively the "Trusts"), by counsel, submit this Reply in Support of Their Motion to Dismiss Plaintiffs' Count I of the Consolidated Complaint ("Consolidated Complaint") pursuant to Fed. R. Civ. P. 12(b)(6).

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

<u>**INTRODUCTION**</u>

2      In their Motion to Dismiss Plaintiffs' Count I of the Consolidated Complaint ("Motion to

3 Dismiss") (ECF No. 168), the Trusts explained why the FDCPA claim against the Trusts must be

4 dismissed. In their Opposition to Defendants' U.S. Bank and the NCSLT Trusts' Motions to

5 Dismiss ("Pls.' Resp.") (ECF No. 176), Plaintiffs fail to dispute most of the Trusts' arguments,

6 decline to explain the contradictions in their Consolidated Complaint, and refuse to engage the

7 Trusts' cited caselaw. In fact, Plaintiffs devote merely a *single paragraph* of their Response to the

8 issue of whether the FDCPA applies to the Trusts, even though that is the primary issue the Trusts

9 raised in their Motion to Dismiss. And in that lone paragraph, Plaintiffs ignore the Trusts'

10 arguments and the caselaw. Instead, Plaintiffs repeat the same conclusory and contradictory

11 allegations from their Consolidated Complaint that the Trusts are a "debt collector."

12      <u>First</u>, Plaintiffs do not dispute that the FDCPA applies only to debt collectors. Nor do they

13 dispute that this means creditors cannot be held liable under the FDCPA under vicarious liability.

14      <u>Second</u>, Plaintiffs do not dispute that the Trusts stated the correct test for whether an entity

15 is a debt collector.

16      <u>Third</u>, Plaintiffs do not dispute that the Court should disregard conclusory and

17 contradictory allegations in the Consolidated Complaint, and failed to dispute that the allegations

18 in their Consolidated Complaint were conclusory and contradictory.

19      <u>Fourth</u>, Plaintiffs do not dispute that the *factual* allegations in their Consolidated Complaint

20 —such as their claim that "the Trusts are investment vehicles" that "collect[] payments from the

21 borrowers" (Consol. Compl. at ¶ 38)—demonstrate that the Trusts are creditors rather than debt

22 collectors. As a result, Plaintiffs are deemed to concede these arguments. *See, e.g., Conservation

23 Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009), *aff'd*, 646 F.3d 1240 (9th Cir.

24 2011) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed

25 waived.") (citing *Locricchio v. Office of U.S. Trustee*, 313 Fed.Appx. 51, 52 (9th Cir. 2009)).

26      Plaintiffs' concessions lay bare what Plaintiffs know and the caselaw confirms—the Trusts

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

168464888.1

1    are not debt collectors under the FDCPA and Plaintiffs do not, and cannot, allege facts otherwise.

2    Therefore, the Court should grant the Trusts' motion to dismiss.

3                                        A̲RGUMENT̲

4    **I.       The Court should reject Plaintiffs' attempt to invoke the "mandate" rule and the "law**

5             **of the case" doctrine.**

6            As an initial matter, Plaintiffs' argument that the Trusts' Motion to Dismiss is foreclosed

7    by the mandate rule and the law of the case doctrine fails. Plaintiffs did not assert an FDCPA claim

8    against the Trusts in the complaint that was before the Ninth Circuit.

9            Plaintiffs appear to argue that, because the Ninth Circuit "included" the Trusts as

10   defendants in its decision, all allegations against the Trusts must have been plausibly alleged. (*See*

11   Pls.' Resp. at 4 (citing *Brown v. Transworld Sys., Inc.*, 73 F.4th 1030, 1036, n. 1 (9th Cir. 2023))).

12           That is not the law. The mandate rule only applies to "issues decided explicitly or by

13   necessary implication" by the appellate court. *Matter of Beverly Hills Bancorp*, 752 F.2d 1334,

14   1337 (9th Cir. 1984). Similarly, "[u]nder the 'law of the case' doctrine, a court [will not]

15   reexamin[e] an issue previously decided by the same or higher court in the same case." *United*

16   *States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) (citation omitted). The Ninth Circuit did not

17   decide whether the Trusts are debt collectors under the FDCPA – which is the primary issue for

18   the Court to decide on the Trusts' Motion to Dismiss. And for good reason. Plaintiff Osure Brown

19   *did not assert an FDCPA claim against the Trusts in his First Amended Complaint*. (*See* ECF No.

