1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSURE BROWN, and TOMMY BROWN, each on their own behalf and on behalf of other similarly situated persons,

                 Plaintiffs,

      v.

TRANSWORLD SYSTEMS, INC.; PATENAUDE & FELIX, APC; U.S. BANK, NA; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1; and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2,

                 Defendants.

CASE NO. 2:20-cv-00669-DGE

ORDER ON MOTIONS TO DISMISS

1    This matter comes before the Court on Defendants' Joint Motion to Dismiss Consolidated

2    Complaint under Fed. R. Civ. P. ("Rule") 12(b)(6) (Dkt. 165), Defendant Patenaude & Felix

3    APC's ("P&F") Motion to Dismiss pursuant to Rule 12(b)(6) (Dkt. 166), Defendant U.S. Bank

4    National Association's ("U.S. Bank") Motion to Dismiss Count I and Count V of the

5    Consolidated Complaint under Rule 12(b)(6) (Dkt. 167) and National Collegiate Student Loan

6    Trust Defendants' 2004-1, 2004-2, 2005-1, 2005-2, 2005-3, 2006-1, 2006-2, 2007-1 and 2007-2

7    ("Trust Defendants") Separate Motion to Dismiss Count I of the Consolidated Complaint (Dkt.

8    168).  Oral argument was requested but is unnecessary to decide the motions.

9    Plaintiff Osure Brown, took out private loans to attend college, and his father Plaintiff

10    Tommy Brown, cosigned for the loans.  Dkt. 162.  Years later, Plaintiff Osure Brown filed for

11    relief under Chapter 13 of the U.S. Bankruptcy Code.  *Id.*  After the Defendants filed state court

12    lawsuits attempting to collect on the defaulted loans, the Plaintiffs filed two cases against the

13    Defendants, *Brown v. Transworld Systems Inc.,* Western District of Washington case number 20-

14    669 DGE (Osure's case) and *Brown v. Transworld Systems Inc.,* Western District of Washington

15    case number 20-680 DGE (Tommy's case), which were later consolidated under this case

16    number (Osure's case).  Dkt. 152.

17    The Plaintiffs' Consolidated Complaint asserts claims for violations of the Fair Debt

18    Collection Practices Act, 15 U.S.C. 1692, *et. seq.* ("FDCPA"), Washington's Consumer

19    Protection Act, RCW 19.86, *et. seq.* ("CPA"), and for invasion of privacy.  Dkt. 162.  The

20    Plaintiffs contend that the Defendants knew that they could not prove that the Trust Defendants

21    own the student loan debts, so all Defendants violated the FDCPA, CPA, and invaded their

22    privacy by bringing meritless state court debt collection lawsuits.  *Id.*

23

24

ORDER ON MOTIONS TO DISMISS - 2

1    The Defendants now move to dismiss the Plaintiffs' claims (Dkts. 165-168).  For the

2 reasons provided below, the motions should be granted, in part, and denied as moot, in part, and

3 Plaintiffs' FDCPA claims, and a part of their CPA claims, should be dismissed.

4        **I.      FACTS, PROCEDURAL HISTORY, AND PENDING MOTIONS**

5    **A.  SOURCE OF BACKGROUND FACTS**

6        The Plaintiffs argue that the Court should only consider the facts alleged in the

7 Consolidated Complaint in deciding these Rule 12(b)(6) motions or should convert the motions

8 into summary judgment motions.  Dkt. 172.  This issue should be resolved before the

9 background facts are considered.

10       When evaluating the sufficiency of a pleading in a Rule 12(b)(6) motion, a court reviews

11 allegations in the complaint.  *Koala v. Khosla,* 931 F.3d 887, 894 (9th Cir. 2019).  It may also

12 consider any attachments to the complaint or documents incorporated in the complaint by

13 reference.  *Id.*; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)(noting certain written

14 instruments attached to a pleading may be considered part of the pleading).  Further, a court may

15 consider facts subject to judicial notice pursuant to Fed. R. Evid. 201 when considering a motion

16 to dismiss under Rule 12(b)(6).  *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th

17 Cir. 2018).

18       Fed. R. Evid. 201(b) permits a court to notice a fact if it is "not subject to reasonable

19 dispute" because it is "generally known," or "can be accurately and readily determined from

20 sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)–(2).  "[A]

21 court may take judicial notice of matters of public record without converting a motion to dismiss

22 into a motion for summary judgment.  But a court cannot take judicial notice of disputed facts

23 contained in such public records."  *Khoja* at 999 (*quotation marks and citation omitted*).

