Hon. David G. Estudillo
Hon. Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

OSURE BROWN and TOMMY BROWN, each on his own behalf and on behalf of other similarly situated persons,

Plaintiffs,

vs.

TRANSWORLD SYSTEMS, INC.; U.S. BANK NATIONAL ASSOCIATION; PATENAUDE & FELIX APC; NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2004-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-1, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2006-2, NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-1, and NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2,

Defendants.

No. 2:20-cv-00669-DGE

DEFENDANTS' JOINT MOTION FOR DISMISSAL WITH PREJUDICE, TO STRIKE PREEXISTING DEADLINES, AND FOR ENTRY OF JUDGMENT

NOTED FOR HEARING:
OCTOBER 25, 2024

DEFENDANTS' JOINT MOTION FOR DISMISSAL WITH PREJUDICE, TO STRIKE PREEXISTING DEADLINES, AND FOR ENTRY OF JUDGMENT - 1
2:20-cv-00669-DGE
7804377.doc

LEE
SMART

701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

## I. INTRODUCTION

Plaintiffs Tommy and Osure Brown (the "Plaintiffs") have no claims or viable claims left after entry of this Court's Order on the parties' dispositive motions. (Dkt 185). Accordingly, Defendants Patenaude and Felix, APC; U.S. Bank, NA; National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2 (the "Trusts"), and Transworld Systems Inc. (collectively, the "Defendants"), hereby move this Court for entry of an order of dismissal with prejudice, to strike any other preexisting case deadlines pending entry of the order of dismissal with prejudice, and for entry of judgment.

## II. FACTS

### A. The background facts and procedural facts are set forth in this Court's recent order on dispositive motions.

On September 16, 2024, this Court entered an order on the parties' dispositive motions. The Order provides the relevant background facts of the case. (*Id*. at 4-6). The Order also provides the relevant procedural facts of the case. (*Id*. at 7-8). Defendants incorporate the facts set forth the Order as though set forth herein.

### B. The rulings of this Court.

The Order includes the following rulings of this Court.

> Plaintiff Osure Brown took out student loans. His father, Plaintiff Tommy Brown, cosigned for them. Later, Osure Brown filed for bankruptcy protection. In that process, publicly and under oath, he listed his student loans in his bankruptcy as Student Loan Obligations totaling $256,189.39. *In re Brown*, Dkt. 1 at 38 and Schedule F. He did not object to the Trust Defendants' proofs of claims.
>
> Plaintiffs now seek to have those loans disappear so they can attack purported

701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com


> student loan creditors for the way they have prosecuted attempts to collect on those loans. The Court finds nothing that changes the status of those student loans. There may be difficulties in proving up the collectivity of the loans; but they are still Plaintiff Osure Brown's loans, because he listed them under oath as his obligations, and that relationship has not changed since 2012. He cannot now bring a case that assumes those debts have disappeared and gives Plaintiffs the right to sue creditors for attempts to collect on the unpaid debts.
>
> To the extent their claims are based on the Trust Defendants not owning or being able to prove ownership of the student loans, those claims are barred by the doctrines of claim preclusion, issue preclusion, and judicial estoppel.

(*Id.* at 16-17).

This Court proceeded to dismiss Plaintiffs' claims under the Fair Debt Collection Practices Act (FDCPA) based on claim preclusion, issue preclusion, and judicial estoppel. (*Id.* at 17-18).

With regard to the Washington Consumer Protection Act (CPA) claims, this Court held:

> The Plaintiff's Count VI, per se violation of the CPA based on FDCPA violations, should be dismissed for failure to state a claim. The Plaintiffs failed to state a FDCPA claim and so failed to state a per se CPA violation claim. …
>
> To the extent the Plaintiffs base their remaining CPA claims, Count II: conspiracy to violate the CPA, Count III: violation of the CPA, and a portion of Count V: declaratory and injunctive relief on the CPA claim, on the Defendants pursuing state court debt collection actions when Defendants knew that either the Trust Defendants did not own the debts or that the Defendants could not prove that the Trust Defendants owned the debts, the claims should be dismissed pursuant to Rule 12(b)(6).

(*Id.* at 18).