20   56 at ¶ 135 (Plaintiff asserts FDCPA claim "against Defendants Transworld and P & F only")).

21   The Ninth Circuit did not decide whether the Trusts are debt collectors under the FDCPA and

22   neither the mandate rule nor the law of case doctrine can apply.[1]

---

23           [1] The Court should also deny Plaintiffs' conclusory request (made only in the Conclusion section of their

24   Opposition) that the Trusts' Motion to Dismiss should be converted to a motion for summary judgment, because
     Plaintiffs' argument is legally and factually unsupported. The Trusts incorporate the argument on this issue from the

25   Reply in Support of the Joint Motion to Dismiss. Furthermore, even if the Court converts the Joint Motion to Dismiss
     to a motion for summary judgment (which it should not), Plaintiffs provide no basis for why the Court should convert

26   *the Trusts* Motion to Dismiss.

---

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –3

168464888.1

1  **II.      The Trusts explained why they are not "debt collectors," and Plaintiffs do nothing to**

2  **cast doubt on this conclusion.**

3        **A.      The FDCPA does not apply to non-debt collectors.**

4        In their Motion to Dismiss, the Trusts argued that the FDCPA only applies to debt

5  collectors. (*See* Mot. to Dismiss at 10-11, 17.)  Plaintiffs did not dispute this in their Response.

6        Nor could they. The law is clear that the FDCPA only applies to statutorily-defined debt

7  collectors. *See, e.g.*, *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 135 (4th Cir. 2016)

8  ("[T]he FDCPA purports to regulate only the conduct of debt collectors . . . ."); 15 U.S.C. § 1692k.

9  Plaintiffs do not dispute the black letter law: only debt collectors can be liable under the FDCPA.

10  Thus, Plaintiffs have conceded this point. *Conservation Force*, 677 F. Supp. 2d at 1211.

11        The Trusts also demonstrated that a "debt collector" under the FDCPA is (1) any person

12  operating a business whose "principal purpose" is the collection of defaulted debts; or (2) any

13  person who "regularly attempts to collect . . . debts owed or due or asserted to be owed or due

14  another." 15 U.S.C. § 1692a(6). Once again, Plaintiffs do not dispute this definition.

15        Nor do Plaintiffs dispute or rebut the caselaw explaining and further refining this definition.

16  As stated in the Motion to Dismiss, to qualify under the "principal purpose" prong, debt collection

17  must be the organization's "most important aim."  *Barbato v. Greystone Alliance, LLC*, 916 F.3d

18  260, 267-269 (3d Cir. 2019) (contrasting "a traditional creditor" with "an independent debt

19  collector"). That definition "has been construed by a number of courts in [the Ninth Circuit] to

20  exclude loan servicers."  *Obeng-Amponsah v. Finance America, LLC*, No. CV 09-96-GHK (JCx),

21  2009 U.S. Dist. LEXIS 134051, at *22-23 (C.D. Cal. Dec. 21, 2009). The categorical exclusion of

22  loan servicers and creditors that has been uniformly recognized by courts demonstrates that a

23  "principal purpose" of debt collection requires that the business's most important aim is not merely

24  collecting timely payments on performing loans (as a creditor or loan servicer obviously does), but

25  instead that the company's most important aim is specifically collecting <u>overdue, defaulted,</u>

26  <u>delinquent debts</u> (as third-party debt collectors do). *See Estate of Smith v. CitiMortgage, Inc.*, No.

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   1:13-CV-02809-RLV-JFK, 2014 U.S. Dist. LEXIS 205294, at *23 n.6 (N.D. Ga. Jan. 28, 2014).

2   Under the "regularly collects" prong of the FDCPA's "debt collector" definition, the
3   critical inquiry is whether the organization regularly seeks to collect defaulted debts on behalf of
4   another entity. *Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, 83 (2017). Even if an entity
5   is collecting loans on behalf of another entity, the FDCPA also makes clear that it still is not a
6   "debt collector" if the debt in question "was not in default at the time it was obtained by such
7   person." 15 U.S.C. § 1692a(6)(F).