24

1    Matters properly subject to judicial notice include undisputed facts in the record of Osure

2    Brown's bankruptcy case *In re Brown,* U.S. Bankruptcy Court for the Western Dist. of

3    Washington case number 12-21878 ("*In re Brown*"), and the findings and holding of the Ninth

4    Circuit Court of Appeals decision from the order denying the Defendants' motion to dismiss in

5    this case, *Brown v. Transworld Systems,* 73 F.4th 1030, 1036 (9th Cir. 2023) ("*Brown*").  The

6    Court will consider undisputed facts from pleadings and orders in these cases.  Further, the Court

7    will consider allegations in the Consolidated Complaint (Dkt. 162), attachments to the

8    Consolidated Complaint (*e.g.* Dkt. 162-4), and documents incorporated by reference in the

9    Consolidated Complaint.  Accordingly, to the extent the Plaintiffs move to convert the pending

10   motions to dismiss to summary judgment motions, the motion (Dkt. 172) should be denied.

11   There is no need to consider other documents.

12   **B.  BACKGROUND FACTS**

13   From 2003 to 2007, Osure Brown took out ten student loans to attend college.  *Brown* at

14   1036; also Dkt. 162 at 4.  His father, Tommy Brown, cosigned for the loans.  *Id.*

15   1.  Osure Brown's Bankruptcy

16   On November 11, 2012, Osure Brown filed a petition for relief under Chapter 13 of the

17   U.S. Bankruptcy Code.  *In re Brown,* Dkt. 1.[1]  In his Schedule F "Creditors Holding Unsecured

18   Nonpriority Claims," Osure Brown represented, under the penalty of perjury, that "National

19   Collegiate Trust" was one of his student loan creditors.  *In re Brown*, Dkt. 1 at 19-20.  Osure

20   Brown represented that Tommy Brown was a "codebtor" in Schedule H of his bankruptcy

21   petition for creditor "National Collegiate Trust."  *In re Brown*, Dkt. 1 at 22.

22

23

24   _____

[1] All references in this section, "Osure Brown's Bankruptcy" are to the bankruptcy court docket in *In re Brown.*

ORDER ON MOTIONS TO DISMISS - 4

On February 15, 2013, Osure Brown filed an amended Chapter 13 Plan, which provided that "[a]fter month 36, all available plan payments after [the secured debt] is paid in full, shall be distributed to the non-dischargeable student loan creditors only, ECMC, American Educational Services, National Collegiate Trust, Permant Recovery Inc. and any other unknown student loan lenders." *In re Brown*, Dkt. 12 at 5.  The bankruptcy court confirmed the plan.  *In re Brown*, Dkt. 13.  In April of 2013, the Trust Defendants filed ten proofs of claims in Osure Brown's bankruptcy estate.  *In re Brown*, Dkt. 16 at 2.  Osure Brown did not file objections to these proofs of claims.  *See In re Brown*.  The bankruptcy court issued an order of discharge for all dischargeable debts on December 29, 2017.  *In re Brown*, Dkt. 24.  The discharge order explained that while "most" debts were discharged, "debts for most student loans" were not discharged.  *Id.*  No objection was raised to the bankruptcy court's discharge order.  *See In re Brown*.  The bankruptcy trustee submitted his Final Report and Account, and the bankruptcy case was closed on March 8, 2018.  *In re Brown*, Dkt. 26.  The parties dispute whether the student loans at issue here were discharged, but a finding on this issue is unnecessary to decide these motions.

## 2.   Defendants' Debt Collection Efforts and State Court Proceedings

According to the Consolidated Complaint filed in this case, in October of 2018, the Defendants began efforts to collect the student loans, which they contended were in default.  Dkt. 162 at 15.  Defendant U.S. Bank was the loans' servicer.  *Id.* at 7.  The Trust Defendants hired Defendant Transworld Systems, Inc. ("Transworld") to collect the allegedly defaulted loans and hired P&F, a law firm specializing in debt collection, to represent the Trust Defendants in the state court debt collection cases.  Dkt. 162; *Brown* at 1036.