## III. POINTS AND AUTHORITIES

On a Rule 12(b)(6) motion, the Court can dismiss a plaintiff's claims with prejudice where amendment of the pleadings would be futile. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility alone can justify the denial of a motion to amend." *Id*. (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir.2003)). Here, while the Court's Order on the Rule 12(b)(6) did not explicitly dismiss the claims "with prejudice," Plaintiffs have no remaining claims. The claims in the Consolidated Complaint are all based on the factual allegations that






701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

the Defendants pursued state court debt collection actions when Defendants "knew" that either the Trust Defendants did not own the debts or that they could not prove that the Trust Defendants owned the debts. (*See generally* Consol. Compl. (Dkt. No. 162).) The Court has now squarely rejected that theory and ruled that Plaintiffs cannot state a claim based on a purported lack of ownership. (*See* Dkt. No. 185 at 16-17). Moreover, counsel for U.S. Bank contacted Plaintiffs' counsel after the ruling and Plaintiffs' counsel did identify any viable claims remaining that were not based on Plaintiffs' claim that the Defendants "knew" the Trusts did not own the loans at issue or "knew" they could not prove that they owned those loans. Plaintiffs, therefore, cannot state any claim for relief.

Furthermore, each Plaintiff has had multiple opportunities to amend their pleadings, and they have each amended their pleadings several times, culminating in the Consolidated Complaint. In addition, amendment of the pleadings would be futile because Plaintiffs' claims – all which hinge on the allegation that the Trusts did not "own the debts" – are barred by claim preclusion, issue preclusion, and judicial estoppel, and no further repleading will change that outcome. As such, dismissal with prejudice is appropriate.

**IV. CONCLUSION**

Defendants request that this Court enter an order of dismissal with prejudice, enter final judgment, and close the case, because Plaintiffs have no claims remaining after entry of this Court's Order on the parties' dispositive motions. Defendants further request that the Court strike any other preexisting case deadlines pending the entry of an order dismissing the claims with prejudice and entering final judgment.

///

//

/

701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

Respectfully submitted this 27th day of September, 2024.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
Of Attorneys for Defendant
Patenaude & Felix, APC
1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: /s/ Timothy J. St. George
Timothy J. St. George, *Pro Hac Vice*
Noah J. DiPasquale, *Pro Hac Vice*
1001 Haxall Point
Richmond, VA 23219
Telephone: 804-697-1266
Email: Tim.Stgeorge@troutman.com
Email: Noah.DiPasquale@troutman.com

Justin G. Weber, *Pro Hac Vice*
100 Market Street Suite 200
Harrisburg, PA 17101
Telephone: 717-255-1170
Email: Justin.Weber@troutman.com

JONES DAY

By: s/ Albert J. Rota
Albert J. Rota, *Pro Hac Vice*
2727 North Harwood St.
Dallas, TX 75201
Telephone: 214.969.3698
ajrota@jonesday.com

*Attorneys for U.S. Bank, NA*

DEFENDANTS' JOINT MOTION FOR DISMISSAL WITH PREJUDICE, TO STRIKE PREEXISTING DEADLINES, AND FOR ENTRY OF JUDGMENT - 5
2:20-cv-00669-DGE
7804377.doc

LEE
SMART

701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com

PERKINS COIE LLP

Kristine E. Kruger, WSBA No. 44612
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000
KKruger@perkinscoie.com

*Attorneys for Defendants National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-1, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-1, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-1, National Collegiate Student Loan Trust 2007-2*

/s/ Justin H. Homes
Bryan C. Shartle, Esq. (*pro hac vice*)
Justin H. Homes, Esq. (*pro hac vice*)
Bradley J. St. Angelo, Esq. (*pro hac vice*)
Lakeway Three
3838 North Causeway Boulevard, Suite 2800
Metairie, LA 70002
(504) 828-3700 Phone
(504) 828-3737 Fax

*Attorneys for Transworld Systems Inc.*

DEFENDANTS' JOINT MOTION FOR DISMISSAL WITH PREJUDICE, TO STRIKE PREEXISTING DEADLINES, AND FOR ENTRY OF JUDGMENT - 6
2:20-cv-00669-DGE
7804377.doc

LEE SMART
701 Pike Street, Suite 1800
Seattle, Washington 98101
206.624.7990 · www.leesmart.com