8   In short, Plaintiffs concede that a debt collector is only a person (1) whose "most important
9   aim" is collecting overdue, defaulted, delinquent debts or (2) who collects debts on behalf of
10  another, and then only if the debts were in default at the time of acquisition.

11  **B.      Plaintiffs do not plausibly allege that the Trusts meet the "principal purpose"**
12  **prong.**

13  The Trusts demonstrated in their Motion that Plaintiffs have not plausibly alleged that the
14  Trusts' "principal purpose" is debt collection. (*See* Mot. to Dismiss at 10-12.)  Not only do
15  Plaintiffs fail to rebut this argument, but the phrase "principal purpose" never appears in their
16  Response.

17  As the Trusts explained, while Plaintiffs alleged the bare legal conclusion that the Trusts'
18  "principal purpose" is the collection of debts (*see* Consol. Compl. at ¶ 14), they fail to support that
19  conclusion with allegations of fact that could plausibly support it. *Bell Atl. Corp. v. Twombly*, 550
20  U.S. 544, 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

21  Beyond the failure to include plausible factual allegations, Plaintiffs' own allegations
22  defeat any claim that they are debt collectors. In their Complaint, Plaintiffs claim "the Trusts are
23  investment vehicles that were to engage in the practice of buying and selling large numbers of
24  education-related consumer loans *and collecting payments from the borrowers for the benefit of*
25  *investors*." (Consol. Compl. at ¶ 38) (emphasis added). That allegation alone makes clear that the
26  "aim" of the Trusts' business is to acquire non-defaulted loans on which borrowers are expected

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

168464888.1

1  to continue making timely payments. Plaintiffs' allegation that the Trusts are creditors is alone

2  sufficient to warrant dismissal. *See Obeng-Amponsah*, 2009 U.S. Dist. LEXIS 134051, at *22-23.

3      Plaintiffs also acknowledged that the Trusts utilize third-party servicers to service loans,

4  as distinct from debt collectors utilized to collect debts. (*See* Consol. Compl. at ¶¶ 2, 44-45.) And

5  Plaintiffs themselves alleged the Trusts "provide for the administration of the Trusts and the

6  servicing and collection of student loans." (*Id.*, Ex. D ¶ 10.) Those allegations contradict and

7  preclude any inconsistent allegation that the Trusts' "principal purpose" is collection of overdue,

8  defaulted, delinquent debts, *as required by the FDCPA*.

9      Plaintiffs entirely fail to engage with this argument. They cite no caselaw on this point, and

10  they do not point to a single non-conclusory, *factual* allegation in the Consolidated Complaint.

11  Rather, they resort to the same conclusions that the Trusts already rebutted in their Motion to

12  Dismiss. First, Plaintiffs repeat the bare legal conclusion that "the NCSLT Trusts' principal

13  business is the collection of debts (Consol. Compl. at ¶ 123)." (Pls.' Resp. at 2.) As demonstrated

14  in the Motion to Dismiss, and as tacitly admitted by Plaintiffs, such conclusory allegations are

15  insufficient. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts are not

16  required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact,

17  or unreasonable inferences"). Second, Plaintiffs state that "[t]he Trusts are not creditors as they do

18  not offer or extend credit creating any debt[.]" (Pls.' Resp. at 2.) But that is not the test under the

19  law. The question is not whether the Trusts "create[e] any debt." As explained above – and as also

20  tacitly admitted by Plaintiffs – the test for whether the Trusts qualify as debt collectors is whether

21  the Trusts' "most important aim" is the collection of defaulted debts, *Barbato*, 916 F.3d at 267-69,

22  as opposed to operating as a non-debt collector "loan servicer," *Obeng-Amponsah*, 2009 U.S. Dist.

23  LEXIS 134051, at *22-23. Plaintiffs cannot escape the allegations in their own complaint by

24  ignoring the law and attempting to apply a different test of their own invention.