1    On February 16, 2019, the Trust Defendants served the Browns with copies of ten unfiled

2    complaints for debt collection.  *Brown* at 1036.  The Consolidated Complaint alleges that on

3    April 5, 2019, the Trust Defendants filed the ten complaints against the Browns in King County,

4    Washington Superior Court, representing each of the ten student loans.  Dkt. 162 at 16.  Along

5    with the state court complaints, the Trust Defendants filed affidavits by a Transworld employee,

6    Jennifer Audet.  *Id.*  In the affidavits, Ms. Audet claimed that, based on personal knowledge of

7    the pertinent records, she'd verified that the subject loan had been "transferred, sold and

8    assigned" to one of the Trust Defendants and that there was a principal balance outstanding on

9    the loan.  *Id.*  Ms. Audet's affidavit had several attachments purporting to show that the loans

10   belonged to one of the Trust Defendants.  *Id.*  The ten state debt collection cases were

11   consolidated in one case.  *Id.*  When Osure and Tommy Brown questioned whether the debts

12   were properly assigned to the Trust Defendants in a summary judgment motion, the Trusts

13   replaced Ms. Audet's affidavits with an affidavit from Bradley Luke, another Transworld

14   employee.  *Id.* at 17.  Like the Audet affidavits, the Luke affidavit also claimed to show that the

15   Trusts owned the loans.  *Id.* at 17-18.  The state court ruled that the Luke affidavit was

16   inadmissible hearsay "because Mr. Luke does not have the ability to testify about the documents

17   being business records since he is not employed by the entity that has custody and possession of

18   the records and he does not have knowledge of the retention policies of the alleged predecessor's

19   in interest . . ."  Dkt. 162-4 at 4-5 (Attachment C to the Consolidated Complaint).  The state court

20   granted the Browns' motion for summary judgment (without the Luke Affidavit, the Trust

21   Defendants did not prove ownership of the loans) and dismissed the Trust Defendants' debt

22   collection case on December 24, 2019.  Dkt. 162-4.  The Trusts did not appeal the judgment.

23

24

ORDER ON MOTIONS TO DISMISS - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**C.  PROCEDURAL HISTORY**

On April 6, 2020, Osure Brown filed this case in state court, and it was removed to this Court.  Dkt. 1.  As stated above, Tommy Brown also filed a state court case, which was removed to this court (20-680 DGE).  Although filed as class actions, no class has been certified.

In his original complaint in this case, Osure Brown contended the Defendants were liable under the FDCPA under two alternative theories:  (1) for violating the bankruptcy discharge order and (2) by filing 10 meritless state court debt collection lawsuits.  Dkt. 5-2.

On February 17, 2022, this court dismissed the FDCPA claims based on violation of the bankruptcy discharge order as being precluded by *Walls v. Wells Fargo Bank,* 276 F.3d 502 (9th Cir. 2002).  Dkt. 120.  To the extent the FDCPA claims were based on filing the state court debt collection lawsuits, this court held that the claims were barred by the FDCPA's one year statute of limitations because the case was filed over one year after the Browns were served with the unfiled complaints.  *Id.*

On appeal, the Ninth Circuit affirmed the decision dismissing the claims based on violation of the bankruptcy discharge order.  *Brown* at 1037.  The Ninth Circuit reversed the decision regarding the statute of limitations on FDCPA claims based on the theory of the Defendants' knowing pursuit of the ten meritless debt collection lawsuits.  *Id.*  It held that there were two allegations which might support timely FDCPA claims: (1) the date that the complaints were filed (not just when they were served), and (2) when the Luke affidavit was filed in response to the motion for summary judgment.  *Id.* at 1039-1046.  The Ninth Circuit indicated that its opinion was limited to the issues raised and concluded:

> Finally, Brown argues that because the state court found that the Trusts lacked admissible evidence to demonstrate ownership of the debt, we must give "full faith and credit" to that decision by directing judgment for Brown on his FDCPA claim. This argument fails. The state court found that Defendants failed to present

ORDER ON MOTIONS TO DISMISS - 7

sufficient evidence to show that they owned the debts, but did not address the
issue in this case: whether Defendants knowingly brought a meritless lawsuit in
violation of the FDCPA. The Supreme Court has explicitly said that it does not
see how the fact that a debt-collection lawsuit turns out ultimately to be
unsuccessful could, by itself, make the bringing of it an action that cannot legally
be taken.  While the state court's decision could possibly be evidence in support of
Brown's FDCPA claim, this lawsuit does not in any way "relitigate" the issues in
the state court action.