25

26

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**C.**     **Plaintiffs do not plausibly allege that the Trusts meet the "regularly collects" prong.**

In their Motion to Dismiss, the Trusts also demonstrated that the Plaintiffs did not plausibly allege that the Trusts regularly seek to collect debts: (1) on behalf of another entity; (2) that were in default at the time they were acquired. (Mot. to Dismiss at 12-15.)  Once again, Plaintiffs rely only on conclusory allegations to support the first prong of this definition. What's more, they fail entirely to discuss the second prong.

Plaintiffs repeatedly admit throughout their Complaint that the debts being collected were asserted to be owed or due *to the Trusts*, not to any third party. (*See, e.g.*, Consol. Compl. at ¶ 20 (referring to "the private student loans allegedly owned by the Trust"); *id.* at ¶ 33 (alleging other defendants "acted as the debt collectors on behalf of the Trusts"); *id.* at ¶ 50 (alleging P&F sent letters to Plaintiff Osure Brown "regarding an outstanding balance claimed to be owed to the Trusts"); *id.* at ¶ 54 (alleging the Trusts filed suit against Plaintiffs to collect loans asserted to be owned by the Trusts)). In response, Plaintiffs argue "[t]he Trusts are not creditors" because "Plaintiffs allege they are not owners of the loans."  (Pls.' Resp. at 2.)  But that conclusory and circular argument ignores the wealth of caselaw cited by the Trusts. The only relevant questions under the statutory definition are "whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another,'" *Henson*, 582 U.S. at 83. As the Trusts pointed out, and as Plaintiffs themselves pled, the Trusts are seeking to collect the debts for their *own account*, not "for another." *See Ruggia v. Washington Mut.*, 719 F. Supp. 2d 642, 647-48 (E.D. Va. 2010). The Trusts cited cases directly applicable to the instant case that prove that whether "Plaintiffs allege [the Trusts] are not owners of the loans" is legally irrelevant. *See, e.g., Lewis v. JP Morgan Chase Bank, National Assoc.*, No. 13-cv-01375-PAB-KLM, 2014 U.S. Dist. LEXIS 38420, at *30 (D. Colo. Mar. 24, 2014); *Estate of Smith*, 2014 U.S. Dist. LEXIS 205294, at *23 n.6. Plaintiffs did not even attempt to distinguish this caselaw, relying instead on a single conclusory phrase.

Plaintiffs also (apparently) argue that the Trusts meet the "regularly collects prong"

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

168464888.1

1    because they "attempt to collect debts, indirectly, that are allegedly owed to others, the

2    investors[.]" (Pls.' Resp. at 2.) Once again, Plaintiffs ignore the caselaw and argument presented

3    in the Motion to Dismiss. As noted in the Motion to Dismiss, Plaintiffs' sweeping argument would

4    transform *every* corporate entity creditor that has any investors into a debt collector, in

5    contravention of the abundant caselaw stating such entities are *not* debt collectors. *Rispoli v. Bank*

6    *of Am.*, No. C11-362RAJ, at *7 (W.D. Wash. July 1, 2011). Furthermore, as already explained in

7    the Motion to Dismiss, the Trusts are not common law trusts, but instead are Delaware Statutory

8    Trusts, formed under the Delaware Statutory Trust Act, 12 Del. Code §§ 3801 *et seq.* (Consol.

9    Compl. at ¶ 14.) Thus, the Trusts are the legal owners of the property they hold, and any payments

10   due on loans owned by the Trusts are due to the Trusts, not their investors. Plaintiffs did not dispute

11   any of the Trusts' arguments on this point, thus conceding it. *Conservation Force*, 677 F. Supp.

12   2d at 1211.

13        Even more importantly, Plaintiffs *entirely* fail to address the second half of the "regularly

14   conducts" prong. The FDCPA makes clear that an entity is not a "debt collector" if the debt in

15   question "was not in default at the time it was obtained."  15 U.S.C. § 1692a(6)(F). Plaintiffs do

16   not allege in the Consolidated Complaint that the Trusts purchased the student loans when they

17   were in default, and they fail entirely to make any argument to the contrary in their Response.

18        Accordingly, since Plaintiffs have failed to show that either definition of "debt collector"

19   applies to the Trusts, their FDCPA claim must be dismissed.