*Id.* at 1046.

After the Ninth Circuit issued its mandate and remanded this case, the parties agreed to

consolidate this case with Tommy Brown's case (20-680 DGE).  Dkt. 151.  They also agreed to

file the Consolidated Complaint and a briefing schedule for motions to dismiss, if any.  *Id.*  The

Plaintiffs filed their Consolidated Complaint (Dkt. 162) which asserts the following claims:

Count I: violation of the FDCPA, Count II: Conspiracy to violate the CPA, Count III: violation

of the CPA, Count IV: per se violation of the CPA due to violation of FDCPA, Count V:

declaratory and injunctive relief for violations of the FDCPA and CPA, and Count VI: invasion

of privacy.  Dkt. 162.  They seek damages, declaratory and injunctive relief, attorneys' fees, and

costs.  *Id.*

**D.  PENDING MOTIONS**

In their joint motion to dismiss, all Defendants argue that Osure Brown's claims are

barred by claim preclusion, issue preclusion, and judicial estoppel because years after taking out

the student loans, Osure filed for relief under Chapter 13 of the Bankruptcy Code and expressly

represented in the bankruptcy that the Trust Defendants own his loans. Dkt. 165.  Defendant

U.S. Bank and the Trust Defendants move separately to dismiss the FDCPA claims asserted

against them, arguing that they are not debt collectors as defined under the FDCPA.  Dkts. 167

and 168.  Defendant P&F moves to dismiss the Plaintiffs' Count IV, per se violation of the CPA

based on a violation of FDCPA, arguing that the theory fails as a matter of law.  Dkt. 166.

1    The Plaintiffs oppose the motions.  The Defendants filed replies to the Plaintiffs'

2    oppositions.  The motions are ripe for decision.

3                    **II.      DISCUSSION**

4    **A.  AVAILABILITY OF MOTIONS TO DISMISS**

5        Relying on Rule 12(g)(2), the Plaintiffs argue that the Defendants' motions to dismiss are

6    improper and should be stricken because they raise new grounds for dismissal that should have

7    been raised in the prior motions to dismiss, before the Ninth Circuit Court of Appeals, and in the

8    state court collection actions.  Dkt. 178-1.  Plaintiffs contend that the Defendants waived their

9    claim preclusion, issue preclusion and judicial estoppel arguments.  *Id.*

10       The Plaintiffs' motion to strike (Dkt. 178-1) should be denied and the Defendants'

11   motions to dismiss should be considered.  The Defendants raised the issue of judicial estoppel in

12   their prior motion to dismiss before this Court.  Dkt. 62 at 18-19 ("Defendants' Joint Motion to

13   Dismiss Amended Complaint").  When this Court considered the Defendants' first motion to

14   dismiss, it did not reach the Defendants' judicial estoppel argument because it granted the

15   motion on other grounds.  Dkt. 120.  The Ninth Circuit Court of Appeals reversed the district

16   court decision on other grounds.  *See Brown,* 73 F.4th 1030.  While the Plaintiffs argue that the

17   law of the case doctrine bars consideration of claim preclusion, issue preclusion and judicial

18   estoppel, they fail to demonstrate how such consideration applies here.

19       Further, the instant motions to dismiss were filed after the parties stipulated to Plaintiffs

20   filing a Consolidated Complaint and stipulated to a briefing schedule for motions to dismiss.

21   The instant motions were in response to the allegations in the Consolidated Complaint.  The

22   parties considered that motions to dismiss may be filed when they agreed to the new schedule.