20        **D.    Plaintiffs' allegations are inconsistent with "vicarious liability."**

21        Even if the FDCPA did apply to the Trusts (which it does not), Plaintiffs included

22   numerous factual allegations in the Consolidated Complaint that contradict their conclusory

23   allegations of derivative liability. Instead of attempting to explain these contradictory allegations,

24   Plaintiffs instead spend five of the eight substantive pages of their Response laying out the basics

25   of agency law. (*See* Pls.' Resp. at 4-8.) That fails to save their claim.

26        The Consolidated Complaint includes numerous allegations that contradict any plausible

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –8

168464888.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   assertion of derivative liability on behalf of the Trusts. For instance, as pointed out in the Motion

2   to Dismiss, Plaintiffs specifically allege that the Trusts _did not_ control either TSI or P&F and _did_

3   _not_ assent to an agency relationship. (Consol. Compl. at ¶ 22.) Plaintiffs refused to mention, much

4   less attempt to explain, these inconsistencies, once again conceding this point. Plaintiffs' own

5   allegations are inconsistent with vicarious liability under any theory.

6   **III.    Plaintiffs cannot pursue "declaratory" and "injunctive" relief against the Trusts.**

7           As explained in the Motion to Dismiss, Plaintiffs' claim for declaratory and injunctive

8   relief based on the alleged vicarious liability/FDCPA violations also fails. Initially, as both this

9   Court and the Ninth Circuit have affirmed _in this case_, claims for declaratory and injunctive relief

10  are not freestanding claims. _See Brown v. Transworld Systems Inc._, No., 2022 WL 617438, at *5

11  (W.D. Wash. Feb. 17, 2022). Thus, the claim fails on that basis alone.

12          Moreover, even if an independent claim for such relief were possible, any such claim

13  would merely be derivative of the failed FDCPA contentions addressed above, meaning that

14  dismissal also is required on that basis. _See Brown_, 73 F.4th at 1038.

15          Plaintiffs also argue that injunctive relief is authorized by the WCPA. But Plaintiffs did not

16  assert any claim for injunctive relief under the WCPA against the Trusts; rather, they sought

17  declaratory and injunctive relief against the Trusts _only_ "uunder [sic] the FDCPA." (_See_ Consol.

18  Compl. at 36-37.

19                                    CONCLUSION

20          WHEREFORE, the Trusts respectfully request that the Court enter an order: (1) granting

21  the Trusts' Motion to Dismiss; (2) dismissing, with prejudice, Plaintiffs' Count I claims for failure

22  to state a claim for relief under Fed. R. Civ. P. 12(b)(6); and (3) granting the Trusts such other

23  and further relief as the Court deems appropriate.

24

25

26

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

168464888.1

1  DATED: July 31, 2024

2

3  By: /s/ Timothy J. St. George

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: /s/ Timothy J. St. George
Timothy J. St. George, *Pro Hac Vice*
Noah J. DiPasquale, *Pro Hac Vice*
1001 Haxall Point
Richmond, VA 23219
Telephone: 804-697-1266
Email: Tim.Stgeorge@troutman.com
Email: Noah.DiPasquale@troutman.com

Justin G. Weber, *Pro Hac Vice*
100 Market Street Suite 200
Harrisburg, PA 17101
Telephone: 717-255-1170
Email: Justin.Weber@troutman.com

PERKINS COIE LLP

Kristine E. Kruger, WSBA No. 44612
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000
KKruger@perkinscoie.com

*Attorneys for Defendants National Collegiate
Student Loan Trust 2004-1, National
Collegiate Student Loan Trust 2004-2,
National Collegiate Student Loan Trust 2005-
1, National Collegiate Student Loan Trust
2005-2, National Collegiate Student Loan
Trust 2005-3, National Collegiate Student
Loan Trust 2006-1, National Collegiate
Student Loan Trust 2006-2, National
Collegiate Student Loan Trust 2007-1,
National Collegiate Student Loan Trust 2007-
2*

TRUST DEFENDANTS' MOTION TO DISMISS
THE CONSOLIDATED COMPLAINT
(No. 2:20-cv-00669-DGE) –10

168464888.1