23

24

1    Moreover, Rule 12(g) provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party

2    that makes a motion under this rule must not make another motion under this rule raising a

3    defense or objection that was available to the party but omitted from its earlier motion."  In the

4    Ninth Circuit, "[t]he consequence of omitting a defense from an earlier motion under Rule 12

5    depends on type of defense omitted. A defendant who omits a defense under Rules 12(b)(2)–

6    (5)—lack of personal jurisdiction, improper venue, insufficient process, and insufficient service

7    of process—entirely waives that defense."  *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317

8    (9th Cir. 2017)(*citing* Rule 12(h)(1)(A)).  On the other hand, a defendant who omits a defense

9    under Rule 12(b)(6) in an earlier motion does not waive that defense.  *Id.* at 317-18.  "Rule

10   12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-

11   answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule

12   12(b)(6), but the defense may be asserted in other ways," including in a motion to dismiss under

13   Rule 12(c) (after the pleadings are closed).  *Id.* (*citing* Rule 12(h)(2)). The standards for

14   reviewing a motion to dismiss under Rule 12(b)(6) and under Rule 12(c) are the same.  *See*

15   *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

16   Further, Rule 1 provides that the federal rules "should be construed, administered, and employed

17   by the court and the parties to secure the just, speedy, and inexpensive determination of every

18   action and proceeding."  Forcing the Defendants to wait to file their motions to dismiss until

19   after they have filed answers slows the case down and is an unnecessary expense.  In accord with

20   Rule 1 and in the interests of judicial economy, the Defendants' Rule 12(b)(6) motions to dismiss

21   for failure to state a claim should be considered now.  *In re Apple iPhone* at 318.

22        The Plaintiffs contend that the Defendants failure to raise the preclusive effect of the

23   bankruptcy court's judgment and to assert judicial estoppel against them in the state court debt

24

1    collection actions bars the Defendants from raising those issues now.  Dkt. 178-1.  The Plaintiffs

2    fail to point to any authority for this proposition.  There is no showing that the Defendants were

3    forced to raise these issues in the state court debt collection cases (as the plaintiffs there) to prove

4    ownership of the loans.  In any event, if a court in the Ninth Circuit gives the parties an

5    opportunity to address the issue, it may raise preclusion considerations *sua sponte*.  *Hawkins v.*

6    *Risley*, 984 F.2d 321, 324 (9th Cir. 1993). Defendants' motions to dismiss should be considered.

7    **B. MOTION TO DISMISS STANDARD**

8         Rule 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal

9    theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

10   *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

11   admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

12   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

13   need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

14   to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

15   a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

16   (2007)(*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief

17   above the speculative level, on the assumption that all the allegations in the complaint are true

18   (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim

19   to relief that is plausible on its face."  *Id*. at 547.

20        Although for purposes of a Rule 12(b)(6) motion to dismiss the court ordinarily credits

21   the allegations in the complaint as true, it need not "accept as true allegations that contradict

22   matters properly subject to judicial notice, . . . by exhibit," or incorporated by reference into the

23   complaint.  *Gonzalez v. Planned Parenthood of Los Angeles,* 759 F.3d 1112 (9th Cir. 2014);

24

ORDER ON MOTIONS TO DISMISS - 11

1  *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998)(the court is "not

2  required to accept as true conclusory allegations which are contradicted by documents referred to

3  in the complaint").

4  **C.  CLAIM PRECLUSION, ISSUE PRECLUSION, AND JUDICIAL ESTOPPEL**

5      The Plaintiffs maintain that the Defendants violated the FDCPA, the CPA and invaded

6  their privacy when Defendants pursued the ten state court debt collection cases while knowing

7  that they could not prove that the Trust Defendants owned the loans. The Defendants argue that

8  Plaintiffs' claims are barred by claim preclusion, issue preclusion, and judicial estoppel because

9  of Osure Brown's representations and actions/inaction in his federal bankruptcy case.  Each will

10  be considered.

11      Federal law of claim and issue preclusion apply because it is the preclusive effect of a

12  federal court judgment (the bankruptcy court) that is at issue.  *GP Vincent II v. Estate of Beard,*

13  68 F.4th 508, 514 (9th Cir. 2023).

14          1.  <u>Claim Preclusion</u>

15      Res judicata or claim preclusion "bars litigation in a subsequent action of any claims that

16  were raised or could have been raised in the prior action." *GP Vincent* at 514.  It applies if the

17  earlier litigation: "(1) reached a final judgment on the merits, (2) involved the same claim or

18  cause of action as the later lawsuit, and (3) involved the same parties or their privies."  *Id.*  The

19  doctrine applies to matters decided in bankruptcy.  *Siegel v. Fed. Home Loan Mortgage Corp*.,

20  143 F.3d 525, 528 (9th Cir. 1998).

21      The first requirement, that the bankruptcy court reached a final judgment on the merits, is

22  met.  *GP Vincent* at 514.  The bankruptcy court's approval of the Trust Defendants' proofs of

23  claims was a final judgment on the merits.  "The allowance or disallowance of a claim in

24

1  bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a

2  final judgment, furnishes a basis for a plea of res judicata." *Siegel* at 529.

3      The second claim preclusion requirement is met – the earlier litigation involved the same

4  claim. *GP Vincent* at 514.  As it is here, the Trust Defendants' ownership of the loans and the

5  propriety of the proofs of claims were squarely at issue in the bankruptcy case.  Osure Brown

6  affirmatively represented to the bankruptcy court, under penalty of perjury, that he owed the

7  Trust Defendants, and others, over $200,000 in student loans.  Osure Brown represented that

8  Tommy Brown was a "codebtor" for creditor "National Collegiate Trust."  The bankruptcy court

9  approved Osure Brown's plan.  After the Trust Defendants filed their proofs of claims, Osure

10 and Tommy Brown failed to object.  The bankruptcy court allowed the Trust Defendants' claims.

11 Although Osure and Tommy Brown now collaterally attack the Trust Defendants' bankruptcy

12 proofs of claims as fraudulent, such an argument is "within the exclusive jurisdiction of the

13 bankruptcy court," *Brown* at 1039, and is barred here.  In any event, no objections were raised to

14 the petition's discharge.  Osure Browns' affirmative representations and failure to object bar

15 Plaintiffs' challenge to the Defendant Trusts' ownership of the loans in this case.

16      The third requirement for claim preclusion is met – the same parties or privies are

17 involved in both proceedings.  Osure Brown and the Trust Defendants were parties in the

18 bankruptcy.  As a named codebtor in the bankruptcy, Tommy Brown is in privity with Osure

19 Brown.  Tommy Brown's interest and Osure Brown's interest in the bankruptcy as it relates to

20 the student loans were "so closely aligned as to be virtually representative." *In re Schimmels*,

21 127 F.3d 875, 881 (9th Cir. 1997)(*internal quotation marks and citations omitted*).

22      Claim preclusion "bars all grounds for recovery that could have been asserted, whether

23 they were or not, in a prior suit between the same parties on the same cause of action." *Siegal* at

24

528-29 (*cleaned up*).  It operates to bar the Plaintiffs' claims, which are based on the Trust

Defendants not owning his loans or not being able to prove that they own his loans, here.

2.  Issue Preclusion

"Issue preclusion applies when (1) the issue at stake was identical in both proceedings;

(2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and

fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits."  *Love*

*v. Villacana,* 73 F.4th 751, 754 (9th Cir. 2023).  "A final judgment is afforded preclusive effect

even if erroneous."  *Id.*

The Plaintiffs' claims that are premised on the Trust Defendants' not owning the student

loans or their inability to prove that the Trust Defendants own the loans are also barred by issue

preclusion.  The first requirement – identical issues - is met.  *Love* at 754.  The issue of whether

the Trust Defendants owned the loans and could collect on them was at issue in the bankruptcy

and is at issue in this case.

The second issue preclusion requirement is met – the issue was actually litigated.  *Love* at

754.  Osure Brown represented that he owed the Trust Defendants for the student loans, the Trust

Defendants filed proofs of claims, and the Browns did not object to the Trust Defendants' proofs

of claims.

The third requirement is met – there was a full and fair opportunity to litigate who owned

the loans.  *Love* at 754.  In addition to not objecting to the proofs of claims or the petition's

discharge, Osure Brown affirmatively represented that he owed the Trust Defendants on the

debts.  All parties had an opportunity to litigate the issues.

The fourth issue preclusion requirement is met – the issue was necessary to decide the

merits.  *Love* at 754.  To decide whether to approve the Trust Defendants' proofs of claims, the

1   bankruptcy court had to decide that the Trust Defendants owned the loans and could collect

2   them.  Issue preclusion also bars the Plaintiffs' claims based on the Trust Defendants not

3   owning, or being able to prove they owned, the loans.

4               3.   Judicial Estoppel

5          Judicial estoppel "precludes a party from gaining an advantage by asserting one position,

6   and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State*

7   *Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  In addition to applying within the

8   same case, the application of judicial estoppel is appropriate to bar litigants from making

9   incompatible statements in two different cases.  *Id.* at 783.

10         Factors courts may consider in applying judicial estoppel include whether: (1) the party's

11  later position is "clearly inconsistent," with their earlier position, (2) the party was successful in

12  persuading a court in the earlier case such that "judicial acceptance of an inconsistent position in

13  a later proceeding would create the perception that either the first or the second court was

14  misled," and (3) the party seeking to assert an inconsistent position would have an unfair

15  advantage or impose an unfair detriment on the opposing party.  *Id.* at 782-783 (*internal*

16  *quotation marks and citations omitted*)(*cleaned up*). For the doctrine of judicial estoppel to

17  apply, the prior court must have relied on the allegedly incompatible statement.  *Id.* at 783.

18         The Browns' position in this case, that the Defendants violated the FDCPA, CPA and

19  invaded their privacy because Defendants knew they couldn't prove that the Trust Defendants

20  owned the loans, is clearly inconsistent with Osure Brown's position that he owed the Trust

21  Defendants for the student loans and his failure to object to the Trust Defendants' proofs of

22  claims.  Osure Brown represented that he owed the debt, did not object to the Trust Defendants'

23  proofs of claims, and received a discharge order.  The bankruptcy court relied on his assertions.

24

1    This Court's acceptance of Plaintiffs' current position - that the Trust Defendants cannot prove

2    that they own the loans – considering his prior position, that the Trust Defendants own his loans

3    and could collect them - "creates the perception" that either this Court or the bankruptcy court

4    has been misled.

5           Moreover, the Defendants properly point out that Osure Brown received an advantage by

6    not disputing that he owed the loans to the Trust Defendants in the bankruptcy.  If he had

7    disputed the debts, the Trust Defendants could have filed an adversary proceeding to adjudicate

8    ownership of the student loan debts and contested dischargability.  They could have sought

9    payments under the bankruptcy plan or moved to have the bankruptcy converted to a Chapter 7

10   plan, forcing the liquidation of Osure Brown's assets.  Osure Brown should be judicially

11   estopped from asserting that the Trusts do not own his student loans and that the Trusts can't

12   prove that they own the loans.

13                      4.   <u>Conclusion</u>

14          Although it was very difficult to find Plaintiffs' argument responsive to the motion within

15   Plaintiff's Oppositon (sic) to Defendant's Joint Motion to Dismiss (Dkt. 178-1), this Court

16   believes that Plaintiffs' position has been fairly determined and understood.  (Plaintiffs'

17   Oppositon (sic) was replete with discussions of the merits of their position in the pending case,

18   which was of only slight relevance to the pending motion.)

19          Plaintiff Osure Brown took out student loans.  His father, Plaintiff Tommy Brown, co-

20   signed for them.  Later, Osure Brown filed for bankruptcy protection.  In that process, publicly

21   and under oath, he listed his student loans in his bankruptcy as Student Loan Obligations totaling

22   $256,189.39.  *In re Brown*, Dkt. 1 at 38 and Schedule F.  He did not object to the Trust

23   Defendants' proofs of claims.

24

1    Plaintiffs now seek to have those loans disappear so they can attack purported student

2  loan creditors for the way they have prosecuted attempts to collect on those loans.  The Court

3  finds nothing that changes the status of those student loans.  There may be difficulties in proving

4  up the collectivity of the loans; but they are still Plaintiff Osure Brown's loans, because he listed

5  them under oath as his obligations, and that relationship has not changed since 2012.  He cannot

6  now bring a case that assumes those debts have disappeared and gives Plaintiffs the right to sue

7  creditors for attempts to collect on the unpaid debts.

8    To the extent their claims are based on the Trust Defendants not owning or being able to

9  prove ownership of the student loans, those claims are barred by the doctrines of claim

10 preclusion, issue preclusion, and judicial estoppel.  To the extent the Plaintiffs move for

11 summary judgment in their favor, the motion (Dkt. 178-1) should be denied.  They have not

12 shown that they are entitled to a judgment as a matter of law.  Rule 56.

13 **D.  FDCPA CLAIM**

14   Aside from their theory that the Defendants violated the FDCPA by pursuing state court

15 debt collection actions when Defendants knew that either the Trust Defendants did not own the

16 debts or that the Defendants could not prove that the Trust Defendants owned the debts, the

17 Plaintiffs' Consolidated Complaint fails to plead any other facts which could be construed as a

18 violation of the FDCPA.  Accordingly, their FDCPA claims: Count I (violation of FDCPA) and a

19 portion of Count V (declaratory and injunctive relief for violation of the FDCPA) should be

20 dismissed for failure to state a claim under Rule 12(b)(6).

21   Defendant U.S. Bank's Motion to Dismiss Count I and Count V of the Consolidated

22 Complaint under Rule 12(b)(6) (Dkt. 167) and the Trust Defendants' Separate Motion to Dismiss

23

24

1   Count I of the Consolidated Complaint (Dkt. 168), both of which assert additional grounds to

2   dismiss the FDCPA claims made against them, should be denied as moot.

3       **E.  CPA CLAIMS**

4          The Plaintiff's Count VI, *per se* violation of the CPA based on FDCPA violations, should

5   be dismissed for failure to state a claim.  The Plaintiffs failed to state a FDCPA claim and so

6   failed to state a *per se* CPA violation claim.  Count IV, should be dismissed under Rule 12(b)(6).

7   Defendant P&F's motion to dismiss the Plaintiffs' Count IV on other grounds (Dkt. 166) should

8   be denied as moot.

9          Violations of the CPA require a plaintiff to establish "five distinct elements: (1) unfair or

10  deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4)

11  injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training*

12  *Stables, Inc. v. Safeco Title Ins. Co*., 105 Wash.2d 778, 780 (1986).

13         To the extent the Plaintiffs base their remaining CPA claims, Count II: conspiracy to

14  violate the CPA, Count III: violation of the CPA, and a portion of Count V: declaratory and

15  injunctive relief on the CPA claim, on the Defendants pursuing state court debt collection actions

16  when Defendants knew that either the Trust Defendants did not own the debts or that the

17  Defendants could not prove that the Trust Defendants owned the debts, the claims should be

18  dismissed pursuant to Rule 12(b)(6).  The parties do not address whether there are other bases for

19  the Plaintiffs' CPA claims.

20      **F.  INVASION OF PRIVACY CLAIM**

21         The parties do not address the Plaintiffs' Count VI: invasion of privacy.  Like the FDCPA

22  and the CPA claims, to the extent the invasion of privacy claims are based on the Defendants

23  pursuing state court debt collection actions when Defendants knew that either the Trusts did not

24

1  own the debts or that the Defendants could not prove that the Trusts owned the debts, the

2  invasion of privacy claim should be dismissed under Rule 12(b)(6).

### III.    ORDER

It is **ORDERED** that:

- Defendants' Joint Motion to Dismiss Consolidated Complaint under Rule 12(b)(6)

  (Dkt. 165): **IS GRANTED**;

  - Plaintiffs' FDCPA claims **ARE DISMISSED**;

  - To the extent that Plaintiffs' CPA and invasion of privacy claims are based on

    Defendants pursuing state court debt collection actions when Defendants

    knew that either the Trust Defendants did not own the debts or that the

    Defendants could not prove that the Trust Defendants owned the debts, the

    CPA and invasion of privacy claims **ARE DISMISSED;** other grounds to

    prevent dismissal have not been argued, and do not show bases to avoid

    dismissal; and

- Defendants remaining motions (Dkts. 166, 167 and 168) **ARE DENIED AS MOOT**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

to any party appearing pro se at said party's last known address.

Dated this 16th day of September, 2024.

ROBERT J. BRYAN
United States District Judge